DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
EMILY CRONIN (322683)
ecronin@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Phone:  (310) 789-3100; Fax: (310) 789-3150

ARUN SUBRAMANIAN (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page*)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>                              Defendants. | Case No. 8:21-CV-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Date: June 14, 2021<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Jury Trial Demanded |

1
2
## <u>TABLE OF CONTENTS</u>

3                                                                                    <u>Page</u>

4   I.     INTRODUCTION ............................................................. 1

5   II.    ARGUMENT ................................................................. 5

6          A.    The Standards Under Rule 23(g) ................................. 5

7          B.    Susman Godfrey is Eminently Qualified to Be Lead Class
                 Counsel ..................................................................... 6

8
           C.    The Appointment of Interim Lead Counsel Is Warranted
9                in this Case. ........................................................... 16

10  III.   CONCLUSION ............................................................. 18

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

1
2

# TABLE OF AUTHORITIES

3

**Page(s)**

4

**Cases**

5
6

*37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.),*
No. 15-cv-9924, Dkt. 26 (S.D.N.Y. May 2, 2016)...............................................2

7
8

*Bernstein et al. v. Cengage Learning, Inc.,*
No. 19-cv-07541-ALC-SLC (S.D.N.Y. Nov. 26, 2019) ....................................17

9
10

*Boehler v. Zillow, Inc. et al.,*
No. 8:14-cv-01844 (C.D. Cal.)............................................................................10

11
12

*Bowyer et al. v. Ducey,*
No. CV-20-02321-PHX-DJH (D. Ariz.) .............................................................11

13

*City of Philadelphia v. Bank of America Corp.,*
No. 1:19-cv-02667 (S.D.N.Y.) ............................................................................12

14
15

*Curtis Markson, et al. v. CRST International, Inc., et al.,*
No. 5:17-cv-01261 (C.D. Cal.)..............................................................................9

16
17

*Deangelis v. Corzine,*
286 F.R.D. 220 (S.D.N.Y. 2012).........................................................................17

18
19

*Depp v. Heard,*
No. CL-2019-2911 (Va. Cir. Ct.) ........................................................................11

20
21

*Doe v. Reddit, Inc.,*
No. 8:21-cv-00768 (C.D. Cal. Apr. 22, 2021) ....................................................15

22
23

*East Bay Municipal Utility District v. Balfour Beatty Infrastructure, Inc.,*
No. RG12653799 (Alameda Super. Ct.) ..............................................................13

24
25

*Fan v. PHL Variable Life Insurance Co.,*
No. 18-Civ.-1288 (PAC) (S.D.N.Y. May 29, 2019) ...........................................17

26
27

*Ferrick, et al. v Spotify USA,*
No. 1:16-cv-08412 (S.D.N.Y.) ..............................................................................8

28

ii

*Fleisher v. Phoenix Life Ins. Co.*,
    No. 11-cv-8405 (S.D.N.Y.) ............................................................................ 4

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
    No. 2:13-cv-05693-PSG-GJS (C.D. Cal.) .................................................... 2

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
    240 F.R.D. 56 (E.D.N.Y. 2006) .................................................................... 6

*In re Animation Workers Antitrust Litigation*,
    No. 14-cv-4062-LHK (N.D. Cal.) .................................................................. 2

*In re Auto. Parts Antitrust Litig.*,
    No. 12-md-2311 (E.D. Mich.) ........................................................................ 4

*In re Automotive Parts Antitrust Litigation*,
    No. 12-md-02311 (E.D. Mich.) ...................................................................... 3

*In re: Blackbaud, Inc., Customer Data Breach Litigation*,
    No. 3:20-mm-02972-JMC (Dist. S.C. Feb. 26, 2021) ............................... 8, 14

*In re Crude Oil Commodity Futures Litig.*,
    No. 11-cv-3600 (WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14,
    2012) ......................................................................................................... 3, 6

*In re Interest Rate Swaps Antitrust Litigation*,
    No. 1:16-md-02704 (S.D.N.Y.) ................................................................... 12

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    2011 WL 5980198 (S.D.N.Y. Nov. 29, 2011) ........................................... 3, 11

*In re National Football League Sunday Ticket Antitrust Litigation*,
    No. 2:15-ml-2668 (C.D. Cal.) ..................................................................... 12

*In re: NYC Bus Tour Antitrust Litigation*,
    No. 13-cv-0711 (S.D.N.Y.) ......................................................................... 12

*In re NYC Bus Tour Antitrust Litigation*,
    No. 13-cv-711-ALC, Dkt. 36 (S.D.N.Y. April 5, 2013) ............................... 3

*In re: Qualcomm Antitrust Litigation*
    MDL, No. 17-md-02733 (N.D. Cal.) ....................................................... 4, 8, 9

*In re Qualcomm Antitrust Litigation*,
No. 17-md-02773-LHK (N.D. Cal.)................................................... 2, 4

*In re: SeaWorld Mktg. & Sales Practices Litig.*,
118 F. Supp. 3d 1373 (U.S. Jud. Pan. Mult. Lit. 2015)...................... 17

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
Practices, & Prods. Liab. Litigation*,
No. 8:10-ml-02151 (C.D. Cal) ....................................................... 3, 4

*Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*,
No. 7:21-cv-002200-LSC (N.D. Ala.)........................................ 16, 17

*Jibe Audio LLC et al. v. Jimmy Iovine et al.*,
No. BC533089 (L.A. Super. Ct.)...................................................... 10

*Jones v. Singing River Health Services Foundation*,
No. 14-cv-447, 2015 WL 12672726 (S.D. Miss. June 5, 2015) ........ 18

*U.S. ex rel. Kester et al. v. Novartis Pharmaceuticals Corp.*,
No. 1:11-cv-08196 (S.D.N.Y.) ........................................................ 12

*Leonard, et al. v. John Hancock Life Ins. Co. of N.Y., et al.*,
No. 1:18-cv-04994-AKH, Dkt. 52 (S.D.N.Y. Jan. 22, 2019) .............. 2

*Melissa Ferrick, et al. v. Spotify USA Inc., et al.*,
No. 16-cv-08412-AJN, Dkt. 177 (S.D.N.Y. June 28, 2017)................. 2

*National Football League v. Ninth Inning, Inc.*,
No. 19-1098 (Nov. 2, 2020) ............................................................ 12

*Parkinson v. Hyundai Motor Am.*,
No. CV 06-345-AHS, 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006).................. 6

*Plavin v. Group Health Inc.*,
No. 3:17-cv-01462..................................................................... 12

*Preservation Technologies, LLC v. MindGeek USA, Inc., et al*,
No. 2:17-cv-08906-DOC-JPR (C.D. Cal) .......................................... 13

*Rich v. Fox News Network, LLC*,
No. 18-2321 (2d Cir. 2018) ............................................................ 12

iv

*Schulein, et al. v. Petroleum Development Corp., et al.*,
  No. 8:11-cv-01891 (C.D. Cal.) .......................................................................... 9, 10

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  301 F.R.D. 284 (N.D. Ill. 2014) ........................................................................ 17

*Taylor v. Shippers Transport Express*,
  No. 2:13-cv-2092 (C.D. Cal.) ............................................................................. 9

*Timber Hill v. Pershing Square Capital Management L.P., et al.*,
  No. 2:17-cv-04776 (C.D. Cal.) ........................................................................... 9

*Trump v. Evers*,
  No. 2020AP1971-OA (Wis.) ............................................................................... 11

*Trump v. Wisconsin Elections Commission et al.*,
  No. 20-cv-1785-BHL (E.D. Wis.) ....................................................................... 11

*US Dominion, Inc. v. Fox News Network LLC*,
  No. N21C-03-257 (Del. Super. Ct.) .............................................................. 11, 13

*US Dominion, Inc. v. Giuliani*,
  No. 1:21-cv-00213-CJN (D.D.C.) ................................................................. 11, 14

*US Dominion, Inc. v. My Pillow, Inc.*,
  No. 1:21-cv-00445-CJN (D.D.C.) ................................................................. 11, 14

*US Dominion, Inc. v. Powell*,
  No. 1:21-cv-00040-CJN (D.D.C.) ................................................................. 11, 13

*White v. Experian Info. Sols.*,
  No. CV 05-01070-DOC, 2014 WL 1716154 (C.D. Cal. May 1,
  2014) ................................................................................................................... 6

**Statutes**

18 U.S.C. §§ 1591 ................................................................................................. 17

18 U.S.C. §§ 1595 ................................................................................................. 17

18 U.S.C. § 2252A ................................................................................................ 17

**Rules**

Federal Rule of Civil Procedure § 23(g) ............................................................*passim*

v

1

Federal Rule of Civil Procedure § 26(f) ................................................................. 16

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiff Jane Doe ("Plaintiff") moves for an Order appointing Susman Godfrey LLP ("Susman Godfrey") as Interim Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). Susman Godfrey satisfies all the applicable requirements and its appointment as sole interim lead is appropriate at this stage of the litigation. Appointing interim lead class counsel will ensure that this class action litigation proceeds in an efficient manner and will permit Plaintiff's counsel to work more effectively with counsel for defendants MindGeek USA Inc., MindGeek S.A.R.L., MG Freesites, LTD (d/b/a Pornhub), MG Freesites II, Ltd, MG Content RT Limited, and 9219-1568 Quebec, Inc (d/b/a MindGeek) (collectively, "Defendants") on case management issues and discovery and to structure and streamline communication with the Court on behalf of Plaintiff and the class she seeks to represent.

Defendants are the largest purveyors of Internet pornography in the world, owning and operating dozens of the most trafficked pornographic websites, including Pornhub, YouPorn, and RedTube. Plaintiff alleges that Defendants violated federal sex trafficking and child pornography laws by knowingly posting, enabling the posting of and profiting from thousands of pornographic videos featuring persons under the age of 18. *See* Compl. (Dkt. 1). Plaintiff files her lawsuit on behalf of herself and a class of similarly situated individuals who have appeared in a video or image made available for viewing on any website owned or operated by Defendants in the past 10 years.[1]

As demonstrated below, Plaintiff's counsel at Susman Godfrey has the requisite expertise to lead this action. Susman Godfrey has an unparalleled track

---

[1] Plaintiff brings this action on behalf of a Class defined as follows: "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years." Compl. ¶ 112. Plaintiff also brings this action on behalf of the following California Subclass: "all persons residing in California who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years." *Id*. ¶ 113.

record in complex litigation. The firm has for decades prosecuted complex class action cases, securing billions of dollars for its clients, self-financing tens of millions of dollars in out-of-pocket expenses in these resource-intensive cases, pursuing cases efficiently without relying on unwieldy arrangements among several firms, and using its deep bench of attorney talent to win landmark verdicts and negotiate settlements to maximize relief for its clients. For example, Susman Godfrey has served as interim class counsel and/or class counsel in the following cases:

- *Leonard, et al. v. John Hancock Life Ins. Co. of N.Y., et al.*, No. 1:18-cv-04994-AKH, Dkt. 52 (S.D.N.Y. Jan. 22, 2019) (appointing Susman Godfrey as interim class counsel for nationwide class alleging insurer breached its obligation to policy holders);

- *In re Qualcomm Antitrust Litigation*, No. 17-md-02773-LHK (N.D. Cal.) (representing a certified class of more than 200 million consumers impacted by Qualcomm's anticompetitive conduct in the chip market);

- *Melissa Ferrick, et al. v. Spotify USA Inc., et al.*, No. 16-cv-08412-AJN, Dkt. 177 (S.D.N.Y. June 28, 2017) (appointing Susman Godfrey co-lead counsel; approving a settlement valued at over $100 million);

- *37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, No. 15-cv-9924, Dkt. 26 (S.D.N.Y. May 2, 2016) (appointing Susman Godfrey as sole interim class counsel in insurance breach-of-contract action; Susman Godfrey ultimately secured $91.25 million all-cash settlement to tens of thousands of class members (Dkt. 161));

- *In re Animation Workers Antitrust Litigation*, No. 14-cv-4062-LHK (N.D. Cal.) (as co-lead counsel for a class of animation workers, Susman Godfrey helped secure settlements worth over $168 million);

- *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. 2:13-cv-05693-PSG-GJS (C.D. Cal.) (as co-lead counsel for plaintiff Flo & Eddie; reached a proposed settlement the day before trial in a deal valued at up to $73 million for the

2

class);

- *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311 (E.D. Mich.) (counsel for class estimated to consist of over one million class members in antitrust litigation against various auto parts suppliers in the largest price fixing cartel ever brought to light; Susman Godfrey helped secure cash-settlements worth over $1.2 billion);

- *In re LIBOR-Based Fin. Instruments Antitrust Litigation*, 2011 WL 5980198, at *3 (S.D.N.Y. Nov. 29, 2011) (appointing Susman Godfrey as co-lead counsel for the OTC class plaintiff group consisting of thousands of class members; Susman Godfrey has helped secure $590 million in settlements and the only certification of a class permitted by the District Court);

- *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litigation*, No. 8:10-ml-02151 (C.D. Cal) (appointing Susman Godfrey co-lead *sua sponte* and affirming the appointment after over 50 firms applied; Susman Godfrey secured settlements valued at approximately $1.6 billion); and

- *In re NYC Bus Tour Antitrust Litigation*, No. 13-cv-711-ALC, Dkt. 36 (S.D.N.Y. April 5, 2013) (appointing Susman Godfrey as sole interim class counsel in an antitrust action against New York City's largest hop-on, hop-off sightseeing bus operator; Susman Godfrey secured a $19 million settlement for sightseeing customers).

The list above is far from exhaustive. As one federal judge has recognized, "Susman Godfrey has served as lead counsel in hundreds of class actions."[2]

The firm's track record of class action successes began in 1980 with its first antitrust MDL, *Corrugated Container*, where Steve Susman obtained an award of more than $550 million for victims of a nationwide price-fixing conspiracy, the

---

[2] *In re Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012).

3

largest jury verdict of its time. Marc Seltzer, who would go on to open Susman Godfrey's Los Angeles office, worked with Steve Susman on *Corrugated Container* before joining the firm.

In recent years, Susman Godfrey's landmark class victories have continued, including: more than $1 billion in settlements in an ongoing price-fixing case against auto-parts manufacturers,[3] settlements valued at approximately $1.6 billion in an unfair competition case against Toyota and other automakers,[4] and a settlement valued by the district court at over $130 million in a case against Phoenix Life Insurance, where the Chief Judge of the Southern District of New York praised the result as "an excellent, excellent result for the class" and "the best settlement pound for pound for the class that I've ever seen."[5] In the landmark *Toyota* MDL, where Judge Selna appointed Susman Godfrey co-lead *sua sponte* and affirmed the appointment after over 50 firms applied, the Court commented: "Class counsel has consistently demonstrated extraordinary skill and effort." *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, & Prods. Liab. Litig.*, No. 8:10-ml-02151 (C.D. Cal.) (Dkt. No. 3933 at 12). Judge Koh in the Northern District of California likewise praised Susman Godfrey's now-co-managing partner Kalpana Srinivasan when appointing Ms. Srinivasan as interim co-lead plaintiffs' counsel in *In re: Qualcomm Antitrust Litigation*, affirming her considerable experience litigating complex class actions and stating that Ms. Srinivasan was "excellent at trial." *In re: Qualcomm Antitrust Litigation*, No. 17-MD-02773-LHK (N.D. Cal.) (Dkt. 31).

Susman Godfrey receives nationwide recognition for its work. As just a few recent examples, *Vault* has ranked Susman Godfrey the #1 Litigation Boutique[6] in

---

[3] *See In re Auto. Parts Antitrust Litig.*, No. 12-md-2311 (E.D. Mich.).
[4] *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 8:10-ml-02151 (C.D. Cal).
[5] *Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405 (S.D.N.Y.), at https://bit.ly/2TqDi51.
[6] Susman Godfrey LLP, Vault, https://www.vault.com/company-profiles/law/susman-godfrey-llp (last accessed May 10, 2021).

4

the country for ten years in a row[7]—every year since the survey's inception. In 2020, Susman Godfrey was named the "Class Action Firm of the Year" by *The National Law Journal's* Elite Trial Lawyers,[8] following its 2019 win for "Specialty/Boutique Litigation Firm of the Year" by *The American Lawyer*.[9]

In addition, Susman Godfrey has also already undertaken substantial investigation into the technical and legal questions at issue in this case and the facts underlying Plaintiff's claims. Susman Godfrey's attorneys have superior leadership abilities, plaintiff-side class action experience, and the substantive knowledge and resources necessary to prosecute this case effectively and efficiently on behalf of Plaintiff and the class. This case will involve complex discovery, detailed expert analysis, and significant coordination with Defendants on behalf of Plaintiff and the estimated thousands of class members. Appointing Susman Godfrey as interim lead class counsel serves the best interests of the class and the Court.

## II.   ARGUMENT

Plaintiff respectfully moves this Court for appointment of Susman Godfrey as Interim Lead Class Counsel.

### A.   The Standards Under Rule 23(g)

Under Rule 23(g)(3), a court has discretion whether to appoint class counsel to act on behalf of the putative class before class certification. "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" Manual For Complex Litigation (Fourth) § 21.11 (2004). "[T]he appointment of interim class counsel may be helpful in clarifying the responsibility for protecting the interests of the class during precertification activities,

---

[7] *Susman Godfrey Named #1 Litigation Boutique for Ten Years Running*, Susman Godfrey (Sep. 2020), https://www.susmangodfrey.com/news-awards/sg-news/susman-godfrey-named-1-litigation-boutique-for-ten-years-running/.

[8] *Susman Godfrey Named Class Action Firm of the Year by National Law Journal's Elite Trial Lawyers*, Susman Godfrey (Jan. 2020), https://www.susmangodfrey.com/news-awards/sg-news/susman-godfrey-named-class-action-firm-of-the-year-by-national-law-journals-elite-trial-lawyers/.

[9] *The American Lawyer Names Susman Godfrey Specialty/Boutique Litigation Department of the Year*, Susman Godfrey (Dec. 2019), https://www.susmangodfrey.com/news-awards/sg-news/susman-godfrey-named-american-lawyer-specialty-boutique-litigation-department-of-the-year-for-2019/.

such as making and responding to motions, conducting necessary discovery, moving for class certification, and negotiating settlements." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 12:293 (L. Ed. 2016).

A court considering the appointment of interim class counsel examines the following criteria: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *White v. Experian Info. Sols.*, No. CV 05-01070-DOC, 2014 WL 1716154, at *14 (C.D. Cal. May 1, 2014). The focus in appointing interim class counsel should be the best interests of the parties and the Court.[10] *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57-58 (E.D.N.Y. 2006).

**B.    Susman Godfrey is Eminently Qualified to Be Lead Class Counsel.**

Consideration of each of the four factors favors appointing Susman Godfrey as Interim Lead Class Counsel here.

### i.    *Susman Godfrey Has Unrivaled Experience and Knowledge.*

Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of complex commercial disputes and class actions in courts throughout the country.[11] Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits effectively and efficiently. The firm has represented clients in some

---

[10] While neither Rule 23(g) nor the Advisory Committee Notes explicitly set forth the standards to be applied in choosing *interim* class counsel, courts have held that the same factors that apply in choosing class counsel upon class certification apply in choosing interim class counsel. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *Parkinson v. Hyundai Motor Am.*, No. CV 06-345-AHS (MLGx), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably the same factors apply, however.").

[11] *In re Crude Oil Commodity Futures Litig.*, No. 11-cv-3600 (WHP), 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012).

6

of the largest and most complex cases ever litigated and has demonstrated that it has the ability and resources to handle those cases successfully through trial. Susman Godfrey's experience is also not confined to a single practice area. Rather, the firm has successfully represented its clients in a wide range of complex commercial disputes, from the smallest individual relief actions, to the largest class actions and commercial disputes around. Susman Godfrey's experience is more fully detailed in its firm resume attached as Exhibit 1 to the Declaration of Krysta Kauble Pachman ("Pachman Declaration"), filed concurrently herewith.

Indeed, Susman Godfrey is widely recognized as one of the nation's leading trial firms. Susman Godfrey has been named "America's leading trial law firm,"[12] "Class Action Group of the Year,"[13] and "No. 1 Litigation Boutique of the Year"[14] in publications like *Lawdragon*, *Law360*, *The National Law Journal*, and *Vault*, respectively. As *Lawdragon* put it:

> Pick your metric – money, U.S. Supreme Court clerks, bet-the-company cases, percentage of partners in trial annually – the firm runs circles around everyone else.[15]

The firm, which is made up of more than 140 partners and associates, has the resources to successfully litigate these proceedings on behalf of Plaintiff and the class. Susman Godfrey's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice. Over 94% of Susman Godfrey's attorneys served in federal judicial clerkships and nearly 25% of the firm's

---

[12] *Don't Mess with Texas: How Lawyers at Susman Godfrey Formed America's Leading Trial Law Firm*, LAWDRAGON (Dec. 3, 2017), https://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm.

[13] *Class Action Group of the Year: Susman Godfrey*, LAW360 (Jan. 16, 2018), https://www.law360.com/articles/1001591/class-action-group-of-the-year-susman-godfrey; *Class Action Group of the Year: Susman Godfrey*, LAW360 (Jan. 26, 2017), https://www.law360.com/articles/883627/class-action-group-of-the-year-susman-godfrey.

[14] *2021 Best Litigation Boutique Law Firms*, VAULT, https://www.vault.com/best-companies-to-work-for/law/best-law-firms-in-each-practice-area/litigation-boutiques.

[15] *Don't Mess with Texas: How Lawyers at Susman Godfrey Formed America's Leading Trial Law Firm*, LAWDRAGON (Dec. 3, 2017), https://www.lawdragon.com/2017/12/03/dont-mess-texas-susman-godfrey-became-americas-leading-trial-firm.

partnership was named in *Lawdragon*'s Top 500 Leading Lawyers in America in 2020. *See* Pachman Decl. Ex. 1. Susman Godfrey also strives to empower the next generation of leaders. For example, last year the firm named Los Angeles partner Kalpana Srinivasan—who was praised for her trial skills and complex class action experience by Judge Koh when appointed as co-lead counsel *In re: Qualcomm Antitrust Litigation*—as the first female co-managing partner.[16]

As detailed below, the Susman Godfrey team in this case plainly has the requisite knowledge and experience handling class actions and complex litigation needed to lead this case. *See* Fed. R. Civ. P. § 23(g)(1)(A)(ii)-(iii) ("In appointing class counsel, the court must consider counsel's experience in handling class actions, other complex litigation, the types of claims asserted in the action, and counsel's knowledge of the applicable law."). The Susman Godfrey lawyers working on this matter include partners Krysta Kauble Pachman, Davida Brook, Arun Subramanian and associate Emily Cronin.

In the last decade, Ms. Pachman has achieved great success for plaintiffs in numerous class action cases. Most recently, Ms. Pachman was personally appointed by the Honorable J. Michelle Childs to serve as co-lead counsel in the multi-district litigation *In re: Blackbaud, Inc., Customer Data Breach Litigation*, No. 3:20-mm-02972-JMC (Dist. S.C. Feb. 26, 2021) (Dkt. 35), a team that has been hailed as one of the "most diverse leadership teams to lead a multidistrict litigation docket."[17]

Ms. Pachman has spent her career successfully representing classes in complex cases. In *Ferrick, et al. v Spotify USA*, No. 1:16-cv-08412 (S.D.N.Y.), Ms. Pachman secured a historic settlement for a class of music copyright owners who alleged Spotify had streamed their music without a license. The settlement was valued at

---

[16] Stephanie Russell-Kraft, *Susman Godfrey Names New Managing Partner After Founder's Death*, Bloomberg Law (Aug. 10, 2020), https://news.bloomberglaw.com/us-law-week/susman-godfrey-names-new-managing-partner-after-founders-death.

[17] Amanda Bronstad, *MDL Judge Taps 'Most Diverse Leadership Team Ever' In Data Breach Class Action*, Law.com (Mar. 3, 2021), https://www.law.com/nationallawjournal/2021/03/03/south-carolina-mdl-judge-taps-most-diverse-leadership-team-ever-in-data-breach-class-action/?slreturn=20210329123834.

8

more than $100 million, including a $43.45 million cash settlement fund and an agreement to pay future royalties. In *Timber Hill v. Pershing Square Capital Management L.P., et al.*, No. 2:17-cv-04776 (C.D. Cal.), Ms. Pachman obtained what is believed to be the largest ever stand-alone options settlement and the largest ever Section 20A options settlement on behalf of a class of options traders who alleged defendants violated federal securities laws through their illicit insider trading and front-running scheme. And in the *In re: Qualcomm Antitrust Litigation* MDL, No. 17-md-02733 (N.D. Cal.), Ms. Pachman played a significant role in obtaining class certification on behalf of the largest class action ever certified in the United States. This highly technical case straddles the intersection of antitrust and technology involving Qualcomm's monopoly in the cellular modem chip market to extract supra-competitive licensing fees on its intellectual property. Ms. Pachman coordinated both offensive and defensive discovery, deposed C-level executives, managed expert reports, and deposed and defended the depositions of antitrust, pass through and licensing experts. The court granted class certification in a 66-page order finding, "substantial," "strong," and "compelling" evidence to support the certification.

Ms. Pachman also has extensive experience litigating in the Central District of California. She clerked for the Chief Judge, the Honorable Philip S. Gutierrez, and has litigated more than a dozen cases in this District, many of which are class actions, including *Timber Hill v. Pershing Square Capital Management, L.P.*, *et al.*, No. 2:17-cv-04776 (C.D. Cal.) (obtained $40 million settlement), *Schulein, et al. v. Petroleum Development Corp., et al.*, No. 8:11-cv-01891 (C.D. Cal.) (obtained $37.5 million settlement), *Taylor v. Shippers Transport Express*, No. 2:13-cv-2092 (C.D. Cal.) (obtained favorable settlement on behalf of defendant in class action), and *Curtis Markson, et al. v. CRST International, Inc., et al.*, No. 5:17-cv-01261 (C.D. Cal.) (currently litigating antitrust class action).

Indeed, Ms. Pachman's work earned her recognition by *Best Lawyers in America* as "One to Watch" in 2021, *The Recorder* as a California Trailblazer in

9

2020, and as one of *Benchmark Litigation*'s "40 and Under Hot List" in 2020. In 2018, Ms. Pachman was named as a Next Generation Woman Leader in Tech Law by *The Recorder*. She has been named as a Southern California Rising Star by the *Super Lawyers®* every year since 2017. Her resume is attached as Exhibit 2 to the Pachman Declaration.

Davida Brook is also a widely-recognized attorney with considerable experience in high-stakes and cutting-edge commercial litigation at every level. Prior to joining Susman Godfrey, Ms. Brook served as a judicial clerk for the Honorable Raymond Fisher on the United States Court of Appeals for the Ninth Circuit. Since joining the firm, Ms. Brook has represented both plaintiffs and defendants in cases and class actions covering a wide array of subject areas, including securities, contract, patent, defamation, and intellectual property law. In 2015, Ms. Brook and her colleagues represented a class of more than 7,000 limited partners who invested in 12 oil and gas limited partnerships. The case, *Schuelin, et al. v. Petroleum Development Corp., et al.*, SACV 11-1891 AG (ANx) (C.D. Cal.), was certified by this Court and then settled on the eve of trial for $37.4 million, with the class receiving approximately $24 million. Working on the other side of the v, Ms. Brook and her colleagues represented Zillow in *Boehler v. Zillow, Inc. et al.*, No. 8:14-cv-01844 (C.D. Cal.), a class action brought before this Court alleging the company did not properly compensate its sales force. In 2018, Ms. Brook put on the plaintiff in a three-week jury trial in Los Angeles Superior Court against Jimmy Iovine, Andre Young (d/b/a Dr. Dre), and Beats Electronics, LLC, involving a royalty dispute over Beats headphones.[18] Ms. Brook was instrumental in obtaining a $25 million verdict for her client, as well as $9 million in attorney's fees, plus an ongoing royalty on the popular Beats Studio 3 headphones.

More recently, Ms. Brook has spent considerable time litigating cases arising out of the MeToo movement, including, for example, representing Amber Heard in

---

[18] *Jibe Audio LLC et al. v. Jimmy Iovine et al.*, No. BC533089 (L.A. Super. Ct.).

a defamation battle launched by her ex-husband Johnny Depp in response to Ms. Heard publishing an Op-Ed in the Washington Post in which she does not so much as mention him by name.[19]

Building on this defamation experience, and following pro bono work during the 2020 Presidential Election in which she represented both Arizona Secretary of State Katie Hobbs[20] and Wisconsin Governor Tony Evers,[21] Ms. Brook currently serves as co-lead counsel for Dominion Voting Systems in its lawsuits against Fox News,[22] Sidney Powell,[23] Rudolph Giuliani,[24] and Mike Lindell/MyPillow[25]—concerning the falsehoods they published regarding Dominion's role in the 2020 Presidential Election.

Ms. Brook's demonstrated skill and success have earned her the distinction of being named as one of the "Top Women Lawyers in California" by the *Daily Journal* in both 2021 and 2017 and a "Top 40 Under 40 Lawyers in California" in 2018. In 2020, Ms. Brook was also recognized as Leading Plaintiff Financial Lawyer in *Lawdragon*. Her resume is attached as Exhibit 3 to the Pachman Declaration.

The third Susman Godfrey partner on this case, Arun Subramanian, is also widely recognized for his successful and innovative representation of both plaintiffs and defendants in a variety of high-stakes commercial cases. Subramanian is a member of Susman Godfrey's executive committee and before joining the firm, served as a judicial law clerk for Justice Ruth Bader Ginsburg at the Supreme Court of the United States. He is a seasoned trial and appellate lawyer and has litigated class actions for over a decade, securing hundreds of millions of dollars in recoveries for his clients. As co-lead counsel in a widely covered antitrust matter, *In re: Libor-based*

---

[19] *Depp v. Heard*, No. CL-2019-2911 (Va. Cir. Ct.).
[20] *Bowyer et al. v. Ducey*, No. CV-20-02321-PHX-DJH (D. Ariz.).
[21] *Trump v. Wisconsin Elections Commission et al.*, No. 20-cv-1785-BHL (E.D. Wis.); *Trump v. Evers*, No. 2020AP1971-OA (Wis.).
[22] *US Dominion, Inc. v. Fox News Network LLC*, No. N21C-03-257 (Del. Super. Ct.).
[23] *US Dominion, Inc. v. Powell*, No. 1:21-cv-00040-CJN (D.D.C.).
[24] *US Dominion, Inc. v. Giuliani*, No. 1:21-cv-00213-CJN (D.D.C.).
[25] *US Dominion, Inc. v. My Pillow, Inc.*, No. 1:21-cv-00445-CJN (D.D.C.).

*Financial Instruments Antitrust Litigation*, Mr. Subramanian and his team at Susman Godfrey helped win class certification and over half a billion dollars in settlements for the plaintiffs.  Subramanian is also on the teams representing plaintiffs in several other class actions, including *In re Interest Rate Swaps Antitrust Litigation*,[26] *City of Philadelphia v. Bank of America Corp.*,[27] *Plavin v. Group Health Inc.*,[28] and *In re National Football League Sunday Ticket Antitrust Litigation* ("*NFL*").[29] Subramanian was counsel of record for the plaintiffs in *NFL* before the Supreme Court of the United States, where he obtained the denial of the NFL's petition for certiorari from the Ninth Circuit's denial of defendants' motion to dismiss that antitrust class action.[30]

Subramanian's experience also extends to the field of media. Most recently, Subramanian represented Joel and Mary Rich in an intentional-infliction-of-emotional-distress action against Fox News and other defendants based on media reporting concerning the murder of Mr. and Mrs. Rich's son, Seth Rich. The case settled after Subramanian secured a reversal of the dismissal of the case before the United States Court of Appeals for the Second Circuit.[31] Mr. Subramanian also secured a $19 million cash settlement in the antitrust class action *In re: NYC Bus Tour Antitrust Litigation*.[32] And in a landmark False Claims Act case against the Swiss drug manufacturer Novartis Pharmaceuticals Corporation,[33] Mr. Subramanian and his team at Susman Godfrey, working collaboratively with state and federal enforcement agencies, secured settlements of over $450 million.

Mr. Subramanian was recently appointed by the Chief Justice of the United States to serve on the Advisory Committee for the Federal Rules of Evidence, and he

---

[26] No. 1:16-md-02704 (S.D.N.Y.).
[27] No. 1:19-cv-02667 (S.D.N.Y.).
[28] No. 3:17-cv-01462 (M.D. Penn.).
[29] No. 2:15-ml-2668 (C.D. Cal.).
[30] *National Football League v. Ninth Inning, Inc.*, No. 19-1098 (Nov. 2, 2020).
[31] *Rich v. Fox News Network, LLC*, No. 18-2321 (2d Cir. 2018).
[32] *In re: NYC Bus Tour Antitrust Litigation*, No. 13-cv-0711 (S.D.N.Y.).
[33] *U.S. ex rel. Kester et al. v. Novartis Pharmaceuticals Corp.*, No. 1:11-cv-08196 (S.D.N.Y.).

12

has been repeatedly recognized for his work in the field of civil litigation. Most recently, Mr. Subramanian was named a 2021 *Lawdragon* Top 500 Leading Lawyer and he advanced from a "Rising Star" to a "Super Lawyer" in *Super Lawyer*'s end of 2020 rankings. Mr. Subramanian was also named a "Rising Star" by the *New York Law Journal* in 2018 and was named to *Benchmark Litigation*'s 2017 and 2018 "40 and Under Hot Lists." His resume is attached as Exhibit 4 to the Pachman Declaration.

Emily Cronin also represents both plaintiffs and defendants in cutting-edge litigation in a variety of practice areas. In her first year at Susman Godfrey, Ms. Cronin was an integral member of the trial team pursuing a portfolio of patents developed at the USC Shoah Foundation to catalog videos of Holocaust survivors in a lawsuit brought in this Court against the same Defendants in this case. *See Preservation Technologies, LLC v. MindGeek USA, Inc., et al*, No. 2:17-cv-08906-DOC-JPR (C.D. Cal). Ms. Cronin argued many of the hearings in *Preservation Technologies*, arguing and winning discovery motions against MindGeek's counsel who were partners at Venable LLP. Also in her first year, Ms. Cronin helped win summary judgment on liability on behalf of plaintiffs in a California False Claims Act case against the international construction contractor Balfour Beatty.[34]  In preparation for the upcoming trial on damages, Ms. Cronin took and defended the depositions of both sides' damages experts. In fact, within her first year and a half of practice, Ms. Cronin has taken or defended over 22 depositions—in most cases, by herself—in both federal and state court. Ms. Cronin successfully argued a summary judgment motion and has argued at least half a dozen discovery motions. Ms. Cronin is also a member of the Susman Godfrey team that represents Dominion Voting Systems in its defamation lawsuits against Fox News,[35] Sidney Powell,[36] Rudolph

---

[34] *East Bay Municipal Utility District v. Balfour Beatty Infrastructure, Inc.*, No. RG12653799 (Alameda Super. Ct.).

[35] *US Dominion, Inc. v. Fox News Network LLC*, No. N21C-03-257 (Del. Super. Ct.).

[36] *US Dominion, Inc. v. Powell*, No. 1:21-cv-00040-CJN (D.D.C.).

13

Giuliani,[37] and Mike Lindell/MyPillow.[38] Before joining Susman Godfrey, Ms. Cronin clerked for the Honorable R. Gary Klausner in the Central District of California. Prior to law school, Ms. Cronin worked as a children's advocate in a domestic violence and sexual assault advocacy center in Colorado Springs. Ms. Cronin's firm resume is attached as Exhibit 5 to the Pachman Declaration.

In all respects, Plaintiff's counsel at Susman Godfrey has the experience and skills necessary to serve as interim lead counsel in this case. In particular, it is especially important in this case that lead counsel be appointed that is mindful of and equipped to handle the deeply sensitive subject matter of the class's claims and to advocate effectively and appropriately on behalf of Plaintiff and the putative class. The class is comprised of victims of child sex trafficking—individuals who had intimate photos or videos of themselves taken while they were under the age of 18 that were made available for viewing on pornography websites owned or operated by Defendants. The team of attorneys at Susman Godfrey has the experience and tools to most effectively represent Plaintiff and her class as interim lead counsel. Finally, the assembled team is diverse and reflects core values of promoting groups that have historically been under-represented in class action leadership positions.[39]

Further details about the experiences and background of Susman Godfrey and the attorneys working on this matter are set forth in the Pachman Declaration and its attached exhibits, filed concurrently herewith.

### ii.   *Susman Godfrey Has Already Done Considerable Work Identifying and Investigating the Claims in this Action.*

Susman Godfrey has already invested substantial time and effort researching

---

[37] *US Dominion, Inc. v. Giuliani*, No. 1:21-cv-00213-CJN (D.D.C.).

[38] *US Dominion, Inc. v. My Pillow, Inc.*, No. 1:21-cv-00445-CJN (D.D.C.).

[39] *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Amanda Bronstad, *MDL Judge Taps 'Most Diverse Leadership Team Ever' In Data Breach Class Action*, Law.com (Mar. 3, 2021), https://www.law.com/nationallawjournal/2021/03/03/south-carolina-mdl-judge-taps-most-diverse-leadership-team-ever-in-data-breach-class-action/?slreturn=20210329123834. (describing the *Blackbaud* MDL leadership team, which includes Susman Godfrey's Krysta Kauble Pachman, as "the most diverse leadership team ever" in a class action).

14

Plaintiff's and the putative class' claims against Defendants and determining the scope of Defendants' misconduct. Before the complaint was filed in this case, counsel spent months interviewing potential class members and experts in this field to confirm the theory of the case, develop the allegations, and understand the relevant background about Defendants. These investigations have continued since this action was filed. Most recently, the same team of Susman Godfrey attorneys representing Plaintiff in this case filed a class action complaint against defendant Reddit, Inc. in this Court alleging violations of the same federal sex trafficking laws at issue in this case. *See Doe v. Reddit, Inc.*, No. 8:21-cv-00768 (C.D. Cal. Apr. 22, 2021) (Dkt. 1).

Because of the firm's wealth of experience in the class action arena and in a wide variety of subject areas, Susman Godfrey is knowledgeable in the areas of law at issue in this case and is well-equipped to adequately represent the interests of the class. By suing Defendants, Plaintiff faces a lengthy, logistically complex, and resource-intensive fight. Defendants are the largest purveyors of Internet pornography in the world, owning and operating dozens of pornographic websites, including Pornhub, RedTube, and YouPorn. In 2019, Pornhub alone had roughly 42 billion visits, an average of 115 million visits per day—making it the eighth most visited website in the United States. *See* Compl. ¶¶ 36-39 (Dkt. 1). As Plaintiff alleges in the complaint, Defendants use their many websites to knowingly facilitate and benefit financially from child sex trafficking. *See id.* ¶¶ 119-155. Plaintiff is just one of thousands of victims of Defendants' misconduct, and investigating and progressing the investigation and this case towards class certification and trial will require effective and coordinated leadership. *Id.* ¶¶ 105-113.

### iii.    Susman Godfrey Has the Resources to Effectively Litigate this Case.

As with any complex class action, the issues in these cases will require substantial expert analysis, fact investigation, and complicated technical and non-technical discovery involving a significant volume of documents, written discovery,

15

and depositions. The counsel chosen to prosecute Plaintiff's class claims must be able to dedicate significant resources to advance the class claims effectively and efficiently. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Susman Godfrey has for decades self-financed the class actions it has prosecuted, risking tens of millions of dollars and betting on itself. Susman Godfrey is prepared to finance this case without recourse to other firms or litigation funders, and the invariable strings that those arrangements come with. Susman Godfrey also has a deep bench of attorneys and professional staff, with attorneys coast-to-coast. This is necessary to advance the class's interest efficiently and aggressively and to pursue all avenues of discovery without the need for a complex multi-firm structure which, as this Court is aware, often leads to inefficiencies and bloated fee requests, which diminish the Class's recovery.

C.      **The Appointment of Interim Lead Counsel Is Warranted in this Case.**

The appointment of interim lead counsel is warranted in this case. Just to give one example, already in this case, Plaintiff's counsel has had difficulty pushing this case forward as Defendants have refused to engage even in the routine Rule 26(f) conference required by the Federal Rules to have occurred by May 6, 2021, noting the potential of other actions as a reason not to comply with this Court's rules. Appointing Susman Godfrey as interim lead counsel will clarify that Defendants must comply with their required obligations and avoid delay and waste of resources.

Appointment of interim lead counsel will also ensure that counsel is able to prosecute this action on behalf of the putative class of individuals while avoiding the potential of conflicting actions by counsel in other actions.  In this regard, counsel directs the Court to Dkt. No. 3, which identified *Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*, No. 7:21-cv-002200-LSC (N.D. Ala.). The class of plaintiffs as defined in *Doe v. MG Freesites, LTD* overlaps considerably with Plaintiff's putative

class here.[40] Because *Doe v. MG Freesites, LTD* is pending in a different judicial district, this Court cannot unilaterally consolidate them, which means that absent a consolidation by the Judicial Panel for Multidistrict Litigation, which is disfavored where there are only two pending cases on related subject matter, *see In re: SeaWorld Mktg. & Sales Practices Litig.*, 118 F. Supp. 3d 1373, 1374 (U.S. Jud. Pan. Mult. Lit. 2015), there is a potential for conflicting, duplicative, or unnecessary proceedings between the two actions. Appointing Susman Godfrey as lead counsel for the class of individuals Plaintiff represents will ensure that this class's interests are preserved. Counsel has advised the plaintiffs' counsel in *Jane Doe #1* of the filing of this motion so that they can respond if they believe it is warranted.

In cases like these with more than one class action proceeding pending, courts have appointed interim lead counsel precisely to avoid the delay, confusion, and conflict outcomes that might occur if lead counsel were not appointed. *Fan v. PHL Variable Life Insurance Co.,* No. 18-Civ.-1288 (PAC) (S.D.N.Y. May 29, 2019) (Dkt. 73) (appointing Susman Godfrey as interim lead counsel and affirming that courts designate interim counsel "where there are multiple, overlapping class actions that require extensive pretrial coordination") (citing *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012)); *see also Bernstein et al. v. Cengage Learning, Inc.*, No. 19-cv-07541-ALC-SLC (S.D.N.Y. Nov. 26, 2019) (Dkt. 38) (appointing Susman Godfrey as interim lead counsel when the recent existence of other cases "asserting similar claims with other plaintiffs represented by counsel other than Susman Godfrey shows that the possibility of more such cases is not foreclosed" and establishing interim lead counsel would "minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."). In contrast, multi-firm lead structures "create the potential for disagreements and inefficiencies," *Smith*

---

[40] Plaintiffs in *Doe v. MG Freesites, LTD* define their class as follows: "All persons, who were under eighteen years of age at the time they were depicted in any video or image, (1) in any commercial sex act as defined under 18 U.S.C. §§ 1591 and 1595, or (2) in any child pornography as defined under 18 U.S.C. § 2252A, that has been made available for viewing on any website owned or operated by the Defendants."  Compl. ¶ 139, *Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*, No. 7:21-cv-002200-LSC (N.D. Ala.) (Dkt. 1).

17

*v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 292 (N.D. Ill. 2014), and risk "a lack of cohesion in strategy," *Jones v. Singing River Health Services Foundation*, No. 14-cv-447, 2015 WL 12672726 at *4 (S.D. Miss. June 5, 2015). This case would benefit from the handling of a single firm that can set the tasks, coordinate strategy internally, and work aggressively to address the needs of potential class members. *See generally* Manual for Complex Litigation § 10.221 at 25 (4th ed. 2006) (primary concern in appointing leadership "is achieving efficiency and economy without jeopardizing fairness to the parties"). Because Susman Godfrey has both the resources and experience to prosecute this action on its own, appointment of a single law firm, Susman Godfrey, is appropriate and will provide the proposed class the efficiency, financial resources, and class action experience that it deserves.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court issue an Order appointing Susman Godfrey as interim lead class counsel for the following class of individuals: "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years" and any relevant subclasses.

Dated:  May 12, 2021

DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
ARUN SUBRAMANIAN (*Pro Hac Vice*)
EMILY CRONIN
SUSMAN GODFREY LLP

STEVE COHEN (*Pro Hac Vice*)
SCohen@pollockcohen.com
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361


By  /s/ *Krysta Kauble Pachman*
Krysta Kauble Pachman
Attorney for Plaintiff

18

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on May 12, 2021, I electronically filed the foregoing

3   document with the clerk of the Court and served counsel of record via the CM/ECF

4   system.

5

6                                                      */s/ Krysta Kauble Pachman*#     #
                                                       Krysta Kauble Pachman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19