BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*pro hac vice forthcoming*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all other similarly situated,<br>    Plaintiffs,<br><br>  v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219- 1568 QUEBEC, INC. (D/B/A MINDGEEK),<br>    Defendants. | CASE NO. 8:21-CV-00338-CJC-ADS<br><br>*Assigned to Hon. Cormac J. Carney*<br>Courtroom:  9B<br><br>**DEFENDANT MINDGEEK USA INC.'S OPPOSITION TO MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)**<br><br>Hearing Date: June 14, 2021, 1:30 P.M. |

## INTRODUCTION

Plaintiff's putative class action complaint was filed on February 19, 2021. [Dkt. 1.]  By agreement of counsel, the responsive pleading deadline for Defendants, including MindGeek USA Incorporated, was extended to June 30, 2021.  [Dkt. 21]. Accordingly, no motion to dismiss or answer to Plaintiff's complaint has yet been filed.

Despite the early procedural posture of this case, and the lack of any competing putative class action pending in the Central District of California, Plaintiff has moved the Court to appoint her counsel, Susman Godfrey LLP ("Susman Godfrey"), as interim lead class counsel.  The Motion should be denied.  Courts should only appoint interim lead class counsel when such appointment is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee's notes.  Typically, this requires the party requesting the appointment to show, as a threshold requirement, that there are multiple competing cases pending in the same judicial district.  This requirement in not met here because this case involves a single plaintiff represented by a single firm, without any factually similar—let alone consolidated—actions pending against Defendant either before the Court or within the jurisdiction.  Nor has Plaintiff identified any other unique factors demonstrating that designation of interim lead class counsel is appropriate.  Plaintiff's request offers no improvement over the *status quo* and accordingly she has failed to meet her burden of demonstrating that the appointment of interim lead lass counsel is necessary to protect the interests of the putative class.  The Court should deny the motion.

## LEGAL STANDARD

Rule 23(g)(2)(A) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  "The appointment of interim class counsel is discretionary by the Court and is particularly suited to complex actions." *Parrish v. Nat'l Football League Players Inc.*, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (citing MANUAL FOR

COMPLEX LITIGATION (FOURTH) § 21.11 (Fed. Jud. Center 2004)).  Appointment of interim counsel during the pre-certification period is limited to cases where it is "***necessary*** to protect the interests of the putative class."  Fed. R. Civ. P. 23, advisory committee's notes (emphasis added); *see also Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801 at *2 (C.D. Cal. Aug. 7, 2006).  Movant has the burden of demonstrating such an appointment is appropriate in this case, *see In re Ingram Barge Co.*, 2006 WL 8446842, *5 (E.D. La. Dec. 14, 2006), because "[i]n the usual case, the lawyer who filed the putative class action may handle all pre-certification matters without any formal appointment."  *Eashoo v. Iovate Health Scis. U.S.A., Inc.*, 2015 WL 12696036, at *4 (C.D. Cal. May 26, 2015).  "In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." *Id*. (quoting Fed. R. Civ. P. 23, advisory committee's notes).

Given that, "[o]rdinarily, such work is handled by the lawyer who filed the action," the circumstances under which interim class counsel is necessary prior to certification are few.  *Id*.  The Manual for Complex Litigation, on which Plaintiff relies, instructs that interim counsel is appropriate where "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated," leading to a situation in which "a number of lawyers may compete for class counsel appointment."  § 21.11 at 246.  Under such circumstances, "designation of interim counsel clarifies responsibility for protecting the interests of the class."  *Id.*  By contrast, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary."  *Id.*; *see also* Fed. R. Civ. P. 23, advisory committee's notes ("Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it.  Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.").

## **ARGUMENT**

Plaintiff has failed to establish that the appointment of interim lead class counsel is appropriate at this time.  To the contrary, appointing interim lead class counsel is unnecessary where, as here, a single firm represents the sole plaintiff before the Court.  Courts within the Ninth Circuit and elsewhere have recognized that "those cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court."  *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (collecting cases).  Among the indicators that interim counsel may be necessary are "multiple complaints," including plaintiffs represented by "a gaggle of law firms jockeying to be appointed class counsel" while "consolidation with other actions is on the horizon."  *Parrish*, 2007 WL 1624601 at *9.  The Court is therefore required to step in when there is evidence of "apparent interference or rivalry from any other counsel," to the detriment of the putative class.  *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 70 (S.D.N.Y. 2006).

No other similar case or proposed class action is currently pending against Defendant before this Court or within the Central District of California.[1]  "[B]oth the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, as here, a single law firm has brought a class action and seeks appointment as class counsel."  *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, *1 (S.D. Ill. May 10, 2006).  In such circumstances, "appointment of lead counsel is premature before other counsel file cases on behalf of other clients," because "[n]o competition exists among counsel that requires refereeing by the Court."  *Italian Colors Rest. v. Am. Express Co.*, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003); *see also Wang v. OCZ Tech. Grp., Inc.*, 2011 WL 13156817, *2 (N.D. Cal. June 29, 2011) ("Although other related cases

---

[1] Plaintiff notes the suit Susman Godfrey has filed against Reddit, Inc., *Doe v. Reddit, Inc.*, No. 8:21-cv-00768 (C.D. Cal. Apr. 22, 2021); however, MindGeek is not a party to that action.

1  might be consolidated with this case in the future, at this time, the responsibility for

2  protecting the interests of the class in this court is clear.").

3      Plaintiff spends the bulk of her brief arguing that Susman Godfrey is qualified

4  to serve as interim lead counsel.  Defendant takes no position on that at this time, but

5  reserve its right to challenge counsel's qualifications at another time.   Such

6  qualifications, however, are irrelevant.  Where a case involves a single plaintiff and a

7  putative class, represented by a single firm, this Court has found "arguments regarding

8  the amount of work [plaintiff's] counsel has completed, their knowledge and

9  experience, and their overall adequacy miss the mark." *Eashoo*, 2015 WL 12696036

10  at *10.  While Plaintiff points to her counsel's prior work, she has not "provided any

11  concrete examples of circumstances in this case under which a designated interim

12  counsel would be advantageous for the putative class." *Carrier v. Am. Bankers Life*

13  *Assur. Co. of Fla.*, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006).

14      Plaintiff asserts generally that the "case would benefit from the handling of a

15  single firm that can set the tasks, coordinate strategy internally, and work aggressively

16  to address the needs of potential class members."   [Dkt. 23-1 at PageID# 123].

17  However, "[s]uch a general statement is insufficient to establish need to appoint

18  interim counsel where there are no conflicting claims pending in the same district."

19  *Womack v. Nissan N. Am., Inc.*, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007);

20  *see also Dudenhoefer v. Fifth Third Bancorp*, 2009 WL 10678975, at *2 (S.D. Ohio

21  Mar. 25, 2009) ("While Plaintiffs accurately claim that [Counsel] are all experienced

22  in class action litigation, armed with the resources to handle this potential class action

23  suit, and versed in the nuances of this particular case, Plaintiffs fail to allege any

24  particular need in this case for the appointment of interim co-lead counsel.").

25      The only potentially overlapping case identified by Plaintiff is *Jane Doe #1 &*

26  *Jane Doe #2 v. MG Freesites, LTD*, No. 7:21-cv-002200-LSC (N.D. Ala. Feb. 11,

27  2021).  That case, pending in the federal court for the Northern District of Alabama,

28  was filed the same month as the instant case and is poised in an almost identical

procedural posture.[2]   Although Plaintiff claims that appointment is necessary to "avoid[] the potential of conflicting actions by counsel in other actions," [Dkt. 23-1 at PageID# 121], Plaintiff has not demonstrated that any conflict exists or is imminent. And even where "similar" cases are pending in a separate court, "those proceedings are irrelevant for the purpose of deciding this motion, since there has been no request for coordination or consolidation of the two cases at this time." *Womack*, 2007 WL 9724942, at *2 (denying motion to appoint interim class counsel without prejudice).

In support of her request, Plaintiff proffers examples from significantly more complex actions at later stages in the litigation cycle, several of which have already been distinguished under similar circumstances. *See Eashoo*, 2015 WL 12696036 at *10 n.7 (distinguishing cases). In *Eashoo*, plaintiff's counsel filed a motion in the Central District of California seeking appointment as interim counsel of a putative nationwide class after a plaintiff in a similar action in the District of Colorado moved to intervene. *Id*. at *2. Noting that the "putative class action was only recently filed, and no other competing or duplicative cases are presently before the Court," it held that the motion was premature. *Id*. at *10. In particular, the court noted that "[a]though Intervenor has filed an overlapping case," that "putative class action is an entirely separate matter." *Id*. As a result, there was "no risk of competition or rivalry between Plaintiff and Intervenor's respective counsel." *Id*.; *see also Dudenhoefer*, 2009 WL 10678975, at *2 ("While this Court recognizes that two cases have been consolidated into this one action, this is not a situation where a large number of putative class actions have been consolidated.")

The *Eashoo* court considered—and distinguished—a number of cases that Plaintiff also relies upon, including *In re Air Cargo Shipping Servs. Antitrust Litig*., 240 F.R.D. 56 (E.D.N.Y. 2006), and *Parkinson v. Hyundai Motor Am*., 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006). 2015 WL 12696036 at *10 n.7. The court

---

[2] Defendant's responsive pleadings are due on the same date, June 30, 2021, in both this case and the Alabama matter.

recognized that those cases, unlike the one at bar, "involve[d] interim class counsel appointments where multiple cases were consolidated, or where the circumstances otherwise suggested that appointment was necessary to protect the class's interests." *Id*. *Parkinson*, for example, involved five putative class actions consolidated in front of one court, with multiple factions vying to take lead. 2006 WL 2289801 at *1-2. Likewise, *In re Air Cargo* involved four competing motions to appoint interim lead counsel in a consolidated action before a single court. 240 F.R.D. at 57.

Plaintiff's other authorities are readily distinguishable and fully supportive of Defendant's position. [Dkt. 23-1 at PageID# 122]. In *Fan v. PHL Variable Life Insurance Co.*, two separate class actions against the same defendant making substantially similar allegations had been filed in the Southern District of New York. 2019 WL 10948633, at *1 (S.D.N.Y. May 29, 2019). The Court consolidated the two actions and was faced with competing requests from both plaintiffs' firms to be named as interim class counsel. *Id.* Because the two cases were consolidated, the Court determined that interim class counsel was necessary to "clarify responsibility for protecting the interests of the class during precertification activities." *Id.* at *3 (internal citation and quotation omitted). No such conflict exists here where there is only one case against Defendant in this jurisdiction and no firm other than Susman Godfrey purports to represent the putative class here.

Similarly, in *Bernstein v. Cengage Learning, Inc.*, two additional actions were pending against the same defendant in the same judicial district at the time the motion for appointment as interim lead counsel was made. 2019 WL 6324276, at *2 n.1 (S.D.N.Y. Nov. 26, 2019). While those actions were voluntarily dismissed by the time the court ruled on the motion, the court found that "the recent existence of those other cases asserting similar claims with other plaintiffs . . . shows that the possibility of more such cases is not foreclosed." *Id.* at *2. By contrast, here there is no evidence that any additional filings in the Central District of California are imminent and, in

1  any event, should such cases be filed in the future, the Court would be better

2  positioned to evaluate whether interim lead class counsel is appropriate at that time.

3        Plaintiff's request offers no improvement over the *status quo* and accordingly

4  she has failed to "demonstrate that appointment of interim counsel 'is necessary to

5  protect the interests of the putative class.'"  *Eashoo*, 2015 WL 12696036 at *10

6  (quoting Fed. R. Civ. P. 23, advisory committee's notes).  "Simply put, Plaintiff's

7  counsel may perform all pre-certification work without formal appointment.  And if

8  the circumstances change such that designation of interim counsel becomes necessary

9  to protect the putative class members' interests, the Court" can "consider a renewed

10  request." *Id*. at *11.  So, too, here.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CONCLUSION</u>

Plaintiff's counsel's request to be named interim lead counsel at this early stage of the litigation is unwarranted and, at best, premature and unnecessary.  It should be denied.

DATED: MAY 24, 2021                    RESPECTFULLY SUBMITTED,


                                        /s/    *Benjamin Sadun*
                                       BENJAMIN SADUN (287533)
                                       benjamin.sadun@dechert.com
                                       DECHERT LLP
                                       US Bank Tower, 633 West 5th Street,
                                       Suite 4900
                                       Los Angeles, CA 90071-2013
                                       Phone: (213) 808-5721; Fax: (213) 808-5760

                                       KATHLEEN N. MASSEY (*pro hac vice
                                       forthcoming*)
                                       kathleen.massey@dechert.com
                                       MARK S. CHEFFO (*pro hac vice
                                       forthcoming*)
                                       mark.cheffo@dechert.com
                                       DECHERT LLP
                                       Three Bryant Park
                                       1095 Avenue of the Americas
                                       New York, NY 10036
                                       Phone: (212) 698-3500; Fax: (212) 698 3599
                                       *Attorneys for Defendant MindGeek USA
                                       Incorporated*