DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
EMILY CRONIN (322683)
ecronin@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

ARUN SUBRAMANIAN (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page*)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | Case No. 8:21-CV-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Date: June 14, 2021<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Jury Trial Demanded |

After having profited for years by distributing child pornography depicting the members of the proposed class, defendants[1] (collectively, "MindGeek") oppose the appointment of interim lead counsel in this action. But MindGeek's brief only underscores why the appointment of class counsel is warranted at this time:

**First**, MindGeek does not challenge Susman Godfrey's qualifications or even address the four factors that courts consider under Rule 23 when evaluating lead counsel applications. Nor does MindGeek suggest that there would be any downside or prejudice—to them, the class, or anyone else—to appointing Susman Godfrey as interim lead counsel at this time. MindGeek's failure to even address these factors speaks volumes.

**Second**, MindGeek's sole argument is that the appointment of lead counsel is "premature." But this same argument was rejected in *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. 2019). In that case, the court determined that despite the lack of any other pending cases (they had been dismissed prior to the court's decision), "the possibility of more such cases is not foreclosed" and "[e]stablishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently." Here, there is not just the possibility of more cases, there is in fact a case asserting similar claims pending in the Northern District of Alabama, and as in *Bernstein*, more could be filed, including in this District, where MindGeek's sole American facility is maintained. Appointing Susman Godfrey as interim lead counsel now would avoid the potential for duplicative filings, confusion, and conflicts and will promote the efficient prosecution of this case. This is especially important in this case, given that with each passing day, members of the putative class are further victimized by the continuing distribution of child pornography on MindGeek's websites.

---

[1] MindGeek USA Inc., MindGeek S.A.R.L., MG Freesites, LTD (d/b/a Pornhub), MG Freesites II, Ltd, MG Content RT Limited, and 9219-1568 Quebec, Inc (d/b/a MindGeek)

1

**Third**, while MindGeek argues that the pending Alabama case has no relevance to this motion because it is pending in a different judicial district, that is untrue. Courts have previously held that the appointment of interim lead counsel is warranted where no other cases are pending, *see Bernstein*, 2019 WL 6324276, at *2, or specifically where the only other pending cases are in different judicial districts. *See, e.g.*, *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021) (appointing Susman Godfrey interim class counsel when parallel cases are pending in other districts because "[s]imilar litigation and appointment of interim counsel in other courts do not moot appointment of interim counsel in this Court – they warrant it.")

Appointment of interim class counsel will clarify responsibility for prosecuting this action, avoid uncertainty between this action and other potential actions, including a parallel proceeding currently pending in the Northern District of Alabama, and ensure that there is a single set of counsel responsible for dealing responsibly with the delicate task of representing a class of individuals who MindGeek was exploiting while they were only children.

## I. ARGUMENT

### A. Interim Class Counsel Is Needed To Protect The Interests of the Putative Class

MindGeek's principal—indeed, only—argument that Susman Godfrey should not be appointed interim class counsel is that it would "offer[] no improvement over the *status quo*." Opp. at 8. Wrong. Appointing interim class counsel does more than offer an improvement on the status quo: it is affirmatively "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee's notes.

*First*, appointment of interim lead is "necessary" to ensure that Susman Godfrey can zealously and effectively prosecute this case on behalf of the class. In this case, more than most, justice demands that this case press forward: every day that this case lingers on the docket is a day that MindGeek continues to profit off the

sexual exploitation of children. MindGeek has continually failed to put into place the procedural safeguards that would adequately protect class members and the number of class members is growing every day.

Notably, in the parties' meet and confers concerning this motion, MindGeek's chief legal officer suggested that the potential for further cases was potentially a reason to **delay** even the basic discovery planning conference required under Fed. R. Civ. P. 26(f), which MindGeek still has not agreed to participate in, despite the deadline having come and gone. *See, e.g.,* Reply Decl. of Krysta Pachman, Exh. 6, at 1 ("Insofar as you are contemplating a motion for appointment as interim lead plaintiffs' counsel, it would appear you anticipate the possibility that other plaintiffs might file similar suits. If that occurs and other complaints are consolidated with the one you filed, it would seem to make sense to defer holding the 26(f) conference until after there is a consolidated complaint.").

We appreciate that outside counsel for MindGeek has now entered an appearance in this action and hopefully will not make these types of arguments in the future. But this is just one example of why the appointment of interim class counsel would be beneficial to the efficient prosecution of this case. In fact, it is exactly what the Manual for Complex Litigation explains is the reason for appointing class counsel, which "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, ***conducting any necessary discovery,*** moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).

*Second*, there are other actions seeking to represent substantially identical classes for substantially identical claims, namely the *Jane Doe #1 & Jane Doe #2* action currently pending in the Northern District of Alabama. That fact alone is sufficient to distinguish the vast majority of MindGeek's authority, which involved situations where "appointment of lead counsel is premature before other counsel file cases on behalf of other clients." *Italian Colors Rest. v. Am. Express Co.*, No. C 03-

3

3719 SI, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003); *see also, e.g.*, *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) ("Importantly, both the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, **as here**, a single law firm has brought a class action and seeks appointment as class counsel." (emphasis added)); *Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *1 (N.D. Cal. June 29, 2011) ("Wang is unaware of **any other cases** related to this action" (emphasis added)); *Carrier v. Am. Bankers Life Assur. Co. of Fla.*, No. 05-CV-430-JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) ("American Bankers represents that **no other cases** similar to this one are pending against it here or in other jurisdictions." (emphasis added)). No surprise there, as the Manual for Complex Litigation (on which MindGeek relies heavily) makes clear that where "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated . . . designation of interim counsel clarifies responsibility for protecting the interests of the class." Manual § 21.11.

MindGeek tries to deemphasize the importance of the competing lawsuit to the inquiry before the Court, suggesting that appointment is inappropriate because the *Jane Doe* matter "was filed the same month as the instant case and is poised in an almost identical procedural posture." Opp. at 4-5. But that is exactly the point: because there is an overlapping suit in an "identical procedural posture," there are "overlapping, duplicative, or competing suits" warranting appointment of interim class counsel. Manual § 21.11. In fact, in both cases, MindGeek's deadline to respond to the complaint is June 30, 2021, giving MindGeek ample opportunities to create competing rulings to the detriment of the putative class. MindGeek's own authority makes clear that it is where suits are in *different* procedural postures that interim class counsel may be unnecessary. *See White v. TransUnion, LLC,* 239 F.R.D. 681, 683–84 (C.D. Cal. 2006) ("Although there currently are two separate class action lawsuits

pending against TransUnion, these cases are in *vastly different* procedural postures, and *this difference* obviates any potential necessity for an interim appointment." (emphasis added)). That is exactly the opposite of the situation here.

MindGeek also argues that "Plaintiff has not demonstrated that any conflict exists or is imminent." Opp. at 5. But Rule 23(g) imposes no "existing or imminent conflict" requirement as a predicate to appointing interim class counsel. To the contrary: the Rule 23 advisory committee notes make clear that it is enough that "there may be rivalry or *uncertainty* that makes formal designation of interim counsel appropriate." There is, a minimum, "uncertainty" here given MindGeek's efforts to exploit that uncertainty in order to delay discovery.

MindGeek lastly invokes a single out-of-district case to argue that proceedings in another district are irrelevant. Opp. at 5. As an initial matter, neither the text nor the advisory committee notes for Rule 23(g) require competing cases to be in the same district as a precondition for appointing interim class counsel. And as MindGeek acknowledges elsewhere in its opposition, "[t]he Manual for Complex Litigation, . . .instructs that interim counsel is appropriate where 'there are a number of overlapping, duplicative, or competing suits *pending in other courts* . . . . .'" Other courts have applied the test set forth in the Manual for Complex Litigation to appoint interim class counsel in situations where, as here, there are multiple cases pending in different districts. For example, earlier this year, the court in *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405 (S.D. Ohio 2021) appointed Susman Godfrey as interim class counsel over the objections of the defendant. The defendant in *Troy Stacy*, like MindGeek here, argued that "the appointment of interim counsel is moot or otherwise unnecessary, because similar litigation is taking place in *other districts.*" *Id*. at 410 (emphasis added).[2] The *Troy Stacy* court decisively rejected that

---

[2] If anything, this case presents an even stronger case for appointment then in *Troy Stacy*. In that case, different interim class counsel had already been appointed to represent the overlapping classes in the parallel out-of-district cases, and the court still found it necessary to appoint interim class counsel to represent the *Troy Stacy*

5

argument:

> The [defendant] is ***mistaken***. Similar litigation and appointment of interim counsel ***in other courts*** do not moot appointment of interim counsel in this Court – they warrant it. Indeed, that is ***one of the purposes of interim counsel***. When there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment.". In such cases, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."

*Id.* (emphasis added).

In any event, even MindGeek's single case makes clear that there is no brightline rule "that competing claims in the same district is the only circumstance in which interim class counsel may be appointed." *Womack v. Nissan N. Am., Inc.*, No. 2:06-CV-479-DF, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007). Instead, *Womack* only states that "general statement[s]" about the need for interim class counsel are "insufficient to establish need to appoint interim counsel where there are no conflicting claims pending in the same district." Here, Susman Godfrey offers more than "general statements," and has instead offered concrete examples where the prospect of multiple actions is creating uncertainty which MindGeek is using to delay the progress of this case.

Finally, appointment of interim class counsel is warranted because of the specific subject matter at issue in this litigation. The members of the putative class are challenging the posting of sexual materials made while they were minors. Those class members will likely be justifiably concerned to ensure that this litigation is prosecuted with appropriate regard for the intimate and difficult nature of what

---

class. Here, of course, no interim class counsel has been appointed in either action, making it that much more important to "clarify[y] responsibility for protecting the interests of the class." *Troy Stacy*, 337 F.R.D. at 410 (quoting Manual for Complex Litigation (Fourth) § 21.11).

6

happened to them. They may have concerns about confidentiality, the status of the materials depicting them as minors, or other issues which demand responsiveness and discretion from the counsel representing them. In such circumstances, it is particularly important that the Court clarify which counsel are responsible for meeting these particular needs, and avoid "uncertainty" that could confuse and unsettle this particularly vulnerable population of absent class members. *See Carrier v. Am. Bankers Life Assur. Co. of Fla.*, No. 05-CV-430-JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (agreeing that "the need to designate interim counsel to facilitate discovery and communications with putative class members" "could be [a] persuasive" reason to appoint interim class counsel in specific cases).

In short, there are multiple reasons why the particular circumstances of this matter warrant appointment of interim class counsel.

### B. MindGeek's Opposition Is Not In The Best Interests Of The Class

MindGeek has failed to identify a single reason why it will be prejudiced by the appointment of interim class counsel. *See, e.g.*, *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *3 (W.D. Wash. Sept. 22, 2020) (appointing interim class counsel over defendant's opposition where defendant "does not identify any tangible prejudice it would suffer through the appointment of interim lead and liaison counsel"). The appointment of interim class counsel should be made based on "counsel's ability to fairly and adequately represent the interests of *the class*." Fed. R. Civ. P. 23(g)(1)(B) (emphasis added). But MindGeek's interests are diametrically opposed to the proposed class. *See Abelson v. Strong*, No. 85-CV-0592-S, 1987 WL 15872, at *2 (D. Mass. July 30, 1987) ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery.").

And here, there is at least some reason to believe that MindGeek is opposing this motion not out of a desire to protect the "interests of the class," but instead in an effort to secure a tactical advantage for itself, at the expense of the proposed class.

1. Specifically, when Susman Godfrey first inquired if MindGeek would oppose the motion for interim lead, MindGeek indicated that it was "likely to consent," but demanded a *quid pro quo*: "Subject to your willingness to defer discussion of a 26(f) conference, defendants are likely to consent to your filing a motion to be appointed as interim lead plaintiffs' counsel." Pachman Reply Decl. Exh. 6 at 2. After Susman Godfrey continued to insist that MindGeek comply with its discovery obligations, MindGeek ultimately indicated that it would oppose this motion. *Id.* Contrary to MindGeek's suggestion that it opposes appointment of interim class counsel as offering "no improvement over the status quo," Opp. 8, MindGeek only opposed this appointment once it became clear that Susman Godfrey's efforts to push this case forward *would* offer an improvement over the status quo for the class, and at the expense of MindGeek.

### C. MindGeek Does Not Contest That Susman Godfrey Satisfies the Rule 23(g) Factors For Appointing Interim Class Counsel

Finally, as explained in opening, Rule 23(g)(1)(A) explicitly sets forth the criteria that courts consider when deciding whether to appoint interim class counsel. "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). MindGeek does not contend anywhere in its brief that Susman Godfrey fails to meet even a single one of these elements. Nor can it, given Susman Godfrey's demonstrated efforts to investigate and prosecute this case, extensive track record with class actions generally, experience with the law and claims at issue in this matter, and the extraordinary resources that Susman Godfrey is willing to deploy on behalf of the proposed class. Although MindGeek purports to "reserve its right to challenge counsel's qualifications at another time," Opp. 5, MindGeek's silence on the *actual* criteria for appointment of interim class counsel

set forth by the Federal Rules is telling.

## II.     CONCLUSION

Plaintiff respectfully requests that the Court issue an Order appointing Susman Godfrey as interim lead class counsel for the following class of individuals: "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years" and any relevant subclasses.

Dated: May 31, 2021

DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
ARUN SUBRAMANIAN (*Pro Hac Vice*)
EMILY CRONIN
SUSMAN GODFREY LLP

STEVE COHEN (*Pro Hac Vice*)
SCohen@pollockcohen.com
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361

By /s/ *Krysta Kauble Pachman*
   Krysta Kauble Pachman
   Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2021, I electronically filed the foregoing document with the clerk of the Court and served counsel of record via the CM/ECF system.

                                  */s/ Krysta Kauble Pachman*
                                  Krysta Kauble Pachman