UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES II, LTD, MG CONTENT RT LIMITED, and 9219-1568 QUEBEC, INC. D/B/A MINDGEEK,<br><br>Defendants. | Case No.: SACV 21-00338-CJC(ADSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL [Dkt. 23] |

## I. INTRODUCTION & BACKGROUND

Plaintiff brings this putative class action against Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., MG Freesites II, LTD, MG Content RT Limited, and

9219-1568 Quebec, Inc. d/b/a Mindgeek, alleging that Defendants violated federal sex trafficking and child pornography laws by knowingly posting, enabling the posting of and profiting from thousands of pornographic videos featuring persons under the age of 18. Now before the Court is Plaintiff's motion to appoint Susman Godfrey LLP as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g).  (Dkt. 23.)  For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 23(g) provides that "[t]he Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."  Fed.R.Civ.P. 23(g)(2)(A).  This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."  *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Fed R. Civ. P. 23 advisory committee's note to 2003 amendment).

Appointment of interim class counsel is typically appropriate in cases where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."  *Id.* (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)).  "Generally, district courts have designated interim class counsel where a large number of putative class actions have been consolidated, or where numerous putative class actions are for some other reason before a single court."  *Eashoo v. Iovate Health Scis. U.S.A., Inc.*, 2015 WL 12696036, at *10 (C.D. Cal. May 26, 2015); *see* Fed R. Civ. P. 23 advisory committee's

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 14, 2021 at 1:30 p.m. is hereby vacated and off calendar.

note to 2003 amendment (noting that preparations for class certification can ordinarily be "handled by the lawyer who filed the action" rather than appointed interim counsel).

The Court sees no reason to appoint interim class counsel at this time. "This putative class action was only recently filed, and no other competing or duplicative cases are presently before the Court." *Eashoo*, 2015 WL 12696036, at *10. Although an overlapping case in a similar procedural posture has been filed in the Northern District of Alabama, no overlapping cases have been filed in this district. *See Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*, No. 7:21-cv-002200-LSC (N.D. Ala. Feb. 11, 2021); *see also Eashoo*, 2015 WL 12696036, at *10 (concluding that "an overlapping case" filed in another district did not warrant appointment of interim class counsel); *Womack v. Nissan N. Am., Inc.*, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007) (stating that a case filed in another district was "irrelevant for the purpose of deciding [the motion to appoint interim class counsel], since there has been no request for coordination or consolidation of the two cases at this time"). While the Court has no doubt that Susman Godfrey has the skill, experience, and resources to adequately represent the interests of the class, *see* Fed. R. Civ. P. 23(g)(1), the Court concludes that the requested interim appointment is not necessary at this stage of the litigation.

//
//
//
//
//
//
//
//

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint interim class counsel is **DENIED WITHOUT PREJUDICE**.

DATED:    June 3, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE