BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219- 1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | CASE NO. 8:21-CV-00338-CJC-ADS<br><br>Judicial Officer:  Cormac J. Carney<br>Courtroom:         9B<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANTS FOR A PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Hearing Date: August 9, 2021 |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   PROCEDURAL HISTORY .................................................................................3

III.  PLAINTIFF'S DISCOVERY REQUESTS ..........................................................4

IV.   LEGAL STANDARD ..........................................................................................5

V.    ARGUMENT .......................................................................................................6

    A.   DEFENDANTS' MOTION TO DISMISS IS DISPOSITIVE OF
        THE ENTIRE CASE ..................................................................................6

    B.   DEFENDANTS' DISPOSITIVE MOTION CAN BE DECIDED
        WITHOUT ANY DISCOVERY .................................................................8

    C.   DEFENDANTS WILL BE HARMED AND BURDENED IF
        DISCOVERY IS NOT PARTIALLY STAYED .........................................9

        1.   PLAINTIFF'S DISCOVERY IS EXPANSIVE .........................9

        2.   THERE IS A CLEAR POSSIBILITY THAT
            DEFENDANTS' MOTION TO DISMISS WILL BE
            GRANTED ..................................................................................11

        3.   THE NATURE AND COMPLEXITY OF THIS ACTION
            WEIGH IN FAVOR OF PARTIALLY STAYING
            DISCOVERY ...............................................................................11

VI.   CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 8

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir.2003) ............................................................................ 6

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) .................................................................... 10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................... 8, 9

*Blumenthal v. Drudge*,
  No. 1:97-CV-01968 (D.D.C. Nov. 28, 1997), Dkt. Nos. 15, 17 ......................... 7

*Carafano v. Metrosplash.com, Inc.*,
  339 F.3d 1119 (9th Cir. 2003) ............................................................................ 6

*Cellwitch, Inc. v. Tile, Inc.*,
  No. 4:19-CV-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ................ 10

*Doe v. Kik Interactive, Inc.*,
  482 F. Supp. 3d 1242 (S.D. Fla. 2020) ............................................................ 12

*Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093 (9th Cir.
  2019), <u>cert. denied,</u> 140 S. Ct. 2761 (2020) ....................................................... 4

*Ben Ezra, Weinstein & Co. v. America Online, Inc.*,
  No. CIV. 97-485, 1998 WL 896459 (D.N.M. July 16, 1998) ............................ 7

*Fields v. Twitter, Inc.*,
  No. 3:16-CV-00213, Dkt. Nos. 26, 28 (N.D. Cal. Apr. 7, 2016) ........................ 7

*Gavra v. Google Inc.*,
  No. 5:12-CV-06547, 2013 WL 3788241 (N.D. Cal. July 17, 2013) ................ 11

*Gonzalez v. Google LLC*,
  No. 18-16700, 2021 WL 2546675 (9th Cir. June 22, 2021) ................... 1, 8, 11

*Gonzalez v. Twitter*,
   No. 4:16-CV-03282, Dkt. Nos. 37, 47 (N.D. Cal. Sept. 21, 2016) ...................... 7

*Hall v. Tilton*,
   No. C 07-3233, 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ............................... 8

*J.B. v. G6 Hospitality, LLC*,
   No. 19-CV-07848, 2020 WL 4901196 (N.D. Cal. Aug. 20, 2020) .................... 11

*Little v. City of Seattle*,
   863 F.2d 681 (9th Cir. 1988) .................................................................................5

*Lu v. Central Bank of Republic of China (Taiwan)*,
   610 F. App'x 674 (9th Cir. 2015) ..........................................................................5

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
   CV 12-02943, 2013 WL 12129944 (C.D. Cal. Jan. 14, 2013) ..................... 10, 12

*Mlejnecky v. Olympus Imaging Am., Inc.*,
   No. 2:10-CV-02630, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011) .........................5

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) .................................................................................9

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
   591 F.3d 250 (4th Cir. 2009) .................................................................... 2, 6, 12

*Newman v. San Joaquin Delta Cmty. Coll. Dist.*,
   No. 2:09-cv-03441, 2011 WL 1743686 (E.D. Cal. May 6, 2011) ...................... 10

*Nguyen v. BMW of N. Am., LLC*,
   No. 20-CV-2432, 2021 WL 2284113 (S.D. Cal. June 4, 2021) .......................... 10

*Noah v. AOL Time Warner, Inc.*,
   No. 1:02-CV-1316 (E.D. Va. May 7, 2003), Dkt. No. 31 .................................... 7

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
   No. 8:19-CV-00927, 2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) ........... 5, 6, 8

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) ...................................................................... 1, 2, 9

*Torres v. Cate*,
    501 F. App'x 662 (9th Cir. 2012) .................................................................................. 5

*Universal Communication Systems, Inc. v. Lycos, Inc.*,
    478 F.3d 413 (1st Cir. 2007) ........................................................................................ 6

*Wenger v. Monroe*,
    282 F.3d 1068 (9th Cir. 2002) ...................................................................................... 5

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ...................................................................................... 8

*Wilmington Sav. Fund Soc'y FSB v. El*,
    No. 2:19-CV-01852, 2019 WL 6310718 (D. Nev. Nov. 25, 2019) ................... 10

**STATUTES**

3 U.S.C.A. § 421 ................................................................................................................ 8

18 U.S.C.A. § 1591 ............................................................................................................ 7

18 U.S.C.A. § 1595 ............................................................................................................ 7

47 U.S.C.A. § 230 .................................................................................................... *passim*

**RULES**

Fed. R. Civ. P. Rule 8 ...................................................................................................... 8

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................... 2, 8

Fed. R. Civ. P. Rule 23(c)(1)(A) ................................................................................. 12

Fed. R. Civ. P. Rule 26 ....................................................................................... 1, 2, 3, 5

## I. INTRODUCTION

Plaintiff alleges that when she was sixteen years old, her then-boyfriend created sexually explicit videos of the two of them. After Plaintiff terminated the relationship, her now ex-boyfriend posted these videos onto various websites, including one operated by a Defendant, in an apparent "revenge pornography" plot. Plaintiff alleges the videos were posted to that website in early 2020, that she asked for them to be removed in March 2020, and that they were removed, presumably without delay.

On June 30, 2021, Defendants filed their Motion to Dismiss. [Dkt. 34]. As set forth in Defendants' motion, all of Plaintiff's claims are barred by Section 230 of the Communications Decency Act ("Section 230"), 47 U.S.C. § 230 and, even were that not the case, each claim otherwise fails as a matter of law. Section 230 "immunizes providers of interactive computer services against liability arising from content created by third parties." *Gonzalez v. Google LLC*, No. 18-16700, 2021 WL 2546675, at *8 (9th Cir. June 22, 2021). Because Section 230 provides immunity from this kind of suit that would be irreparably compromised if Defendants were subject to the discovery already served and likely to be served, and Plaintiff's claims are otherwise deficient, Defendants respectfully request a partial stay of discovery pending the outcome of the Motion to Dismiss.

After Defendants moved to dismiss, Plaintiff informed them on July 6, 2021 that she intends to amend her complaint. Declaration of Kathleen N. Massey made on July 9, 2021 ("Massey Decl."), Ex. F. As a result, the scope of the case is uncertain at this time. Under these circumstances, the "sounder" course is to allow the Court and the parties time and opportunity to clarify the proper scope of the case before taking on voluminous discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Defendants only seek a limited stay of discovery. Defendants have already participated in a Rule 26(f) conference with Plaintiff, which was held on July 1, 2021.

Massey Decl. ¶ 13.  During the conference, Defendants agreed to submit a joint report of that conference to the Court.  Further, in the spirit of cooperation, Defendants agreed to: exchange the initial disclosures required by Rule 26(a)(1); prepare and negotiate protocols relative to electronically stored information ("ESI") and document production; and negotiate over a confidentiality stipulation and order to be prepared by Plaintiff.  Massey Decl., Ex. B.  All of these are necessary first steps that can be accomplished before the Court rules on Defendants' Motion to Dismiss that has been filed or is likely to be filed so that, if the need for discovery arises after the Motion is decided, the parties are prepared to move forward swiftly.

What Defendants seek to avoid by this motion is being required to respond to the voluminous discovery requests served by Plaintiff before the parties' Rule 26(f) conference.  On May 24, 2021, Plaintiff emailed Defendants 31 requests for production ("RFP") and four interrogatories seeking documents and information going back over a decade.  Massey Decl., Ex. A.  Plaintiff's discovery requests cover the period going back to February 19, 2011, and concern Defendants' business practices, revenues, and reports to law enforcement, among other sensitive information.  Not one single request refers to the publication of videos posted by Plaintiff's ex-boyfriend on a site operated by one of the Defendants or to the actions any of the Defendants took or did not take relative to those videos.

Granting a partial stay of discovery would further the purpose behind Rule 12(b)(6), a rule intended to allow Defendants to "challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co.*, 829 F.2d at 738.  A partial stay of discovery is also appropriate here given the nature and purpose behind Section 230, a statute intended to protect websites from both "ultimate liability" but also from the burdens of litigation, including the expense of "costly and protracted legal battles." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1099 (9th Cir. 2019), cert. denied, 140 S. Ct. 2761, 206 L. Ed. 2d 936 (2020); *Nemet*

*Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255–58 (4th Cir. 2009*)* (courts should "resolve the question of [Section 230] immunity at the earliest possible stage of the case"). For these reasons, the Court should issue an order staying Defendants' obligation to respond to the already served discovery requests and the service of all further discovery requests pending the Court's ruling on Defendants' Motion to Dismiss filed under Fed. R. Civ. P. 12(b) (ECF # 34) or Defendants' likely motion to dismiss the amended complaint Plaintiff has indicated she intends to file.

## II.     PROCEDURAL HISTORY

Plaintiff filed her Complaint on February 19, 2021 seeking to represent a class composed of "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years." Compl. ¶ 112. The parties then agreed on March 18, 2021 that Defendants' deadline to file a responsive pleading was extended to June 30, 2021.

On May 24, 2021, prior to any Rule 26(f) conference, Plaintiff emailed Defendants extensive discovery requests, including 31 requests for production and four interrogatories.[1]  Massey Decl. ¶ 6.  Under Rule 26(d), the document requests would be "considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B). That conference took place on July 1, 2021. Therefore, absent a stay of discovery, Defendants must respond to Plaintiff's document requests by August 2, 2021.

The Court entered a Notice of Intent to issue a Scheduling Order in September 2021, which would have required the parties to hold their Rule 26(f) conference by August 12, 2021 if they had not already done so. In light of the Court's Notice,

---

[1] The four interrogatories sent were improperly served. Accordingly, Defendants have no obligation to respond to these interrogatories until they are properly re-served.

Defendants asked Plaintiff to agree to use August 12 as the start date for discovery, making responses to the document requests due by September 13, 2021 – after the hearing on this motion, after Plaintiff files her anticipated amended complaint, and after Defendants file their likely motion to dismiss the amended complaint. Plaintiff refused. Massey Decl., Ex. E.

The parties have agreed to conduct some limited discovery including to exchange initial disclosures on July 22, 2021, to prepare and file the joint Rule 26(f) report, and to negotiate the terms of an ESI/document production protocol and a confidentiality stipulation and order.

### III. PLAINTIFF'S DISCOVERY REQUESTS

Plaintiff has not yet moved for class certification in this matter. Accordingly, Plaintiff herself is the only party currently before the Court. Yet, Plaintiff's discovery requests seek information from February 19, 2011, to "the present," Massey Decl., Ex. A, p.5, nearly ten years before she alleges that videos depicting her were uploaded to any website operated by a Defendant. Compl. ¶ 110. None of these requests expressly refer to the alleged content that Plaintiff identifies in her Complaint. Massey Decl., Ex. A. Further, many of these requests are worded expansively, requesting information and documents wholly unrelated to Plaintiff. Other requests seek material relating to Defendants' efforts to train employees to review content other than the alleged child sexual abuse material ("CSAM") at issue in the Complaint; Defendants' systems for flagging, reviewing and removing illegal material generally, not only CSAM; and the financial benefits Defendants derive from images generally displayed on websites operated by any Defendant, not only any CSAM displayed on the sites.

Some of Plaintiff's most extensive discovery requests include:

RFP 1: **All complaints or requests You received to remove material**

> containing CSEM ("child sexual exploitation material") or concerning child sex trafficking from Your sites, and Your responses to those requests, including but not limited to Content Removal Request Forms.
>
> RFP 4: **All Documents or communications concerning (i) the hiring and training of Employees to review content before or after it is uploaded or posted to Your sites**; and (ii) the hiring and training of Employees to moderate Your sites and field complaints or requests to remove CSEM or child sex trafficking content.
>
> RFP 7: **Documents sufficient to show how Mindgeek benefits financially from individual videos and/or photographs that are displayed on its websites**, including revenues attributable to CSEM or child sex trafficking content on Your sites.

Massey Decl., Ex. A. In addition to not being limited to the posting and removal of content depicting Plaintiff or other issues arguably raised by the Complaint, these requests seek material regarding such matters as Defendants' moderation procedures that fall squarely into the statutory immunity provided by Section 230. Additional examples of Plaintiff's overly broad requests, none of which are connected to the alleged content that purportedly depicts her, include requests for documents not limited to those about CSAM concerning "how You create categories of content on Your sites," and "Your decision to delete words from video titles that describe criminal content." Massey Decl., Ex. A, RFPs 19-20.

## IV. LEGAL STANDARD

This Court possesses broad authority to stay discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and "for the parties' and witnesses' convenience and in the interests of justice …." Fed. R. Civ. P. 26(c)–(d). The Ninth Circuit has repeatedly held that staying discovery is

particularly appropriate where, as here, a dispositive motion is pending. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stating that staying discovery while a motion to dismiss is pending "further[s] the goals of efficiency for the court and litigants."); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002); *Torres v. Cate*, 501 F. App'x 662, 663 (9th Cir. 2012); *Lu v. Central Bank of Republic of China (Taiwan)*, 610 F. App'x 674, 675 (9th Cir. 2015).

California district courts employ "a two-part test providing that it is appropriate to stay discovery if (1) 'the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed,' and (2) 'the pending, potentially dispositive motion can be decided absent additional discovery.'" *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, No. 819CV00927JLSJEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (citing *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (collecting California district court cases applying this two-part test)). In addition, the burden is on Defendants to "'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Quezambra*, 2019 WL 8108745, at *1.

## V.     ARGUMENT

### A.     DEFENDANTS' MOTION TO DISMISS IS DISPOSITIVE OF THE ENTIRE CASE

Defendants' pending motion asserts, *inter alia*, immunity from Plaintiff's claims under 47 U.S.C. § 230, which immunizes Defendants from all of Plaintiff's claims. Any future motion to dismiss filed in response to Plaintiff's anticipated amended complaint will also assert this immunity. Under Section 230, Congress grants "[i]nternet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) (citing *Batzel v. Smith*,

333 F.3d 1018, 1026–27 (9th Cir.2003)).  Section 230 "must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles."  *Dyroff*, 934 F.3d at 1099.  Section 230 immunity claims are meant to be resolved "at the earliest possible stage of the case."  *Nemet Chevrolet, Ltd.*, 591 F.3d at 255.

Requiring Defendants to respond to Plaintiff's expansive discovery before their Motion to Dismiss is ruled on undermines the principles Congress intended to further by passing Section 230, mainly protecting defendant websites who merely publish content produced by others from "costly and protracted legal battles."  *Dyroff*, 934 F.3d at 1099.  For these reasons, federal courts routinely stay discovery pending resolution of Section 230 immunity.  *See Universal Communication Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413 (1st Cir. 2007) (affirming discovery stay and stating that "[P]laintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have."); *Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 1998 WL 896459, at *2–3 (D.N.M. July 16, 1998) (limiting discovery pending Section 230 immunity claims and stating that Congress intended for Section 230 to protect defendant websites from "the burdens of broad reaching discovery."); *Gonzalez v. Twitter*, No. 4:16-CV-03282, Dkt. Nos. 37, 47 (N.D. Cal. Sept. 21, 2016) (minute order staying discovery pending Section 230 motion to dismiss); *Fields v. Twitter, Inc.*, No. 3:16-CV-00213-WHO, Dkt. Nos. 26, 28 (N.D. Cal. Apr. 7, 2016) (holding that "that a discovery stay is appropriate" pending resolution of issue of Section 230 immunity*); Noah v. AOL Time Warner, Inc.*, No. 02- CV-1316 (E.D. Va. May 7, 2003), Dkt. No. 31 (staying all discovery before motion to dismiss was resolved); *Blumenthal v. Drudge*, No. 97-CV-01968 (D.D.C. Nov. 28, 1997), Dkt. Nos. 15, 17 (staying all discovery pending resolution of "dispositive motions").

Defendants' Motion to Dismiss also raises threshold deficiencies with

Plaintiff's Complaint that are entirely separate from Section 230, including standing, among other issues. California district courts frequently stay discovery when motions to dismiss raise these threshold pleading issues. *See Quezambra,* 2019 WL 8108745, at *2 (staying discovery where motion to dismiss raised issues of "Article III standing, the adequacy of [plaintiff's] pleadings, and [plaintiff's] ability to state a claim based on her allegations"); *Hall v. Tilton*, 2010 WL 539679, at *1–2 (N.D. Cal. Feb. 9, 2010) (staying discovery pending resolution of motion to dismiss based on dispositive statute of limitations issue). As explained in Defendants' Motion to Dismiss, Plaintiff has failed to allege critical elements under Section 1595 of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Def. Mot. To Dismiss at 13-19[2]. Plaintiff has not pleaded facts showing that she was a victim of trafficking, that Defendants participated in the trafficking venture, that Defendants knew (or should have known) of the trafficking involving Plaintiff, or that Defendants knowingly benefitted from any trafficking of Plaintiff, all of which are required to state a TVPRA claim. *Id*. Because Defendants' Motion to Dismiss raises several threshold pleading issues, a partial stay of discovery is warranted.

### B. DEFENDANTS' DISPOSITIVE MOTION CAN BE DECIDED WITHOUT ANY DISCOVERY

California district courts are required to consider whether "'the pending, potentially dispositive motion can be decided absent additional discovery.'" *Quezambra*, 2019 WL 8108745, at *2. Here, no discovery is necessary. Defendants' Motion to Dismiss raises issues that do not require any discovery given that Defendants have moved only under Rule 12(b)(6) which requires the Court to accept all factual allegations in Plaintiff's complaint as true. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the Ninth Circuit just recently reaffirmed, in a

---

[2] Defendants also argue in the Motion to Dismiss that the statutory exception to Section 230, the 2018 Allow States to Fight Online Sex Trafficking Act ("FOSTA") does not apply here.

precedential opinion, that dismissal on the basis of Section 230 immunity is appropriate without any need for discovery where "the allegations in the complaint, taken as true" fail to state a claim that would defeat that immunity. *Gonzalez v. Google LLC*, No. 18-16700, 2021 WL 2546675, at *26 (9th Cir. June 22, 2021).

Courts routinely decide Rule 12(b)(6) motions without resorting to discovery. Indeed, defective pleadings do not justify using discovery as a fishing expedition. Ninth Circuit "case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) (affirming dismissal of complaint) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007)); *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it"). Finally, issuing a partial stay of discovery will further the very purpose of Rule 12(b)(6), "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d at 738. As Defendants' motion has the potential to fully resolve the case, and no discovery is necessary to decide it, a stay is appropriate. *Quezambra*, 2019 WL 8108745, at *2.

### C. DEFENDANTS WILL BE HARMED AND BURDENED IF DISCOVERY IS NOT PARTIALLY STAYED

#### 1. PLAINTIFF'S DISCOVERY IS EXPANSIVE

When the "allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 559. Complying with Plaintiff's discovery requests at this stage in the litigation would be contrary to the Supreme Court's holding in *Twombly*. This is especially apparent where, as here, Plaintiff's vast discovery requests nowhere

mention any of the events specifically concerning Plaintiff. Instead, the requests sweep in documents and information dating back to early 2011, almost a decade before early 2020, when Plaintiff alleges videos of her were posted on a website operated by one of the Defendants. They also seek material about Defendants' training, systems, and finances regarding content other than CSAM. For example, Plaintiff seeks documents showing "how Mindgeek benefits financially from individual videos and/or photographs that are displayed on its websites," RFP 7, without limitation as to either the particular content depicting Plaintiff or a reasonable time period. Further examples of Plaintiff's sweeping requests include documents "concerning how [Defendants] create categories of content," RFP 19, or Defendants' "efforts to track users' search terms relating to CSEM," RFP 15, or Defendant's "decision to delete words from video titles," RFP 20. None of which have any connection to Plaintiff's allegations here. Given the broad reach of Plaintiff's discovery, a stay at this early stage will also avoid the burdens on the Court from discovery disputes that will inevitably arise due to the unsettled scope of Plaintiff's case.

This Court should follow the precedent of other district courts that have prevented defendants from being subjected to expansive discovery which may become entirely unnecessary given Defendants' pending Motion to Dismiss. *See Nguyen v. BMW of N. Am., LLC,* 2021 WL 2284113 (S.D. Cal. June 4, 2021) (issuing a stay of discovery and ruling that "requiring Defendant to engage in discovery … would be prejudicial to Defendant"); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011) (granting protective order staying discovery where it "is apparent … that plaintiffs simply wish to rummage around in [defendant's records] in furtherance of an unfocussed fishing expedition"); *Wilmington Sav. Fund Soc'y FSB v. El*, No. 219CV01852KJDDJA, 2019 WL 6310718, at *2 (D. Nev. Nov. 25, 2019) (staying discovery while motion to remand

was pending and stating "a temporary stay of discovery will further the goal of judicial economy.")

### 2. THERE IS A CLEAR POSSIBILITY THAT DEFENDANTS' MOTION TO DISMISS WILL BE GRANTED

This Court may "take a 'preliminary peek' at the merits of the pending, potentially dispositive motion to determine whether a stay is granted." *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12129944, at *4 (C.D. Cal. Jan. 14, 2013) (citing *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019)). Here, there is a clear possibility that Defendants' motion may be granted because the Ninth Circuit, as recently as of June 22, 2021has resolved Section 230 immunity claims in favor of defendant websites. *Gonzalez*, 2021 WL 2546675, *13-14. Other courts have done the same on allegations similar to those made here. *Doe v. Kik Interactive*, 482 F. Supp. 3d 1242, 1250 (S.D. Fla. 2020); *J.B. v. G6 Hospitality, Inc.*, 2020 WL 4901196, at *7 (N.D. Cal. Aug. 20, 2020).

### 3. THE NATURE AND COMPLEXITY OF THIS ACTION WEIGH IN FAVOR OF PARTIALLY STAYING DISCOVERY

The nature and complexity of Plaintiff's claims provides an additional reason for a partial stay of discovery, particularly given Plaintiff's stated intention to amend her complaint. There is no urgent need for broad discovery at this time, including discovery having no direct bearing on Plaintiff's allegations about her alleged harm. The breadth of this suit justifies allowing the parties to narrow the issues before proceeding with further discovery, even assuming all of Defendants' dispositive grounds for dismissal are rejected. *See* Fed. R. Civ. P. 23(c)(1)(A) (authorizing courts to decide scope of any certifiable class "[a]t an early practicable time"); *Mireskandari*, 2013 WL 12129944, at *4 (staying discovery where pending motion could dispose of at least two of plaintiff's thirteen claims); *cf. Consumeraffairs.com, Inc.*, 591 F.3d

at 255 (stating Section 230 immunity claims are meant to be resolved "at the earliest possible stage of the case.").

## VI. CONCLUSION

For all these reasons, the Court should order a partial stay of discovery pending resolution of Defendants' Motion to dismiss.

DATED: July 9, 2021					RESPECTFULLY SUBMITTED,


					 /s/    *Benjamin Sadun*
					BENJAMIN SADUN (287533)
					benjamin.sadun@dechert.com
					DECHERT LLP
					US Bank Tower, 633 West 5th Street, Suite 4900
					Los Angeles, CA 90071-2013
					Phone: (213) 808-5721; Fax: (213) 808-5760

					KATHLEEN N. MASSEY (*admitted pro hac vice*)
					Kathleen.massey@dechert.com
					MARK S. CHEFFO (*pro hac vice forthcoming*)
					mark.cheffo@dechert.com
					DECHERT LLP
					Three Bryant Park
					1095 Avenue of the Americas
					New York, NY 10036
					Phone: (212) 698-3500; Fax: (212) 698 3599
					*Attorneys for Defendants*

CASE NO. 8:21-CV-00338

**MOTION FOR A PARTIAL STAY OF DISCOVERY**

12