BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219- 1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | CASE NO. 8:21-CV-00338-CJC-ADS<br><br>Judicial Officer:  Cormac J. Carney<br>Courtroom:         9B<br><br>**DECLARATION OF KATHLEEN N. MASSEY IN SUPPORT OF DEFENDANTS' MOTION FOR A PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION UNDER FED. R. CIV. P. 12(b)(6)**<br><br>Hearing Date: August 9, 2021 |

CASE NO. 8:21-CV-00338

**DECLARATION OF KATHLEEN N. MASSEY ISO DEFENDANTS' MOTION TO PARTIALLY STAY DISCOVERY**

**DECLARATION OF KATHLEEN N. MASSEY**

I, Kathleen N. Massey, hereby declare and state:

1. I am a partner with the law firm of Dechert LLP, counsel of record for the defendants in the above-captioned action and admitted *pro hac vice* to appear in this matter before the Court.

2. I have personal knowledge of the facts stated herein and, if called and sworn as a witness, I could and would testify competently with respect thereto.

3. I make this Declaration in support of the Defendants' Motion For a Partial Stay of Discovery Pending Resolution of Dispositive Motion under Fed. R. Civ. P. 12(b)(6).[1]

4. On February 19, 2021, Plaintiff Jane Doe filed a putative class action lawsuit against Defendants. Dkt. 1. The Complaint alleges six causes of action, including violations of federal and state statutory law, as well as common law claims. It seeks injunctive relief, compensatory and punitive damages, reasonable attorneys' fees, and other relief the Court deems just and proper. *Id.*, Prayer for Relief. The putative class is defined as "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years." *Id.* ¶ 112. Plaintiff seeks a determination that this is a proper class action under Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff's counsel as class counsel.

5. On March 19, 2021, the Parties filed a stipulation extending Defendants' initial time to respond to the Complaint to June 30, 2021.

6. On May 24, 2021, while counsel for both parties were still corresponding regarding the appropriate timing for their Rule 26(f) conference, Plaintiff's counsel

---

[1] Given Plaintiff's position that this motion is not a discovery motion, Plaintiff requested that this motion be considered by Judge Carney. A true and correct copy of this correspondence is attached hereto as Exhibit G.

sent by email 31 requests for production and four interrogatories. A true and correct copy of the discovery sent to Defendants' counsel is attached hereto as Exhibit A.

7. During a video call on May 26, I informed Plaintiff's counsel that Defendants would be moving to dismiss the Complaint and proposed deferring a Rule 26(f) conference and further discovery until after the motion was decided.

8. On June 4, I emailed Plaintiff's counsel to reiterate that Defendants would be filing a motion to dismiss. I also emphasized that Defendants' motion would raise, among other things, key legal issues which do not require fact discovery, and that the motion would be dispositive of the entire case if granted. To avoid unnecessary time and expense for both sides, and to avoid burdening the Court with unnecessary motion practice, I formally requested that the parties postpone the Rule 26(f) conference and that Plaintiff stipulate to adjourning the deadline for filing a 26(f) report until after the Court has decided the anticipated motion to dismiss. In the spirit of compromise, and to prepare for the possibility of discovery, I agreed with a proposal by Plaintiff's counsel that the parties discuss a date for the exchange of Rule 26(a)(1) disclosures and offered to discuss the preparation of a confidentiality stipulation and order, and the ADR provisions addressed by Local Rule 26-1, among other topics.  A true and correct copy of this correspondence is attached hereto as Exhibit B.

9. On June 4, Plaintiff's counsel responded to my email, rejecting Defendants' proposal to postpone the Rule 26(f) conference and to stipulate to adjourning the deadline for filing a 26(f) report until after the Court has decided the anticipated motion to dismiss.  Plaintiff's counsel also stated that they would be filing a motion with respect to the Rule 26(f) conference.  A true and correct copy of this correspondence is attached hereto as Exhibit C.

10. Through the course of communications required pursuant to Local Rule 37-1 before the filing of a motion relating to discovery, including a video conference on June 23, the parties ultimately agreed to proceed with the Rule 26(f) conference.

During the June 23 conference, I asked whether, notwithstanding the Rule 26(f) conference, Plaintiff would be willing to grant Defendants an extension of time to respond to the early discovery requests and to defer further discovery until after Defendants' anticipated motion to dismiss was decided. Plaintiff's counsel did not agree.

11. Assuming that the parties were obligated to comply with Local Rule 37-1 insofar as this dispute is concerned, as they had been doing with regard to Plaintiff's threatened motion relating to the Rule 26(f) conference, on June 28, I sent a letter to Plaintiff's counsel confirming Defendants' request for an extension of the time to respond to Plaintiff's discovery requests and a stay of all other discovery except for exchanging Rule 26(a) initial disclosures. I set forth the issues and Defendants' position on them, and I provided the legal authority supporting Defendants' position. A true and correct copy of this correspondence is attached hereto as Exhibit D.

12. Later that day, Plaintiff's counsel informed me that they believed Local Rule 37-1 does not apply and that a conference pursuant to Local Rule 7-3 was appropriate.

13. Counsel for Plaintiff and Defendants had planned to conduct the Rule 26(f) conference by video call on July 1, 2021. During the course of that meeting, counsel for the parties thoroughly addressed their respective positions concerning Defendants' request to defer discovery pending a ruling on their motion to dismiss, which had been filed the day before, Dkt. 34. They also discussed the substance of Defendants' contemplated motion and any potential resolution. No resolution of the issues was reached, and counsel for the parties agreed that that discussion would constitute their meeting and conferring pursuant to Local Rule 7-3.

14. Shortly after the parties' conference on July 1, the Court issued a Notice of Intent stating that the Court will issue a Scheduling Order pursuant to F.R.C.P. 16(b) on September 2, 2021.

15. On July 2, 2021, Defendants' counsel reiterated the request for an extension

of the time to respond to the discovery served. Plaintiff refused. A true and correct copy of this correspondence is attached hereto as Exhibit E.

16. On July 6, 2021, Plaintiff's counsel advised that they intend to amend the Complaint rather than oppose Defendants' motion to dismiss. A true and correct copy of this correspondence is attached hereto as Exhibit F.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Declaration was executed on July 9, 2021 at New York, New York

DATED: July 9, 2021                                    RESPECTFULLY SUBMITTED,


/s/ *Kathleen N. Massey*
Kathleen N. Massey