# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>                                    Defendants. | Case No. 8:21-CV-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

## PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jane Doe hereby requests that Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., Mg Freesites, Ltd (d/b/a Pornhub), Mg Freesites II, Ltd, Mg Content Rt Limited, and 9219-1568 Quebec, Inc. (d/b/a Mindgeek) (collectively, "Mindgeek" or "Defendants") produce the following documents or things at the offices of Susman Godfrey L.L.P., 1900 Avenue of the Stars, 14th Floor, Los Angeles, CA 90067, within 30 days after the date of service of this document.

The following definitions and instructions apply to the requests listed below.

## DEFINITIONS AND INSTRUCTIONS

1.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and the statements by which such information is transmitted.

1

2.      "Concern" or "concerning" means relating to, referring to, describing, evidencing or constituting.

1.      "CSEM" means "child sexual exploitation material," and refers to child pornography, or the visual depiction of sexually explicit conduct involving a minor (a person under the age of 18), including but not limited to lascivious exhibition of the anus, genitals, or pubic area of any person.

2.      "Documents" means without limitation any item described by Federal Rule of Civil Procedure 34, and any written, printed, typed, graphic, photographed, and recorded or otherwise reproduced or stored communication, representation or information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations.  This term includes whatever form and by whatever means such documents may have been created or stored including, but not limited to:  any handmade form, such as writing; any photographic form, such as microfilm, microfiche, prints, slides, negatives, photocopies; and mechanical form such as printing or typing; any electrical, electronic, or magnetic form such as tape recordings, cassettes, or any information on an electronic or magnetic storage device such as floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, hard drives, or electronic notebooks; and any printout or readout from any magnetic storage device.  All documents provided in response to these Document Requests are to include all versions of each responsive document, including all drafts and copies of each document.  For the avoidance of doubt, this term includes social media content, instant messages and electronic messages on ephemeral messaging platforms, text messages, and voicemails.

2

3.     "Employee" includes any current or former, full- and part-time employees, contractors, contract employees, volunteers, interns, lobbyists, officers, directors, or other agents and/or representatives of You.

4.     "Child sex trafficking" refers to any instance where a person under the age of 18 is caused to engage in a commercial sex act.

5.     "Model Program" means the program offered for users to participate in the profits from their content, as amended from time to time by You.

6.     "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7.     "You," "Your," or "Mindgeek" mean Mindgeek USA Incorporated, Mindgeek S.A.R.L., Mg Freesites, Ltd (d/b/a Pornhub), Mg Freesites II, Ltd, Mg Content Rt Limited, and 9219-1568 Quebec, Inc. (d/b/a Mindgeek), and any corporate parent, subsidiary, or affiliate of any of the aforementioned entities, and any officer, employee, agent, representative, or person acting or purporting to act on behalf of any of the aforementioned entities, or any of their corporate parents, subsidiaries, or affiliated entities.

8.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.     The use of the singular form of any word includes the plural and the plural as singular as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside their scope.

10.     You must supplement your responses to the extent required by the Federal Rules of Civil Procedure.

11.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

12.     If You withhold any information under a claim of privilege, identify:

a.  the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

b.   For documents: (i) the type of document, e.g., letter or memorandum; (ii) the subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients,  and, where not apparent, the relationship of the author, addressees, and recipients to each other;

c.  For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the subject matter of the communication.

d.  If no information is being withheld under a claim of privilege, so state.

e.  Any document or part of a document withheld under a claim of privilege must be preserved.

13.     If any document responsive to a request once existed but have been destroyed or discarded, or otherwise are not capable of being produced, provide a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each

person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession, custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the discovery request to which the document is responsive.

14.     If you have no documents responsive to a particular request, please so state.

15.     Unless otherwise stated, the time period for these Requests is February 19, 2011 to the present.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All complaints or requests You received to remove material containing CSEM or concerning child sex trafficking from Your sites, and Your responses to those requests, including but not limited to Content Removal Request Forms.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify Your policies or procedures concerning the elimination of CSEM or child sex trafficking material from Your sites, including but not limited to terms of service, moderation policies and other measures to prevent such content from being uploaded or posted.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents or communications concerning Your efforts, policies or procedures concerning the elimination of CSEM or child sex trafficking material from Your sites, including but not limited to moderation policies and other measures to prevent such content from being uploaded or posted, and directives, instructions or guidance to Employees concerning the identification and elimination of CSEM or child sex trafficking material from Your sites.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents or communications concerning (i) the hiring and training of Employees to review content before or after it is uploaded or posted to Your sites; and (ii) the hiring and training of Employees to moderate Your sites and field complaints or requests to remove CSEM or child sex trafficking content.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and communications related to Your systems for flagging, reviewing, and removing illegal material, as well as your parental controls and automated detection technologies to prevent, identify, and remove CSEM and child sex trafficking content.

**REQUEST FOR PRODUCTION NO. 6:**

Any financial analyses, reports or discussion concerning the impact of the presence of illegal, underage CSEM or child sex trafficking content on Your site, or of removing such content from Your sites or modifying Your protocols concerning such content.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show how Mindgeek benefits financially from individual videos and/or photographs that are displayed on its websites, including revenues attributable to CSEM or child sex trafficking content on Your sites.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify Your identity verification procedures for users of Your sites, including but not limited to procedures to confirm (i) the identity of the person uploading or posting content on your sites and whether that person owns the copyrights in the content to be posted or uploaded; and (ii) that a person depicted in sexually explicit content has consented to its posting or uploading on Your sites.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents or communications concerning Your identity verification procedures for users of Your sites, proposals to institute identity verification procedures, and decisions not to institute such procedures.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identity Your age verification procedures for users of Your sites, including but not limited to procedures to confirm (i) the age of the person uploading or posting content to Your sites; and (ii) the age of a person depicted in sexually explicit content on Your sites.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents or communications concerning Your age verification procedures for users of Your sites, proposals to institute age verification procedures, and decisions not to institute such procedures.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents or communications concerning Your efforts, policies and procedures to prevent Model Program participants from uploading content of someone else who is not over the age of 18.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents or communications concerning Your efforts, policies or procedures to identify and ban persons who violate Your "zero tolerance policy against underage content, as well as the exploitation of minors in any capacity", including any Documents or communications (i) identifying when you instituted the policy; (ii) discussing, proposing, or rejecting such a policy; and (iii) concerning any decisions not to identify and ban persons who violate such policy.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents or communications concerning the tracking of CSEM or child sex trafficking content posted or uploaded on Your sites.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents or communications concerning Your efforts to (i) track users' search terms relating to CSEM or child sex trafficking content; (ii) ban certain search terms relating to such content; and (iii) remove content hitting on such search terms.

**REQUEST FOR PRODUCTION NO. 16:**

Any Documents or communications concerning any data or analyses conducted relating to user behavior, preferences, or searches relating to CSEM or child sex trafficking content.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents or communications concerning advertising in connection with videos uploaded or posted to Your sites that depict CSEM or child sex trafficking content, including but not limited to (i) Your use of Your advertising program to connect advertisers to viewers of underage content; (ii) advertisers' use of Your advertising program to target viewers of underage content; and (iii) any discussions concerning Your allowance of such targeted advertising.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents or communications concerning the creation, promotion, or elimination of "playlists" of underage content on Your sites, including any discussions regarding playlists that explicitly refer to underage content, including but not limited to playlists titled "less than 18," "the best collection of young boys," and "under---age".

**REQUEST FOR PRODUCTION NO. 19:**

All Documents or communications concerning how You create categories of content on Your sites, including any discussions regarding categories that may include underage content, such as "babysitter," "college," and "school".

**REQUEST FOR PRODUCTION NO. 20:**

All Documents or communications regarding Your decision to delete words from video titles that describe criminal content while leaving the actual videos posted or uploaded on Your sites.

**REQUEST FOR PRODUCTION NO. 21:**

Any communications with law enforcement regarding requests to remove CSEM or child sex trafficking content from Your sites.

8176995v1/016926

**REQUEST FOR PRODUCTION NO. 22:**

Any communications with law enforcement regarding Your efforts, policies and procedures to prevent, identify, and remove CSEM or child sex trafficking content on Your sites.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents or communications with or received from the National Center on Sexual Exploitation or any other advocacy group regarding CSEM or child sex trafficking content on Your sites.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents or communications with or received from the National Center for Missing and Exploited Children regarding CSEM or child sex trafficking on Your sites.

**REQUEST FOR PRODUCTION NO. 25:**

Any communications with government officials regarding Your efforts, policies and procedures to prevent, identify, and remove CSEM or child sex trafficking content on Your sites.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents or communications concerning changes over time and the reasons for such changes to (i) Your age and identity verification policies or procedures; and (ii) Your efforts to prevent, identify, or eliminate CSEM or child sex trafficking content from being posted or uploaded to Your sites.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents or communications with any third parties concerning the prevention, existence, identification, or removal of CSEM or child sex trafficking content on Your sites, including Documents or communications with governmental entities or Your potential acquirers.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents or communications relating to the outside experts You retained to independently review its compliance program and make recommendations that focus on eliminating all illegal content and achieve a "best-in-class" program that sets the standard for the technology industry described at https://help.pornhub.com/hc/en-us/categories/360002934613.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents or communications relating to the "major steps" taken by You described at https://help.pornhub.com/hc/en-us/categories/360002934613.

8176995v1/016926

**REQUEST FOR PRODUCTION NO. 30:**

All Documents or communications relating to Your April 2021 Transparency Report described at https://help.pornhub.com/hc/en-us/categories/360002934613.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents or communications relating to the independent review conducted by Kaplan Hecker & Fink LLP, described at https://help.pornhub.com/hc/en-us/categories/360002934613, including any compliance suggestions You have received.

Dated: May 24, 2021

Respectfully submitted,

*s/ Arun Subramanian*
DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

ARUN SUBRAMANIAN
(Pro Hac Vice forthcoming)
asubramanian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Telephone:  (212) 336-8330
Facsimile:  (212) 336-8340

*Attorneys for Plaintiff Jane Doe*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of May, 2021 I caused Plaintiff's First Request for the Production of Documents to be served by email on counsel for the Defendants, Kathleen Massey & Mark Cheffo (Dechert) and Anthony Penhale (Mindgeek).


*s/ Arun Subramanian* _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>                            Plaintiff,<br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>                       Defendants. | Case No. 8:21-CV-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>
<u>**TO DEFENDANTS**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Local Civil Rule 33, Plaintiff Jane Doe hereby requests that Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., Mg Freesites, Ltd (d/b/a Pornhub), Mg Freesites II, Ltd, Mg Content Rt Limited, and 9219-1568 Quebec, Inc. (d/b/a Mindgeek) (collectively, "Mindgeek" or "Defendants") answer the following interrogatories as required by Rule 33(b), and afterward supplement such interrogatory answers as necessary to comply with the requirements of Rule 26(e)(1).

<u>**DEFINITIONS**</u>

1.      "Child sex trafficking" refers to any instance where a person under the age of 18 is caused to engage in a commercial sex act.

2.       "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and the statements by which such information is transmitted.

1

3.      "Concern" or "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      "CSEM" means "child sexual exploitation material," and refers to child pornography, or the visual depiction of sexually explicit conduct involving a minor (a person under the age of 18), including but not limited to lascivious exhibition of the anus, genitals, or pubic area of any person.

5.       "You," "Your," or "Mindgeek" mean Mindgeek USA Incorporated, Mindgeek S.A.R.L., Mg Freesites, Ltd (d/b/a Pornhub), Mg Freesites II, Ltd, Mg Content Rt Limited, and 9219-1568 Quebec, Inc. (d/b/a Mindgeek), and any corporate parent, subsidiary, or affiliate of any of the aforementioned entities, and any officer, employee, agent, representative, or person acting or purporting to act on behalf of any of the aforementioned entities, or any of their corporate parents, subsidiaries, or affiliated entities.

6.       "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7.      "Employee" includes any current or former, full- and part-time employees, contractors, contract employees, volunteers, interns, lobbyists, officers, directors, or other agents and/or representatives of You.

8.      When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified

in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9.      When referring to documents, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

10.     "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural and the plural as singular as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside their scope.

## **<u>INSTRUCTIONS</u>**

1.      In addition to the specific instructions set forth below, these discovery requests incorporate the instructions set forth in Federal Rules of Civil Procedure 26 and 33 and Rule 33 of the Local Civil Rules of the United States District Court for the Central District of California.

2.      Each response shall be numbered in the same manner and sequence as the corresponding interrogatory. Please respond to each interrogatory separately by setting forth the interrogatory followed by your response to the interrogatory.

3.      Each interrogatory shall be construed independently, and no interrogatory shall be viewed as limiting the scope of any other interrogatory unless the request so specifies.

4.      Whenever an interrogatory may be answered by referring to a document, that document shall be identified in the response by Bates number or, if the document has not previously been produced, that document shall be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

5.      If You elect to produce business records in response to an interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, produce the records as they are kept in the usual course of business or organize and label them to correspond with the interrogatory. If the document is being produced in its native electronic format (inclusive of its metadata), identify the document using its hash or other appropriate electronic identification and identify the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the employee, officer, or agent certifying the documents as a business record.

6.      Where specific items are listed as being included within a general category of requested information, address both the listed items and any other items falling within the general category.

7.      If You withhold any information under a claim of privilege, identify:

(a)     the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b)      For documents: (i) the type of document, e.g., letter or memorandum; (ii) the subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients,  and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(c)     For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the subject matter of the communication.

(d)     If no information is being withheld under a claim of privilege, so state.

(e)     Any document or part of a document withheld under a claim of privilege must be preserved.

8.    If any document responsive to a request once existed but have been destroyed or discarded, or otherwise are not capable of being produced, provide a list specifying each such document and setting forth the following information: (i) the date of the document; (ii) a description of the subject matter of the document; (iii) the name and last known address of each person who prepared or participated in the preparation of the document; (iv) the name and last known address of each addressee or other person to whom the document, or any part thereof, was sent or to whom the document or its contents, or any part thereof, was disclosed; (v) the name and last known address of any person not covered by items (iii) and (iv) who had possession,

custody or control of the document or a copy thereof; (vi) the date on which the document was destroyed or discarded and a statement of the reasons why the document was destroyed or discarded or why such document is not capable of being produced; and (vii) the discovery request to which the document is responsive.

9.      If only a part of a discovery request is objectionable, the remainder of the request shall be answered. If an objection is made to an interrogatory, or a part of an interrogatory, the specific ground for the objection shall be set forth clearly in the response to that interrogatory.

10.      The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after answering these interrogatories you discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as practicable.

11.      Unless otherwise stated, the timeframe for the interrogatories below is February 19, 2011, to present.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each of the individuals, whether or not currently employed by You, who are the most knowledgeable about Your (i) efforts to monitor and eliminate CSEM and child sex trafficking content posted or uploaded to Your sites, including (ii) policies and/or procedures to monitor and eliminate CSEM and child sex trafficking content posted or uploaded to Your sites; and (iii) the financial implications of eliminating such content.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify all of Your current and former Employees who participated in, implemented, or monitored the effectiveness of Your "zero tolerance policy against underage content, as well as the exploitation of minors in any capacity."[1]

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify how You determine whether content posted or uploaded on Your sites that is reported or flagged for CSEM or child sex trafficking violates Your content policies, including (i) who among Your current and former Employees is or was responsible for establishing, implementing, and enforcing any of Your policies and procedures to make such determinations; and (ii) how Your policies and procedures to make such determinations have changed over time.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify how You determine whether to ban a user who posts or uploads content on Your sites that is reported or flagged for CSEM or child sex trafficking, including (i) who among Your current and former Employees is or was responsible for establishing, implementing, and enforcing any of Your policies and procedures to make such determinations; (ii) any policies or procedures You have to prevent that user from engaging in the same conduct under a new account or username; and (iii) how Your policies and procedures to make such determinations to ban a user or prevent a user from engaging in the same conduct under a new account or username have changed over time.

**RESPONSE:**

---

[1] https://help.pornhub.com/hc/en-us/articles/1260803955549-Transparency-Report.

Dated: May 24, 2021

Respectfully submitted,

*s/ Arun Subramanian*
DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

ARUN SUBRAMANIAN
(Pro Hac Vice forthcoming)
asubramanian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Telephone:  (212) 336-8330
Facsimile:  (212) 336-8340

*Attorneys for Plaintiff Jane Doe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of May, 2021 I caused Plaintiff's First Set of

Interrogatories to be served by email on counsel for the Defendants, Kathleen Massey & Mark

Cheffo (Dechert) and Anthony Penhale (Mindgeek).

<u>*s/ Arun Subramanian*</u>