# Exhibit D



Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**KATHLEEN N. MASSEY**

kathleen.massey@dechert.com
+1 212 698 3686  Direct
+1 212 698 0473  Fax

June 28, 2021

**VIA E-MAIL**

Arun Subramanian, Esq.
Susman Godfrey L.L.P.
1301 Avenue of the Americas
32nd Floor
New York, NY  10019

Re:   *Jane Doe v. MindGeek USA Inc., et al.*, Case No. 8:21-cv-00338

Dear Arun:

Pursuant to Local Rule 37-1, we write on behalf of Defendants to reiterate our request for an extension of the time to respond to Plaintiff's discovery requests emailed on May 24, 2021, and a stay of all other discovery except for exchanging Rule 26(a) initial disclosures.  As we have discussed, Defendants request that additional discovery be deferred until 30 days after the Court rules on Defendants' anticipated motion to dismiss.

Defendants have repeatedly requested that Plaintiff consent to a postponement of the Rule 26(f) conference until at least 30 days after the Court's decision on Defendants' anticipated motion to dismiss.  We have highlighted that the case is in its infancy.  No response to the Complaint has been made.  The Court has not yet set a date for an initial scheduling conference, the event that typically triggers the holding of a Rule 26(f) conference.  When Defendants respond to the Complaint on June 30, they will be moving to dismiss the Complaint in its entirety.  The Court will not likely rule on the anticipated motion to dismiss until at least August. If Defendants are successful on the motion to dismiss, which they believe they should be, the need for any discovery in this case would become moot.

During our introductory call on May 26, Defendants offered to prepare a stipulation and order to set the deadline for a Rule 26(f) conference to a date at least 30 days after the Court's decision on Defendants' anticipated motion to dismiss.  Plaintiff refused to agree.

Following that call, by email sent to you on June 4, Defendants reiterated their position that holding a conference at this stage of the case would be a waste of resources and reviewed the supporting facts for their position.  At the same time, Defendants offered to confer informally on most of the issues that would typically be covered at a conference pursuant to Rule 26(f) and the Local Civil Rules.  We offered to discuss preparing a confidentiality order, the preservation of



Arun Subramanian, Esq.
June 28, 2021
Page 2

discoverable information, the date for exchange of Rule 26(a) disclosures, whether and to what extent the procedures in the Manual for Complex Litigation should be utilized; potential ADR and the timing for a Rule 26(f) conference, among other topics. However, Plaintiff refused to engage on the substantive issues, and you informed us by email on June 4 that Plaintiff would file a motion to compel the holding of a formal Rule 26(f) conference.

During our meet and confer on June 23, Defendants offered to hold an informal conference covering all of the topics required to be discussed pursuant to Rule 26(f) and the Local Civil Rules. Plaintiff again refused to discuss the substantive issues outside the context of a formal conference that would trigger the time for Defendants to respond to Plaintiff's early Rule 34 requests.[1] Courts often deny motions to compel Rule 26(f) conferences in our precise circumstances, finding good cause to wait until after a motion to dismiss is decided where the motion may dispose of the case in its entirety, or may well "alter the landscape of the case significantly as to claims, defenses and jurisdiction." *Yagman v. Garcetti*, 2020 WL 8125658, *1 (C.D. Cal. Sep. 3, 2020). Notwithstanding the foregoing, Plaintiff insists on proceeding with a formal conference.

To avoid motion practice over the timing of a Rule 26(f) conference, Defendants agreed during our meet and confer on June 23 to participate in a formal Rule 26(f) conference. Although the time to respond to Plaintiff's requests has not yet started to run, it will start to run after the parties have held their Rule 26 conference on July 1, 2021. In light of the foregoing, Defendants requested during the meet and confer that Plaintiff consent to adjourning the time for Defendants to respond to the early discovery requests, effectively seeking a stay of discovery until after the Court has entered a scheduling order for discovery. Plaintiff refused.

A stay of discovery is appropriate pending the outcome of a dispositive motion, particularly where the motion argues that the plaintiffs' claims fail as a matter of law and the litigation is at an early stage. *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, *2 (C.D. Cal. Oct. 18, 2013). Among the factors used to determine if good cause exists are "whether the motion is potentially dispositive of the entire case," "whether the pending motion can be decided without additional discovery," and "the posture or state of the litigation." *Id.* All of those factors are satisfied in this

---

[1] We are not aware of any authority that would support Plaintiff's early Rule 33 requests. With limited exceptions, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). One exception allows a request under Rule 34 (Fed. R. Civ. P. 26(d)(2)), but there is no exception that allows a request under Rule 33.



Arun Subramanian, Esq.
June 28, 2021
Page 3

case. As we have advised, one of the primary grounds for our motion to dismiss is that Plaintiff's claims are barred by Section 230 of the Communications Decency Act ("Section 230"). Section 230 affords a provider of interactive computer services (an "ICS") broad immunity from liability for content posted to its websites by third parties. No discovery is required to decide the anticipated motion. And the case is at a very early stage.

A stay is especially appropriate "'when jurisdiction, venue, or immunity are preliminary issues'" raised in the motion. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (citation omitted). Under these and similar circumstances, a district court is well within its "wide discretion" to stay discovery "until the issue of [a defendant's] immunity [is] decided," which "stay furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). As Defendants' motion raises a threshold immunity question, and a stay would further the goal of efficiency, a stay of discovery until Defendants' motion is decided is warranted.

For all these reasons, Defendants renew their request to enter into a stay of discovery both as to Plaintiff's early Rule 34 request and all further discovery except for the exchange of Rule 26(a) initial disclosures pending resolution of the motion to dismiss. Absent agreement on this point, we will take the necessary steps to raise the issue with the Court.

Although we have discussed Defendants' request for an extension of the time to respond to Plaintiff's discovery requests on several occasions, Local Rule 37-1 requires us to meet and confer within 10 days of this letter. Please let us know when you are available to do so.



Arun Subramanian, Esq.
June 28, 2021
Page 4

This letter is without prejudice to all of Defendants' defenses, including as to personal jurisdiction.

Sincerely,

/s/ Kathleen N. Massey

Kathleen N. Massey