DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

ARUN SUBRAMANIAN (*Pro Hac Vice*)
asubramanian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page)*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

JANE DOE on behalf of herself and all others similarly situated,

Plaintiff,

v.

MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),

Defendants.

Case No. 8:21-cv-00338-CJC-ADS

**CLASS ACTION**

**JOINT 26(f) REPORT**

Conference Date:
Conference Time:
Courtroom:
Judge: *Hon. Cormac J. Carney*

**JURY TRIAL DEMANDED**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Rule 26(f) Scheduling Conference (ECF No. 23), Plaintiff Jane Doe ("Doe") and Defendants MindGeek USA Incorporated, MindGeek S.A.R.L., MG Freesites Ltd, MG Freesites II Ltd (d/b/a Pornhub), MG Content RT Ltd, and 9219-1568 Quebec Inc. (d/b/a Mindgeek) hereby submit this Joint Rule 26(f) Report.

# I. JOINT RULE 26(F) REPORT

## A. Summary of Claims and Defenses

### *1. Plaintiff's Statement:*

This is a putative class action for damages and injunctive relief brought by Jane Doe, on behalf of herself and all persons who were under the age of eighteen when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants, including the incredibly popular websites of Pornhub and Redtube, in the past ten years. When Jane Doe was in high school, her then-boyfriend recorded four videos of the two of them engaged in sexual intercourse—some of which were recorded without her knowledge, let alone consent. Since December 2019, Jane Doe's now ex-boyfriend has repeatedly posted these videos as well as images to Defendants' website, which has wholly inadequate protections against the posting of sexually explicit content involving minor children. Defendants claim to manually review every video and photo uploaded to their Pornhub site, which means that they have knowingly approved the uploads of sexually explicit videos containing minors. Jane Doe's reporting of the illegal content to Defendants was met with indifference and/or ineptitude, forcing Jane Doe to locate the posts of her underage self and contact Defendants to have them removed. Defendants then told Jane Doe that it offered "no guarantee" that videos of her would not be uploaded successfully in the future, and that she should educate herself on third-party monitoring services.

Jane Doe is not alone. She asserts that over the past decade, Defendants have knowingly benefitted financially from thousands—if not millions—of videos and

images posted to their websites featuring victims who were under the age of eighteen. Jane Doe alleges that despite Defendants having the ability to conduct meaningful age and identity verification procedures that would help prevent the posting or uploading of this material on their sites in the first instance, Defendants choose not to use these procedures because they would drive away users of their websites and cause significant financial losses. Consequently, Defendants' websites have continued to serve as a safe haven for such content despite its awareness of the continued prevalence of sexually explicit content featuring minors on their sites. Jane Doe asserts that Defendants' conduct violates the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1591, 1595 ("TVPRA"), which makes it unlawful for any person or entity to knowingly (whether because it knew or should have known) benefit financially from sex trafficking, which includes any instance where a person under the age of eighteen is caused to engage in a commercial sex act. Jane Doe also asserts claims against Defendants for violating their duty to report child sex abuse material under 18 U.SC. § 2258A, for receipt and distribution of child pornography under 18 U.S.C. § 2252A; for distribution of private sexually explicit materials under Cal. Civ. Code § 1708.85; for violating California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and for unjust enrichment.

Defendants are not entitled to Section 230 immunity from this knowing participation in conduct that expressly violates TVPRA, because Section 230 contains an explicit carve out for claims arising under the TVPRA—i.e., Defendants' knowing participation in and benefit from a venture constituting sex trafficking. Furthermore, Defendants are also not immunized under Section 230 from their misconduct in their role as a content creator.  Jane Doe's allegations include that (i) Defendants themselves admit to producing and creating trafficking content, including live content, on their websites, (ii) that Defendants' websites specifically facilitate, target, and enable the trafficking content through creating playlists of underage

material and directing viewers, through analyzing their user data, to other trafficking content,(iii) that Defendants utilize a revenue-sharing model for advertisements on videos featuring trafficking content, and more.

***2. Defendants' Statement:***

Plaintiff seeks to represent an expansive class of all persons who allegedly had videos posted of themselves on Defendants' websites that were made when such persons were under eighteen years of age. FAC ¶ 152. But the factual allegations relating to her own claims are much narrower. Plaintiff alleges that, when she was sixteen years old, her then-boyfriend created sexually explicit videos of the two of them. After Plaintiff terminated the relationship, her now ex-boyfriend posted these videos onto several websites in an apparent "revenge pornography" plot. After initially posting the videos on other entities' websites, he posted the videos to a website operated by one of the Defendants. This conduct is not only heinous and disturbing, but almost certainly criminal. This putative class action suit, however, attempts to shift the legal liability from Plaintiff's ex-boyfriend for creating and posting the videos to Defendants for allegedly owning and operating internet websites that provided a platform for members of the public to upload and share their video content, even though Plaintiff acknowledges that after she brought the videos to Defendants' attention, they removed them from the site and digitally fingerprinted the content in an effort to block future uploads of it. *Id.* ¶ 149.

Plaintiff's claims are barred by Section 230 of the Communications Decency Act ("Section 230"). Section 230 affords a provider of interactive computer services (an "ICS") broad immunity from liability for content posted to its websites by third parties. Section 230(c)(1) mandates: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230 also expressly preempts all state laws inconsistent with this immunity. *Id.* § 230(e)(3). Plaintiff seeks to circumvent this broad grant of immunity by contending that

Defendants are liable under Sections 1591 and 1595 of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Section 230 immunity applies to such claims, subject to an exception created by the 2018 Allow States to Fight Online Sex Trafficking Act ("FOSTA"), which does not apply here. FOSTA applies only "if the conduct underlying the claim constitutes a violation of [S]ection 1591," the criminal statute prohibiting sex trafficking. 47 U.S.C. § 230(e)(5)(A). Plaintiff fails to plead facts establishing that her ex-boyfriend's conduct constitutes commercial sex trafficking, that Defendants directly participated in that trafficking, or that Defendants had actual knowledge of that trafficking, all of which Section 1591 requires.

Plaintiff's claims also fail because (i) she has not stated a prima facie TVPRA claim against Defendants; (ii) 18 U.S.C. § 2258A is a criminal statute that does not provide any private right of action; (iii) Plaintiff has not alleged that Defendants knowingly received and distributed child sexual abuse material ("CSAM"); (iv) California's "revenge pornography" statute does not apply because Defendants have not knowingly or intentionally distributed Plaintiff's private sexually explicit imagery against her wishes, and because the videos were posted on other websites before Plaintiff's ex-boyfriend posted them on Defendants' site; (v) Plaintiff lacks standing to bring a claim under California's Unfair Competition Law; (vi) Plaintiff has not alleged a prima facie violation of California Civil Code § 52.5; (vii) California does not recognize a cause of action for unjust enrichment; and (viii) Plaintiff's intentional infliction of emotional distress claim fails because Plaintiff has not alleged that Defendants' conduct was intended to inflict injury or engaged in with the realization that injury to Plaintiff would result.

**B. <u>Legal Issues</u>**

<u>Plaintiff's Statement:</u>

Based on Defendants' motion to dismiss, Dkt. 34, which has been rendered moot by Plaintiff's amended complaint, Plaintiff expects that legal issues in this case

will likely include whether Defendants are immune from Plaintiff's claims under Section 230 of the Communications Decency Act, despite a recent change in the law making clear that Section 230 does not grant internet service providers immunity from sex trafficking claims, and whether Defendants' conduct violates California child pornography laws.

Defendants' Statement:

In addition to the legal issues identified in Section I.A., including that Plaintiff has failed to plead facts to establish the 2018 Allow States to Fight Online Sex Trafficking Act ("FOSTA") applies here, there is a legal issue as to whether Plaintiff's putative class action meets the requirements to be certified as such.

**C. Damages**

Plaintiff's Statement:

Plaintiffs are entitled to actual damages, unjust enrichment, and punitive damages in an amount to be determined at trial, as well as injunctive relief. Plaintiffs cannot provide an estimate as to the amount of damages at this stage until they receive discovery from Defendants to determine the scope of the misconduct and the financial benefits realized by Defendants for their misconduct.

Defendants' Statement:

Defendants deny that they are liable to Plaintiff for any damages. Further, the issue of damages is directly affected by the issue of class certification which should be resolved as soon as practicable.

**D. Insurance**

Plaintiff's Statement:

Plaintiff is unaware of any applicable insurance policies.

Defendants' Statement:

Defendants will produce copies of applicable insurance policies .

**E.     Motions**

Plaintiff's Statement:

Plaintiff may seek to file amended pleadings, including to add additional class representatives.

Defendants' Statement:

Defendants will file a motion to dismiss the amended complaint on or before August 4, 2021.  Defendants will  also file a motion for a partial stay of discovery pending resolution of its motion to dismiss.  Under nearly identical circumstances in *Jane Doe et al. v. Reddit, Inc.*, SACV 21-768 JVS(KESx) (C.D. Cal. Jul. 12, 2021), the Court granted a stay of discovery pending resolution of Defendant's motion to dismiss on the grounds of Section 230 immunity.

**F.     Discovery and Experts**

***1.     Changes to R. 26(a) disclosures.***

The Parties do not request any changes to the Rule 26(a) disclosures.  The Parties have already exchanged disclosures.

***2.     Subjects on which discovery may be needed.***

Plaintiff's Statement:

Plaintiff intends to conduct discovery on (i) Defendants' efforts, policies and procedures concerning the identification, removal, and prevention of child sexual exploitation material ("CSEM") and child sex trafficking content from its site, including its age and identity verification procedures and complaint response procedures; (ii) Defendants' knowledge of the posting or uploading of CSEM and child sex trafficking content to its site, including through efforts to track search terms, posts, and complaints or requests to remove such content; (iii) Defendants' financial analyses of the impact of the presence of CSEM or child sex trafficking content on its site and how it benefits financially from individual videos or photos that are posted or uploaded to its site; (iv) Defendants' advertising policies; and (v) Defendants'

communications with law enforcement and third parties regarding the identification, removal, and prevention of CSEM and child sex trafficking content from its site.

Defendants' Statement:

Defendants' intend to conduct discovery on (i) Plaintiff's identity and the identity of the person who uploaded images depicting her to Defendants' websites; (ii) the circumstances under which the content depicting Plaintiff was created; (iii) the uploading of the content depicting Plaintiff to a website operated by one of the Defendants, including but not limited to the dates of the uploads, the titles of the videos uploaded, and the URLs of the videos uploaded; (iv) Plaintiff's knowledge of when and how the videos were uploaded; (v) Plaintiff's communications with others regarding the videos, including her requests for removal and the responses she received to them; (vi) any other information related to the dissemination of images depicting Plaintiff; and (vii) information concerning Plaintiff's alleged injuries.

**3. *Conducting discovery in phases or other limitations.***

Plaintiff's Statement:

Plaintiff does not believe conducting discovery in phases is necessary in this case.

Defendants' Statement:

As mentioned above, Defendants will move for a partial stay of discovery on the grounds, in part, that their motion to dismiss, primarily on immunity grounds, can be decided without any discovery; that the motion, if granted, could negate the need for any discovery; and that discovery under these circumstances would be unduly burdensome.

***4. Changes to Standard Discovery***

The Parties propose the following alterations to the standard discovery process, applicable to each side:

- Interrogatories: 30 requests.

The Parties reserve the right to seek an adjustment of these limitations based on the scope of the allegations in Plaintiff's First Amended Complaint and the scope of discovery. These limitations may be amended by agreement of the parties.

**5. *Discovery conducted to date.***

Plaintiff's Statement:

Plaintiff served her first requests for production on Defendants on May 24, 2021 and served her first set of interrogatories on July 21, 2021.

Defendants' Statement:

Plaintiff emailed her first requests for production and first set of interrogatories to Defendants on May 24, 2021. In accordance with Rule 26(d)(2), Plaintiff's requests for production were deemed served on July 1, 2021, the date of the Parties Rule 26(f) conference.

**6. *Other discovery orders.***

Plaintiff's Statement:

Plaintiff does not seek any other discovery orders at this time.

Defendants' Statement:

As mentioned above, Defendants will move for a partial stay of discovery. In addition, the Parties have agreed to negotiate the terms of a Confidentiality Stipulation and Order and a Stipulation and Order governing the production of documents, including electronically stored information (ESI).

**7. *Number of depositions.***

Plaintiff's Statement:

Plaintiff is not yet in a position to estimate the number of depositions she will seek to take.

Defendants' Statement:

Defendants do not believe there is a need to alter the number of depositions permitted by the Federal Rules.

**8. *Expert disclosures.***

The Parties propose the following schedule related to experts:

- Expert witness disclosures: 5 weeks after the class certification hearing.
- Rebuttal witness disclosures: 4 weeks after expert disclosures.
- Expert discovery cutoff: 8 weeks after rebuttal expert disclosures.

**G. Dispositive motions**

Plaintiff's Statement:

Plaintiff reserves the right to file a motion for summary judgment or motion for partial summary judgment after the completion of fact and expert discovery. Plaintiff has yet to determine what issues or claims might be amenable to determination by motion for summary judgment, or might require a motion *in limine* pre-trial. Plaintiff expects to be in a better position to identify such issues and/or claims at the completion of discovery.

Defendants' Statement:

If Defendants are not successful on their motion to dismiss the amended complaint in its entirety, Defendants will likely file a motion for summary judgment after the completion of fact and expert discovery.

**H. Settlement and settlement mechanism**

The parties have not yet discussed settlement.

Pursuant to Local Rule 16-15, the parties select ADR Procedure No. 3.

**I. Trial estimate**

Plaintiff's Statement:

Plaintiff anticipates the trial of this matter will require seven days, with the time split evenly between the parties. Plaintiff is not yet in a position to estimate the number of witnesses she contemplates calling because the parties have yet to exchange initial disclosures and she is unaware of the number of potential Defendants employees or executives she may need to call.

Plaintiff requests a jury trial.

Defendants' Statement:

Defendants are not yet in a position to estimate the length of trial or the number of witnesses to be called due in part to the uncertainty of whether, if the case proceeds at all, it will proceed as a class action. If the trial is for an individual action, Defendants agree with Plaintiff's anticipated timing.

**J. Timetable**

The parties agree to the following Presumptive Schedule of Pretrial Dates, except that if Defendants' anticipated motion for a partial stay of discovery is granted, Defendants request that the dates in the schedule be adjusted by the length of time of the stay:

| **Matter** | **Agreed Proposal** |
|---|---|
| Non-expert discovery cut-off | 6/15/22 |
| Deadline for motion for class certification | 7/18/22 |
| Defendants' response to motion for class certification | 8/15/22 |
| Plaintiff's reply in support of motion for class certification | 9/12/22 |
| Hearing on class certification | 9/26/22 |
| Opening Expert Witness Disclosures | 10/18/22 |
| Rebuttal Expert Witness Disclosure | 11/18/22 |
| Expert discovery cut-off | 1/16/23 |
| Last day for filing motions, including summary judgment and Daubert motions (other than motions in *limine*) | 2/13/23 |
| Last day for hearing motions | 4/10/23 |

| | |
|---|---|
| Last day for filing motions in *limine* | 4/17/23 |
| Deadline to submit Memorandum of Contentions of Fact and Law | 5/1/23 |
| Deadline to submit Final Pre-trial Conference Order, Joint Statement of the Case, Joint Exhibit List; Witness Lists; Joint Jury Instructions; and Joint Verdict Form (including Word versions) (1 week before pretrial conference) | 5/15/23 |
| Final Pretrial Conference, hearing on motions in limine | 5/22/23 |
| Trial date | 6/5/23 |

**K. <u>Other issues</u>**

<u>Plaintiff's Statement:</u>

As set forth in Paragraph 7 of the First Amended Complaint, Plaintiff Jane Doe requests that the Court permit her to proceed under a pseudonym. Plaintiff will file a motion for leave to proceed under this pseudonym. Plaintiff's anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature given that the allegations detailed in the First Amended Complaint relate to Plaintiff's experience as a victim of child sex trafficking and child pornography.

Plaintiff does not have any subsidiaries, parents or affiliates.

<u>Defendants' Statement:</u>

Defendants do not object to Plaintiff proceeding anonymously, subject to Plaintiff agreeing to the disclosure of her identity to Defendants in discovery after the entry of an appropriate Confidentiality Order.

**L. <u>Magistrates</u>**

The Parties do not consent to a magistrate judge presiding over this matter for all purposes.

Dated: July 30, 2021

| SUSMAN GODFREY L.L.P.<br><br>*s/ Krysta Kauble Pachman*<br>DAVIDA BROOK (275370)<br>dbrook@susmangodfrey.com<br>KRYSTA KAUBLE PACHMAN (280951)<br>kpachman@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067-6029<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>ARUN SUBRAMANIAN (Pro Hac Vice)<br>asubramanian@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1301 Avenue of the Americas, 32nd Fl.<br>New York, NY 10019-6023<br>Telephone: (212) 336-8330<br>Facsimile: (212) 336-8340<br><br>STEVE COHEN (Pro Hac Vice)<br>SCohen@pollockcohen.com<br>POLLOCK COHEN LLP<br>60 Broad St., 24th Floor<br>New York, NY 10004<br>Phone: (212) 337-5361<br><br>*Attorneys for Plaintiff Jane Doe* | DECHERT LLP<br><br>*s/ Benjamin Sadun*<br>BENJAMIN SADUN (287533)<br>benjamin.sadun@dechert.com<br>DECHERT LLP<br>US Bank Tower, 633 West 5th Street,<br>Suite 4900<br>Los Angeles, CA 90071-2013<br>Phone: (213) 808-5721; Fax: (213) 808-5760<br><br>KATHLEEN N. MASSEY (*admitted pro hac vice*)<br>Kathleen.massey@dechert.com<br>MARK S. CHEFFO (*pro hac vice forthcoming*)<br>mark.cheffo@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 698-3500; Fax: (212) 698 3599<br><br>*Attorneys for Defendants* |
|---|---|