BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street,
Suite 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE on behalf of herself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219- 1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | CASE NO. 8:21-CV-00338-CJC-ADS<br><br>Judicial Officer:   Cormac J. Carney<br>Courtroom:      9B<br><br>**REPLY MEMORANDUM OF POINTS IN SUPPORT OF RENEWED MOTION FOR A PARTIAL STAY OF DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: September 13, 2021 |

## I. INTRODUCTION

A partial stay of discovery is justified in this action under California's two-factor test because (1) Defendants' Motion to Dismiss has the potential to dispose of the entire case and (2) no discovery is needed to decide it. Recent Ninth Circuit case law demonstrates Defendants' Motion to Dismiss presents more than a mere possibility that all of Plaintiff's claims will be dismissed. Indeed, another court in this same district has granted a motion for a stay of discovery in a case brought by the same Plaintiff alleging nearly identical facts and in a similar procedural posture, ruling that Section 230 of the Communications Decency Act likely immunizes Plaintiff's claims.

Despite this, nearly three quarters of Plaintiff's Opposition is devoted to arguing why binding Ninth Circuit law regarding Section 230 should be disregarded. Although the Court need not resolve the merits of Defendants' Motion to Dismiss for purposes of this motion, the facts and legal claims as pled in the First Amended Complaint ("FAC") present more than a possibility that the Motion to Dismiss will dispose of the claims at issue here.

Because Defendants have met their burden of establishing both factors necessary for a stay, Plaintiff attempts to rely on an alleged prejudice that would result to her if the partial stay is granted. Not only is that irrelevant to the question before the Court, Plaintiff has not demonstrated how she is prejudiced by this short and partial delay. In fact, Defendants have responded to all of Plaintiff's previously served discovery requests and remain willing to negotiate a confidentiality order and electronically stored information ("ESI") protocol and discuss appropriate search terms during the stay. Defendants have also met their burden to show good cause for a partial stay of discovery given the expansive requests at issue that will likely be made irrelevant once this Court considers Defendants' Motion to Dismiss. As the Ninth Circuit has held in similar cases, "[i]t is sounder practice" to stay discovery pending resolution of these threshold issues. *Rutman Wine Co. v. E & J. Gallo*

**REPLY IN SUPPORT OF RENEWED MOTION FOR A PARTIAL STAY OF DISCOVERY**

*Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Accordingly, a partial stay of discovery is appropriate here.

## II.   ARGUMENT

### A.  <u>Plaintiff ignores the applicable standard for evaluating a motion to stay discovery</u>

Aside from a single sentence in her Opposition, nowhere does Plaintiff discuss the standard adopted by California district courts for deciding whether to stay discovery pending a motion to dismiss.  *See* Plaintiff's Opposition to Defendant's Motion for a Partial Stay of Discovery (Dkt. 55) at 22 (hereinafter "Opp.").  However, all of the cases Plaintiff relies on, Opp. at 5, apply the same two-prong test.  *See Malek v. Green,* 2017 U.S. Dist. LEXIS 48305, at *3 (N.D. Cal. Mar. 30, 2017) (citations omitted); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1-2 (E.D. Cal. Apr. 18, 2007); *Singh v. Google, Inc.,* 2016 WL 10807598, at *1-2 (N.D. Cal. Nov. 4, 2016); *Smith v. Levine Leichtman Capital Partners, Inc.*, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011).

Plaintiff ignores the standard because it is clear both prongs are met in this case. Defendants have demonstrated both that (1) their Motion to Dismiss is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed," and (2) their Motion to Dismiss "can be decided absent additional discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, No. 819CV00927JLSJEM, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019) (citing *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (collecting California district court cases applying this two-part test)).

### B.    Defendants' Motion To Dismiss is dispositive of the entire case

Recent and binding Ninth Circuit case law demonstrate that Defendants' Motion to Dismiss is potentially dispositive.[1]  *See Gonzalez v. Google LLC*, 2 F.4th 871, 891 (9th Cir. 2021) (stating "Section 230(c)(1) precludes liability for (1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat as a publisher or speaker (3) of information provided by another information content provider.")   Judge James V. Selna so concluded in his recent order granting defendant's motion to stay discovery in a case brought by the same Plaintiff and others alleging identical causes of action.  *Jane Doe, et al. v. Reddit, Inc.*, No. 8-21- cv-00768-JVS-KES, *Order Regarding Motion to Stay Discovery*, at *1,  Dkt. 35 (C.D. Cal. July 12, 2021)(citing *Gonzalez*, stating "it is readily apparent that § 230 immunizes Reddit from many of Plaintiffs' claims.").

Despite the overwhelming legal and factual similarities between Defendants' arguments to partially stay discovery and those identified in Judge Selna's Order, Plaintiff's position is that Judge Selna's order "does not counsel" for a stay in this case based only on Plaintiff's unsupported characterization that the current motion relates to "different allegations and circumstances."  Opp. at 18.   However, as Defendants demonstrated in their opening memorandum, the complaints in both actions plead the exact same allegations and causes of action.  *See* Defendants' Renewed Motion for a Partial Stay of Discovery (Dkt. 48) at 8 (hereinafter "Mem").

Similarly, Plaintiff makes no effort to explain how Defendants' platform being purportedly "different" than Reddit's changes the legal analysis of Judge Selna's order.  Plaintiff cites zero authority for her assertion that deciding a motion to grant a stay should turn on "defendant's misconduct."  Opp. at 19.  The actual focus on a

---

[1] Defendants have additional grounds for dismissal of this action aside from Section 230 that similarly compel the conclusion that Defendants' Motion To Dismiss, Dkt. 45, is potentially dispositive of the entire case.  These include, among others, that Plaintiff has failed to plead critical elements of her claims.

motion to stay is whether the pending motion to dismiss is potentially dispositive. *Quezambra*, at *2. The *Reddit* decision is as direct on point legal authority as there can be.

Further, nowhere in Plaintiff's opposition does she explain how "a preliminary analysis of the merits of the motion" demonstrates there is no "clear possibility" that Defendants' motion will dispose of Plaintiff's claims, *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2013 WL 12129944, at *2 (C.D. Cal. Jan. 14, 2013). This is not a case where Defendants have "merely argued 'in a conclusory fashion the future success of its yet-to-be-filed motion to dismiss.'" Opp. at 24 (quoting *In re Valence Tech. Securities Litig.*, 1994 WL 758688 (N.D. Cal. Nov. 18, 1994)). In fact, that Plaintiff takes issue, across twelve pages, with Ninth Circuit case law showing that Defendants' Motion has the potential to dismiss Plaintiff's claims demonstrates just the opposite. Opp. at 6-18.

## C.   Defendants' Motion can be decided without additional discovery

This is the second factor to be examined in deciding a motion to stay. It is not simply an off the mark "argument" by Defendants to be swept aside as Plaintiff suggests. Opp. at 7, n.3. Indeed, Plaintiff's unsupported interpretation of this critical factor is that "any motion to dismiss theoretically 'can' be decided without discovery, one way or the other." *Id.*  If this requirement is merely "theoretical," it would not be expressly identified and discussed in the cases Plaintiff herself cites as a part of the two-part test for deciding motions to stay. Further, Plaintiff's Opposition on this element is wholly unresponsive to the fact that the immunity at issue here, Section 230, should be decided "at the earliest possible stage of the case," *Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255–58 (4th Cir. 2009) and that the Ninth Circuit, in *Gonzalez*, has ruled that dismissal on the basis of Section 230 immunity is appropriate without any need for discovery where the "allegations in the complaint,

taken as true" fail to state a claim that would defeat that immunity.  *Gonzalez*, 2 F.4th at 906.

### D.   Defendants will be harmed if discovery is not partially stayed

Plaintiff's recitation of her document requests in her Opposition, Opp. at 19-21, only demonstrates that they would subject Defendants to the unreasonable burdens and costs that Section 230 immunity was expressly designed to avoid.  *See* Mem at 8. In fact, of Plaintiff's 31 Requests for Production and four Interrogatories, not a single one asks for any discovery related to the content depicting Plaintiff or the account holder who uploaded that content.  Defendants are not arguing that, should this case survive the Motion to Dismiss, that is the only discovery to which Plaintiff is entitled. Rather, Defendants make this argument to emphasize the enormous breadth of Plaintiff's requests at a time when the scope of the litigation itself remains very much unsettled.  Defendants should not be subjected to this type of broad discovery regarding nearly all aspects of their business before the Court decides whether Defendants are immune from litigation.  *See Ben Ezra, Weinstein & Co. v. America Online, Inc.*, 1998 WL 896459, at *2–3 (D.N.M. July 16, 1998) (limiting discovery pending Section 230 immunity claims and stating that Congress intended for Section 230 to protect defendant websites from "the burdens of broad reaching discovery."). It is Defendants who will be harmed if this discovery moves forward before the Motion to Dismiss is decided.

The bulk of Plaintiff's argument opposing a stay focuses on the alleged "enormous prejudice" to her. Opp. at 22.  This response is misguided for several reasons.  First, Plaintiff has identified no authority demonstrating that any purported prejudice to Plaintiff is relevant to the Court's analysis regarding whether to grant a partial stay of discovery.  In fact, the case cited by Plaintiff, *Novelposter v. Javitch Canfield Grp.*, Opp. at 23, makes clear that any purported prejudice to the non-moving party is not determinative and that the relevant question is, rather, whether the moving

party has shown "good cause" for a stay of discovery.  No. 13-CV-05186-WHO, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014).  Plaintiff's reliance on *Novelposter* is also misguided given that in that case, the court focused on the fact that the plaintiff, rather than the defendant, was the party seeking the stay. "[I]t is the movants who brought this lawsuit, so they cannot now complain about the burdens of moving forward with its resolution." *Id*.

Second, even if purported prejudice to Plaintiff were relevant, Plaintiff's conclusory statements regarding prejudice to a proposed class that does not exist yet should not be deemed sufficient.  While both this motion and the Motion to Dismiss were pending, (i) the parties engaged in multiple meet and confer sessions on discovery, including a Rule 26(f) conference; (ii) the parties prepared and filed their Rule 26(f) report with a jointly proposed scheduled that would only need to be extended by the length of the stay; (iii) Defendants responded to all of plaintiff's discovery requests, including offering to meet and confer on appropriate search terms; and (iv) Defendants agreed to work with Plaintiff on a confidentiality order and ESI protocol during the stay.  Plaintiff has no grounds on which to base her alleged prejudice because Defendants have fully engaged in discovery to date.  By this motion, Defendants request only that no additional discovery proceed until after the ruling on the Motion to Dismiss, including one of the most expensive and labor-intensive aspects of discovery, document production.

Third, Plaintiff argues that if Defendants had concerns about the scope of any of the discovery requests, that "MindGeek should raise those directly with Jane Doe's counsel—which MindGeek has not done." Opp. 22.  This is false.  In their responses to Plaintiff's document requests, for example, Defendants asserted numerous objections detailing how the requests go well-beyond the reasonable subject matter of Plaintiff's claims and offered to meet and confer with Plaintiff on search terms and other ways to appropriately limit the discovery.  Defendants have not received any response to these objections yet.  Nor do Defendants believe that the parties will be

able to meaningfully reach agreement on the scope of discovery until after the scope of Plaintiff's claims are ruled on.   Yet another reason why staying remaining discovery is appropriate.

Fourth, and finally, Plaintiff alleges that public reports of proposed corporate transactions by Defendants, Opp. at 23, somehow prejudices Plaintiff.   But Defendants' corporate activities can hardly be shrouded in darkness as Plaintiff suggests when she is citing to public resources as her base of knowledge.  Opp. at 23, n.6. Plaintiffs offer no support for their allegation that any proposed corporate transactions are untoward.   This is nothing more than an attempt to suggest wrongdoing to deflect from the fact that Defendants have amply demonstrated good cause for a partial stay of discovery until the Court rules on their Motion to Dismiss.

## III.   CONCLUSION

For the foregoing reasons, the Court should order a partial stay of discovery pending the resolution of Defendants' Motion to Dismiss.

DATED: AUGUST 30, 2021          RESPECTFULLY SUBMITTED,

_/s/    Benjamin Sadun_____
BENJAMIN SADUN (287533)
benjamin.sadun@dechert.com
DECHERT LLP
US Bank Tower, 633 West 5th Street, Ste 4900
Los Angeles, CA 90071-2013
Phone: (213) 808-5721; Fax: (213) 808-5760

KATHLEEN N. MASSEY (*admitted pro hac vice*)
Kathleen.massey@dechert.com
MARK S. CHEFFO (*pro hac vice forthcoming*)
mark.cheffo@dechert.com
DECHERT LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036
Phone: (212) 698-3500; Fax: (212) 698 3599
***Attorneys for Defendants***