1 DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
2 KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
3 HALLEY JOSEPHS (338391)
hjosephs@susmangodfrey.com
4 SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
5 Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

6
ARUN SUBRAMANIAN (*Pro Hac Vice*)
7 asubramanian@susmangodfrey.com
TAMAR LUSZTIG (*Pro Hac Vice*)
8 tlusztig@susmangodfrey.com
SUSMAN GODFREY L.L.P.
9 1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
10 Phone: (212) 336-8330; Fax: (212) 336-8340

11 (*See additional counsel on signature page*)

12 Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | CASE NO. 8:21-CV-00338-CJC-ADS<br><br>Judicial Officer: Cormac J. Carney<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF CHANGE IN AUTHORITY** |

10133262v1/016926

On October 28, 2021, Defendants submitted a self-styled "Notice of Change in Authority." Dkt. No. 83. There has been no "change" in any authority. The two case "developments" Defendants identify provide no grounds for the Court to reconsider its order substantially denying Defendants' motion to dismiss or to certify any issues for interlocutory appeal.

***First***, Defendants point to *Doe v. Twitter, Inc.*, where the magistrate judge granted Twitter's motion to certify for interlocutory appeal ***on issues that have no bearing on whether this case proceeds***. *See* Dkt. No. 83-1. Since the court already dismissed the *Twitter* plaintiffs' other federal and state-law claims for failure to allege that Twitter acted as a content creator or engaged in direct sex trafficking in violation of 18 U.S.C. § 1591,[1] the only questions raised in Twitter's motion were whether plaintiffs could pursue their ***beneficiary liability*** claim under Section 1595 of the TVPRA, 18 U.S.C. § 1595, without alleging that Twitter committed a criminal sex trafficking violation under §1591, and the meaning of ***"participation in a venture"*** under §1591.

The mere granting of interlocutory appeal in a different case is not a "change in authority." Regardless, ***the §1595 issues raised in Twitter do not control the outcome of this case***. Unlike in *Twitter*, this Court already held that Plaintiff adequately alleged ***MindGeek acted as a content creator*** not subject to Section 230 immunity—allowing Plaintiff's non-TVPRA claims to proceed to discovery. These claims, which involve the same factual issues and therefore discovery as the TVPRA claims, do not depend on the statutory interpretation issue of §1595 and §1591 and will be unaffected by appellate resolution of the issues raised in *Twitter*. *See* Dkt. No. 74 at 23 (Pltf.'s Opp. to Mtn. for Reconsideration or Interlocutory Appeal). In addition, Plaintiff's Complaint alleges that ***MindGeek violated both §1595 and §1591***. Plaintiff's §1595 claim would therefore survive even if the Ninth Circuit were

---

[1] *See Doe v. Twitter, Inc.*, No. 21-cv-00485-JCS, 2021 WL 3675207, at *19-20, *29-34 (N.D. Cal. Aug. 19, 2021) (dismissing all claims except the Section 1595 claim).

2

to hold that a plaintiff bringing a §1595 claim must plead that the ***defendant*** violated §1591. *See id.*; *see also* Dkt. No. 49 at 15-17 (Pltf.'s Opp. to MTD); Dkt. No. 66 at 10-13, 15-16 (MTD Opinion).

***Second***, Defendants cite the *Doe v. Reddit Inc.* Court's entry of an order dismissing plaintiffs' claims with prejudice. This "development" is nothing new. In *Reddit*, the Court dismissed plaintiffs' complaint on October 7, 2021 with leave to amend within thirty days. After the *Reddit* plaintiffs notified the Court on October 27 that they did not intend to amend their complaint, the Court simply entered an order formally dismissing their claims.

Dated: November 1, 2021

DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
ARUN SUBRAMANIAN
TAMAR LUSZTIG
HALLEY JOSEPHS
SUSMAN GODFREY L.L.P.

STEVE COHEN (*Pro Hac Vice*)
scohen@pollockcohen.com
POLLOCK COHEN LLP
60 Broad Street, 24th Fl.
New York, NY 10004
Phone: (212) 337-5361

By */s/ Krysta Kauble Pachman*
   Krysta Kauble Pachman
   Attorneys for Plaintiff Jane Doe