# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD, D/B/A PORNHUB, MG FREESITES II, LTD, MG CONTENT RT LIMITED, and 9219-1568 QUEBEC, INC. D/B/A MINDGEEK,<br><br>Defendants. | Case No.: SACV 21-00338-CJC(ADSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT WITHOUT PREJUDICE [Dkt. 89] and GRANTING DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS PURSUANT TO 18 U.S.C. § 1595(B) [Dkts. 86, 87] |

# I. INTRODUCTION & BACKGROUND

Plaintiff brings this putative class action against Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., MG Freesites, LTD, d/b/a Pornhub, MG Freesites II, LTD, MG Content RT Limited, and 9219-1568 Quebec, Inc. d/b/a Mindgeek, alleging that Defendants violated federal sex trafficking and child pornography laws by knowingly posting, enabling the posting of, and profiting from pornographic videos featuring persons under the age of 18.  (Dkt. 72 [Second Amended Complaint, hereinafter "SAC"].)  Specifically, Plaintiff alleges that Defendants violated federal sex trafficking law 18 U.S.C. § 1595(a).  (*Id.* ¶¶ 161–167.)  As the basis for that claim, lead plaintiff Jane Doe alleges that her former boyfriend recorded, without her consent, videos of her engaged in sexual acts as a minor and posted those videos to several of Defendants' websites.  (*Id.* ¶¶ 141, 143, 148.)

Defendants have recently learned additional details about Plaintiff's allegations. Plaintiff initially filed her Complaint under the pseudonym "Jane Doe."  (Dkt. 1.) Plaintiff's request to proceed under a pseudonym was agreed to by both parties.  (Dkt. 51.)  On August 17, 2021, the Court granted Plaintiff's request to proceed under a pseudonym.  (Dkt. 54.)  On October 25, 2021, the Court approved a stipulated pre-trial protective order in which Plaintiff agreed to identify herself and "the names of her trafficker(s), including any known aliases used at any time (as recalled by Plaintiff(s)) . . . as well as the case name and case number of any known criminal prosecutions of Plaintiff(s)' trafficker(s)" within seven days of entry of the order.  (Dkt. 81 at 2.)  On November 1, 2021, Plaintiff served her identity disclosure.  At that point, Defendants learned the identity of Plaintiff's alleged trafficker and learned that he had been arrested on possession and distribution of child pornography charges.  (Mot. at 1–2.)  Defendants assert that Plaintiff's alleged trafficker is facing numerous felony and misdemeanor charges from a district attorney's office.  (Dkt. 86-4 [Declaration of Benjamin M. Sadun

in Support of Defendants' Motion for Stay of Proceedings, hereinafter "Sadun Decl."] Ex. A [Amended Felony Complaint].) Defendants claim that the charges against Plaintiff's ex-boyfriend overlap with the allegations in Plaintiff's SAC. (SAC ¶¶ 141–143, 148, 150.)

Now before the Court is Plaintiff's motion for leave to file a Third Amended Complaint ("TAC") to add an additional named plaintiff, (Dkt. 89 [hereinafter "Mot. for Leave to file TAC"]), and Defendant's motion to stay the proceedings pursuant to 18 U.S.C. § 1595(b), (Dkts. 86, 87). For the following reasons, the Court **DENIES** Plaintiff's motion for leave to file her TAC **without prejudice** and **GRANTS** Defendants' motion to stay the case.[1]

## II. ANALYSIS

### A. Motion for Leave to File TAC

Federal Rule of Civil Procedure 15 provides that after a party has been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Foman v. Davis,* 371 U.S.

---

[1] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings scheduled for January 3, 2022 are vacated and off-calendar.

178, 182 (1962)).  The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051.  Absent prejudice, or a strong showing of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence Capital*, 316 F.3d at 1052.

In a seemingly implicit acknowledgment that her case will be stayed, Plaintiff Jane Doe seeks leave to file her TAC to add Jane Doe No. 2 as a named plaintiff and proposed class representative.  (Mot. for Leave to File, Ex. A [Proposed TAC].)  Plaintiff alleges that Jane Doe No. 2 is also a victim of child sex trafficking, having had videos of her engaged in sexual acts as a minor posted to Defendants' platforms.  (*Id.*)  Though "[c]ourts routinely allow the addition of new named plaintiffs in class actions where it will 'provide the court with both a broader and more representative sample of factual situations relating to the class allegations in the action[,]'" Plaintiff's proposed amendments will not save her case from the mandatory stay provision in 18 U.S.C. § 1595.  *Reichert v. Keefe Commissary Network, LLC*, 331 F.R.D. 541, 551 (W.D. Wash. 2019) (quoting *Morgan v. Laborers Pension Tr. Fund for N. California*, 18 F.R.D. 669, 673 (N.D. Cal. 1979)).  As explained below, Plaintiff's case is subject to a broad, encompassing mandatory stay provision.  Even if Jane Doe No. 2 were joined as a proposed class representative, as long as Jane Doe No. 1 and Jane Doe No. 2 remain in a single action both of Plaintiffs' claims will be stayed.  *See Sharma v. Balwinder*, 2021 WL 4865281, at * 2 (N.D. Cal. Sep. 29, 2021) ("[t]he plain language of [§ 1595] requires a stay of '[a]ny *civil action*' . . .  The statute does not limit the stay to particular [parties] or claims.") (quoting 18 U.S.C. §1595(b)(1)) (emphasis in original).

Plaintiff's proposal to grant leave to file a TAC and then sever Jane Doe No. 2's claims does not solve the problem.  Plaintiff's proposal defeats the purpose of a class action and prejudices both of the proposed class representatives.

One of the factors the Court must evaluate in deciding whether to certify the putative class is "the extent and nature of any litigation concerning the controversy already begun by or against members of the class." Fed. R. Civ. P. 23(b)(3)(B). "'This factor is intended to serve the purpose of assuring judicial economy and *reducing the possibility of multiple lawsuits*[.]'" *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1191 (9th Cir. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 568-70 (2d ed. 1986) (footnotes omitted)). "'If . . . . several other actions already are pending and [there is] a clear threat of multiplicity and a risk of inconsistent adjudications . . . a class action may not be appropriate[.]'" *Id.* Thus by allowing Jane Doe No. 2 to assert her claims and then sever her claims from Jane Doe No. 1's, the Court would be increasing the lawsuits, not reducing the possibility of multiplying them and thereby jeopardizing certification of the class.

Moreover, Plaintiff's proposal prejudices both Jane Does. Plaintiff Jane Doe No. 1 would be prejudiced if the class action proceeds, perhaps even to resolution, while she is a class member and her claims are stayed, rendering her ineligible for relief. *See In Re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 895 F.3d 597, 605 (9th Cir. 2018) (cautioning class counsel against negotiating agreements that are disproportionately unfair to some members of the class over others). Jane Doe No. 2 would also be prejudiced if she is joined to this action and the case is immediately stayed, potentially foreclosing her ability to pursue relief outside of this action.[2]

---

[2] As explained in Part II.B of this Order, this case is subject to a mandatory stay provision and all proceedings will be stayed until resolution of the pending criminal action. Plaintiff is free to renew her motion for leave to file her TAC once the stay is lifted.

### B. Motion to Stay

Having resolved Plaintiff's motion for leave to file her TAC, the Court turns to Defendants' motion to stay all proceedings pursuant to 18 U.S.C. § 1595(b)(1). Section 1595(b)(1) provides that "[a]ny civil action filed under subsection (a) [of § 1595] shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." Plaintiff brings a claim under 18 U.S.C. § 1595(a), alleging that her ex-boyfriend trafficked her and Defendants' in this case benefitted financially from those acts. (SAC ¶¶ 161–171.) Defendants maintain that, under §1595(b)(1), the Court is required to stay the action until the current criminal action is resolved. Plaintiff raises two main arguments in opposition to the stay. First, Plaintiff contends that § 1595(b)(1) does not apply because the statute was not intended to benefit civil defendants who are not also defendants in pending criminal actions. (Dkt. 92 [Opposition to Defendants' Motion for a Stay of Proceedings, hereinafter "Opp."] at 3–4.) Second, Plaintiff argues that Defendants have not shown that the pending criminal action arises out of the "same occurrence" as the present action. (*Id.* at 9–10.) The Court disagrees.

Plaintiff's first argument is contrary to the statute's clear, broad, and mandatory language. Section 1591(b) provides that *"[a]ny civil action . . .* **shall** be stayed during the pendency of *any criminal action*[.]" (emphases added). Though the Court acknowledges that "the mandatory stay provision was designed to protect the [DOJ's] ability to try criminal cases . . . and not to help defendants delay civil action[,]" the plain language of the stay provision encompasses the situation here. *See Tianming Wang v. Gold Mantis Constr. Decoration (CNMI)*, 2020 WL 5983939, at *2 (D.M.I. Oct. 9, 2020) (quoting *Plaintiff A. v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014)). Section 1591(b) does not contain any limiting language suggesting that it applies only when there is an overlap in defendants in the relevant civil and criminal actions. Instead, the statute

focuses on the identity of the claimant-victim and the conduct at issue in the civil and criminal actions. Simply put, § 1591(b) requires that a civil action be stayed if the victim of the criminal action is the same as the claimant in the civil action, and if the conduct underlying both cases arises out of the same occurrence.

Plaintiff cites to no case in which a district court denies a stay under § 1595(b) on the ground that the civil defendants and criminal defendants were not the same. Indeed, Plaintiff only cites cases in which a district court denied a stay because the civil defendants presented insufficient evidence that a pending criminal action existed. (Opp. at 6–7.); *see Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, 2011 WL 5188424, at *2 (W.D. Ark. Oct. 31, 2011) ("It seems to the Court illogical, and contrary to the purpose of the statute, that a stay may be mandatorily imposed by force of a civil defendant who can only surmise as to whether a criminal investigation may be ongoing."); *Gold Mantis*, 2020 WL 5983939, at *3 (denying stay because there was insufficient evidence to show that there was a pending criminal proceeding). Indeed, Plaintiff does not argue that there is no criminal action against her alleged trafficker.

As to Plaintiff's second argument, Defendants have presented sufficient evidence that the criminal action "aris[es] out of the same occurrence in which the claimant is the victim." 18 U.S.C. 1595(b)(1). Defendants present a felony complaint from a local law enforcement agency charging a criminal defendant with numerous counts of child pornography related charges. (Sadun Decl., Ex. A.) Defendants also provide a declaration from Defendant MindGeek's Manager of Trust & Safety, Policy Enforcement, Lauren Herbert, explaining that in January 2021, the company received a search warrant attempting to collect evidence concerning that same criminal defendant's activities on Defendants' platforms. (Dkt. 86-3 [Declaration of Lauren Herbert] ¶¶ 1, 4.) Finally, Plaintiff's own disclosures identify the same criminal defendant as Plaintiff's trafficker and ex-boyfriend. (Mot. at 1–2.) This is enough to establish that Plaintiff's

allegations in the present action arise out of the same occurrence within the meaning of § 1595(b). Accordingly, the Court must follow the mandatory language of §1595(b) and stay the case until the criminal action is resolved.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of proceedings pursuant to 18 U.S.C. § 1595(b) is **GRANTED** and Plaintiff's motion for leave to file an amended complaint is **DENIED WITHOUT PREJUDICE**.

DATED:   December 28, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE