1   BENJAMIN SADUN (287533)
2   benjamin.sadun@dechert.com
    DECHERT LLP
3   US Bank Tower, 633 West 5th Street,
4   Suite 4900
    Los Angeles, CA 90071-2013
5   Phone: (213) 808-5721; Fax: (213) 808-5760
6
    KATHLEEN N. MASSEY (admitted *pro hac vice*)
7   Kathleen.massey@dechert.com
8   DECHERT LLP
    Three Bryant Park
9   1095 Avenue of the Americas
10  New York, NY 10036
    Phone: (212) 698-3500; Fax: (212) 698 3599
11
12  Attorneys for Defendants

13              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
14                   SOUTHERN DIVISION
15

16  | JANE DOE on behalf of herself and all other similarly situated, | CASE NO. 8:21-CV-00338-CJC-ADS |
    | | *Assigned to Hon. Cormac J. Carney* |
17  | Plaintiffs, | Courtroom:          9B |
18  | v. | |
19  | MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219- 1568 QUEBEC, INC. (D/B/A MINDGEEK), | **DEFENDANTS' OPPOSITION TO MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)** |
20  | | |
21  | | |
22  | | |
23  | | Hearing Date: July 17, 2023, 1:30 P.M. |
24  | Defendants. | |
25

26
27
28

# TABLE OF CONTENTS

<strong>Page</strong>

INTRODUCTION ................................................................................................ 1

LEGAL STANDARD ........................................................................................ 2

ARGUMENT ...................................................................................................... 3

I.    Appointment of Interim Class Counsel Is Inappropriate Because There Are No Related Putative Class Actions Pending in This District. .................. 3

II.   The Existence of the Alabama Action Does Not Change This Analysis. ........ 6

CONCLUSION ................................................................................................ 11

**OPPOSITION TO MOTION TO APPOINT LEAD CLASS COUNSEL**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
    240 F.R.D. 56 (E.D.N.Y. 2006)..............................................................................4, 5

*Breswick & Co. v. Briggs*,
    135 F. Supp. 397 (S.D.N.Y. 1955) ....................................................................9, 10

*Doe v. MindGeek USA, Inc.*,
    No. 22-cv-01016 (C.D. Cal. Mar. 1, 2022) ...........................................................7

*Donaldson v. Pharmacia Pension Plan*,
    2006 WL 1308582 (S.D. Ill. May 10, 2006) .........................................................4

*Dudenhoefer v. Fifth Third Bancorp*,
    2009 WL 10678975 (S.D. Ohio Mar. 25, 2009) ...................................................4

*Eashoo v. Iovate Health Scis. U.S.A., Inc.*,
    2015 WL 12696036 (C.D. Cal. May 26, 2015)...........................................*passim*

*Fan v. PHL Variable Life Insurance Co.*,
    2019 WL 10948633, at *1 (S.D.N.Y. May 29, 2019)............................................5

*Fleites v. MindGeek S.A.R.L.*,
    No. 21-cv-04920 (C.D. Cal.) .................................................................................7

*Imran v. Vital Pharms., Inc.*,
    2019 WL 1509180 (N.D. Cal. Apr. 5, 2019).........................................................6

*In re Ingram Barge Co.*,
    2006 WL 8446842 (E.D. La. Dec. 14, 2006) ........................................................2

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*,
    234 F.R.D. 67 (S.D.N.Y. 2006).............................................................................3

*Italian Colors Rest. v. Am. Express Co.*,
    2003 WL 22682482 (N.D. Cal. Nov. 10, 2003)....................................................4

*Nutz for Candy v. Ganz, Inc.*,
    2008 WL 4332532 (N.D. Cal. Sept. 19, 2008)..................................................6, 9

**OPPOSITION TO MOTION TO APPOINT LEAD CLASS COUNSEL**

*Olosoni v. HRB Tax Group, Inc.*,
    2019 WL 7576680 (N.D. Cal. Nov. 5, 2019).........................................................6

*Parkinson v. Hyundai Motor Am.*,
    2006 WL 2289801 (C.D. Cal. Aug. 7, 2006)...................................................2, 5

*Parrish v. Nat'l Football League Players Inc.*,
    2007 WL 1624601 (N.D. Cal. June 4, 2007).....................................................3

*Rahman v. Gate Gourmet, Inc.*,
    2021 WL 5973046 (N.D. Cal. Nov. 22, 2021)...................................................10

*Renati v. Wal-Mart Stores, Inc.*,
    2019 WL 5536206 (N.D. Cal. Oct. 25, 2019).....................................................7

*Swanson v. H&R Block, Inc.*,
    475 F. Supp. 3d 967 (W.D. Mo. 2020).................................................................7

*Wang v. OCZ Tech. Grp., Inc.*,
    2011 WL 13156817 (N.D. Cal. June 29, 2011)...................................................4

*White v. TransUnion, LLC*,
    239 F.R.D. 681 (C.D. Cal. 2006).........................................................................3

*Womack v. Nissan N. Am., Inc.*,
    2007 WL 9724942 (E.D. Tex. Sept. 18, 2007)...............................................2, 6

**Statutes**

18 U.S.C. § 2252...........................................................................................................8

18 U.S.C. § 2252A........................................................................................................8

28 U.S.C. § 1715...........................................................................................................9

Class Action Fairness Act of 2005, Pub. L. 109-2..............................................9-10

**Court Rules**

Fed. R. Civ. P. 23...................................................................................................*passim*

**Secondary Sources**

1 McLaughlin on Class Actions § 4:38 (19th ed.)......................................................2

**INTRODUCTION**

Plaintiff has already moved the Court once before to appoint her counsel, Susman Godfrey LLP ("Susman Godfrey"), as interim lead class counsel. ECF No. 23. The Court denied that motion, primarily because "no other competing or duplicative cases are presently before the Court," even though "an overlapping case in a similar procedural posture has been filed in the Northern District of Alabama." Order Denying Plaintiff's Motion to Appoint Interim Lead Class Counsel, ECF No. 32 (C.D. Cal. June 3, 2021) ("Order") (citing *Eashoo v. Iovate Health Scis. U.S.A., Inc.*, 2015 WL 12696036, at *10 (C.D. Cal. May 26, 2015)).

The relevant facts are no different today than when the Court denied that motion. Nevertheless, Plaintiff has filed a so-called "renewed" motion to appoint Susman Godfrey as interim lead class counsel advancing the same basic rationale for appointment as her original motion did. ECF No. 109 ("Mot."). Plaintiff's motion should be denied for the same reasons the Court rejected her prior request. Courts should only appoint interim lead class counsel when such appointment is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee's notes. Typically, this requires the party requesting the appointment to show, as a threshold requirement, that there are multiple competing putative class actions pending *in the same judicial district*. This requirement is not met here because this case involves a single plaintiff represented by a single firm, without any factually similar—let alone consolidated—putative class actions pending against Defendants either before the Court or within this District.[1]

Nor has Plaintiff identified any other unique factors demonstrating that designation of interim lead class counsel is necessary or appropriate. Plaintiff's

---

[1] As this Court is well-aware, it is also presiding over an unrelated individual case involving alleged CSAM posted to Pornhub. *Fleites v. MindGeek S.A.R.L.*, No. 21-cv-04920 (C.D. Cal.). The *Fleites* plaintiff does not seek to represent a putative class and asserts factual allegations that are significantly different from those asserted by Plaintiff in this case.

primary argument is that counsel in another putative class action against Defendants pending in the Northern District of Alabama (the "Alabama Action") may be making different strategic decisions from those Susman Godfrey would make in this one. *See* Mot. at 1-2 (discussing *Jane Doe #1 v. MG Freesites, LTD*, No. 21-cv-002200-LSC (N.D. Ala.)).[2]  But as this Court has already recognized, the fact that a similar case has been "filed in another district [is] irrelevant for the purpose of deciding [a] motion to appoint interim class counsel."  Order at 3 (cleaned up) (quoting *Womack v. Nissan N. Am., Inc.*, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007)).  Nor has Plaintiff identified any specific, non-speculative improvement over the *status quo* that granting her motion would provide.  Accordingly, Plaintiff has failed to meet her burden of demonstrating that the appointment of interim lead class counsel is necessary to protect the interests of the putative class.  The Court should once again deny the motion.

## LEGAL STANDARD

"Appointment of interim lead counsel is not the norm."  1 McLaughlin on Class Actions § 4:38 (19th ed.).  Although Rule 23(g)(2)(A) grants courts discretion to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action," doing so is generally only appropriate where it is "***necessary*** to protect the interests of the putative class," such as where there is "rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23, advisory committee's notes (emphasis added); *see also Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801 at *2 (C.D. Cal. Aug. 7, 2006).  Plaintiff has the burden of demonstrating such an appointment is necessary, *see In re Ingram Barge Co.*, 2006 WL 8446842, *5 (E.D. La. Dec. 14, 2006), because "[i]n the usual case, the lawyer who filed the putative class action may handle all pre-certification matters without any formal appointment."  *Eashoo*, 2015 WL 12696036,

[2] The Alabama Action also includes one defendant not named in this case.

at *4.  Given that "[o]rdinarily, such work is handled by the lawyer who filed the action," the circumstances under which interim class counsel is necessary prior to certification are few.  *Id*.; *see also* Fed. R. Civ. P. 23, advisory committee's notes ("Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it.  Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole.")

## **ARGUMENT**

### **I.   Appointment of Interim Class Counsel Is Inappropriate Because There Are No Related Putative Class Actions Pending in This District.**

Appointing Susman Godfrey interim lead class counsel is both unnecessary and inappropriate because it is the only firm with a putative class action before the Court.  Courts within the Ninth Circuit and elsewhere have recognized that "those cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court."  *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (collecting cases).  Among the indicators that interim counsel may be necessary are "multiple complaints," including plaintiffs represented by "a gaggle of law firms jockeying to be appointed class counsel" while "consolidation with other actions is on the horizon."  *Parrish v. Nat'l Football League Players Inc.*, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007).  The Court is therefore required to step in when there is evidence of "apparent interference or rivalry from any other counsel," to the detriment of the putative class.  *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig*., 234 F.R.D. 67, 70 (S.D.N.Y. 2006).

No other proposed class action is currently pending against Defendants before this Court or within the Central District of California.  "[B]oth the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, as here, a single law firm has brought a

[putative] class action and seeks appointment as class counsel." *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, *1 (S.D. Ill. May 10, 2006) (denying motion to appoint interim class counsel). In such circumstances, "appointment of lead counsel is premature before other counsel file cases on behalf of other clients," because "[n]o competition exists among counsel that requires refereeing by the Court." *Italian Colors Rest. v. Am. Express Co.*, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003); *see also Wang v. OCZ Tech. Grp., Inc.*, 2011 WL 13156817, *2 (N.D. Cal. June 29, 2011) (finding appointment of interim class counsel unnecessary because "[a]lthough other related cases might be consolidated with this case in the future, at this time, the responsibility for protecting the interests of the class in this court is clear").

In support of her request, Plaintiff proffers examples from significantly more complex actions at later stages in the litigation cycle, several of which have already been distinguished under similar circumstances. *See Eashoo*, 2015 WL 12696036 at *10 n.7 (distinguishing cases). In *Eashoo*, plaintiff's counsel filed a motion in the Central District of California seeking appointment as interim counsel of a putative nationwide class after a plaintiff in a similar action in the District of Colorado moved to intervene. *Id*. at *2. Noting that "no other competing or duplicative cases are presently before the Court," the court denied the motion as premature. *Id*. at *10. In particular, the court noted that "[a]lthough Intervenor has filed an overlapping case," that "putative class action is an entirely separate matter." *Id.* As a result, there was "no risk of competition or rivalry between Plaintiff and Intervenor's respective counsel." *Id*.; *see also Dudenhoefer v. Fifth Third Bancorp*, 2009 WL 10678975, at *2 (S.D. Ohio Mar. 25, 2009) ("While this Court recognizes that two cases have been consolidated into this one action, this is not a situation where a large number of putative class actions have been consolidated.")

The *Eashoo* court considered—and distinguished—a number of cases that Plaintiff also relies upon, including *In re Air Cargo Shipping Servs. Antitrust Litig.*,

240 F.R.D. 56 (E.D.N.Y. 2006), and *Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006).   2015 WL 12696036 at *10 n.7.   The court recognized that those cases, unlike the one at bar, "involve[d] interim class counsel appointments where multiple cases were consolidated, or where the circumstances otherwise suggested that appointment was necessary to protect the class's interests." *Id*.  *Parkinson*, for example, involved five putative class actions consolidated in one court, with multiple factions vying to take lead.  2006 WL 2289801 at *1-2.  Likewise, *In re Air Cargo* involved four competing motions to appoint interim lead counsel in a consolidated action before a single court.  240 F.R.D. at 57.

Plaintiff's other authorities are readily distinguishable and fully supportive of Defendants' position.  For example, in *Fan v. PHL Variable Life Insurance Co.*, two separate class actions against the same defendant making substantially similar allegations had been filed in the Southern District of New York.  2019 WL 10948633, at *1 (S.D.N.Y. May 29, 2019) (cited in Mot. at 7).  The court consolidated the two actions and was faced with competing requests from both of the plaintiffs' firms to be named as interim class counsel.  *Id.*  Because the two cases were consolidated, the court determined that appointing interim class counsel was necessary to "clarify responsibility for protecting the interests of the class during precertification activities."  *Id.* at *3 (internal citation and quotation omitted).  No such conflict exists here, where there is only one putative class action against Defendants in this jurisdiction.

Rather than meaningfully address these deficiencies, Plaintiff once again spends the bulk of her brief arguing that Susman Godfrey is qualified to serve as interim lead counsel.  But as the Court previously held, this is simply not the issue.  Order at 3; *see also Eashoo*, 2015 WL 12696036 at *10 ("arguments regarding the amount of work [plaintiff's] counsel has completed, their knowledge and experience, and their overall adequacy miss the mark").

## II.     The Existence of the Alabama Action Does Not Change This Analysis.

Because no other putative class action is pending in this District, Plaintiff attempts to manufacture a conflict by pointing to the Alabama Action.  However, that case, which was actually filed before this one,[3] was already pending when the Court ruled on Plaintiff's first motion for appointment of class counsel, and the Court's prior Order found it irrelevant.  As the Court correctly observed, the relevant inquiry is whether "overlapping cases have been filed in *this* district."  Order at 3 (emphasis added); *see also Eashoo*, 2015 WL 12696036, at *10 (concluding that "an overlapping case" filed in another district did not warrant appointment of interim class counsel). The existence of a putative class action in *another* district is "irrelevant for the purpose of deciding this motion, since there has been no request for coordination or consolidation of the two cases at this time."  *Womack*, 2007 WL 9724942, at *2; *see also Imran v. Vital Pharms., Inc.*, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (finding it "premature to appoint interim counsel based on actions pending in other districts that are not yet before this Court" (cleaned up)); *Nutz for Candy v. Ganz, Inc.*, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008) (same).  This is also sound practice because it makes little sense to appoint interim class counsel in this District where counsel in the Alabama Action "have not had an opportunity to weigh in." *Imran*, 2019 WL 1509180, at *10.

In addition, Plaintiff does not identify any federal statute or rule by which the parties or court in the Alabama Action would be bound by the appointment of Susman Godfrey as interim class counsel in this District.  In fact, in the sole case Plaintiff cites where a court appointed interim class counsel based in part on the pendency of similar litigation in another district (*Olosoni v. HRB Tax Group, Inc.*, 2019 WL 7576680, at *6 (N.D. Cal. Nov. 5, 2019) (cited in Mot. at 9) (subsequent history omitted)), the

---

[3] The original Complaint in this case was filed on February 19, 2021, ECF No. 1, while the Complaint in the Alabama Action was filed on February 11, 2021.  *Doe v. MG Freesites Ltd*, No. 7:21-cv-00220, ECF No. 1 (N.D. Ala. Feb. 11, 2021).

out-of-district case proceeded anyway, and the court presiding over that case continued to issue independent orders, essentially treating the appointment as a nullity. *Swanson v. H&R Block, Inc.*, 475 F. Supp. 3d 967, 978 (W.D. Mo. 2020).

Even if the Alabama Action were relevant to Plaintiff's Motion, however, Plaintiff still does not meet her burden to show the appointment of interim class counsel is necessary. The Motion posits three theories of how the Alabama Action creates a "conflict" with this case. None are viable.

First, Plaintiff claims that she and the plaintiff in the Alabama Action have obtained different discovery and "there is no coordination of depositions" between the two cases. Mot. at 7. But the advisory committee note to Rule 23 is clear that pre-certification discovery is routine and "[o]rdinarily such work is handled by the lawyer who filed the action." Fed. R. Civ. P. 23, advisory committee's notes; *see also, e.g.*, *Eashoo*, 2015 WL 12696036, at *4. Given that such parallel discovery is routine, it is unsurprising that Plaintiff does not cite any authority suggesting that the fact that two similar, but independent, cases are handling discovery differently somehow warrants the appointment of interim class counsel. These differences are also not surprising because, as this Court has repeatedly recognized, cases such as Plaintiff's involve factually distinct "individual circumstances." *Fleites v. MindGeek S.A.R.L.*, No. 21-cv-04920, ECF No. 119, at 11 (Feb. 10, 2022) (severing cases); *accord Doe v. MindGeek USA, Inc.*, No. 22-cv-01016, ECF No. 15 at 2 (C.D. Cal. Mar. 1, 2022) (denying request to transfer similar case).

Nor is there any reason that Plaintiffs in these two cases cannot coordinate discovery through any number of means, such as by cross-noticing depositions in the two cases. *See, e.g., Renati v. Wal-Mart Stores, Inc.*, 2019 WL 5536206, at *6 (N.D. Cal. Oct. 25, 2019) (rejecting argument that joinder was necessary to promote "efficient discovery" because "[t]o the extent Plaintiffs' claims rely on common factual allegations, discovery can be coordinated to reduce or eliminate unnecessarily repetitive discovery, such as one deposition of a supervisor common to all Plaintiffs"

(cleaned up)).  Yet, Plaintiff's counsel has not requested that Defendants facilitate coordination with their counterparts in Alabama on depositions, even though no depositions have been taken yet in the Alabama Action and Plaintiff has noticed depositions in this case.

Second, Plaintiff argues that "discovery disputes are developing, and appointing interim lead counsel will maximize efficiencies and minimize consumption of judicial resources to resolve these disputes." Mot. at 7.  For example, Plaintiff points to a dispute in the Alabama Action regarding "whether plaintiff may receive videos or images of child pornography," *id.* at 8, notwithstanding unambiguous federal law that prohibits distributing, possessing or viewing child pornography in private civil litigation.  *See, e.g.*, 18 U.S.C. §§ 2252 & 2252A.  But Plaintiff's counsel suggest that they do *not* intend to raise the same issue in this case. *Id.* ("This is an issue that Plaintiff's counsel frankly is not sure even needs to be decided in this case.").  It is hard to see how the raising of an issue in one case and not in the other creates a risk that it will be "litigated twice," let alone create problematic or incompatible rulings.  *Id.*[4]  Regardless, as explained in the previous paragraph the default rule is that discovery can proceed in parallel in multiple putative class actions.  Discovery disputes are a natural part of the discovery process, and Plaintiff does not cite any authority that the possibility of similar discovery disputes arising in two cases warrants departure from the norm.

Moreover, Plaintiff's motion overlooks the judicial inefficiencies that would be *created* if her motion were granted because doing so would likely trigger a competing motion by plaintiff's counsel in the Alabama Action, leading to parallel litigation of

---

[4] Plaintiff also mentions a dispute in the Alabama Action regarding "whether Defendants should be required to produce names and contact information for putative class members prior to class certification." Mot. at 8.  Plaintiff has not raised a similar issue with Defendants in this case, but given that Plaintiff acknowledges the confidentiality and privacy concerns implicated by such discovery, Mot. at 8-9, it appears there may be no conflict between the Parties on this point either.

these same issues before the issue is ripe and all stakeholders have had a chance to be heard.  *See Nutz for Candy*, 2008 WL 4332532, at *2 (noting inefficiencies that would be created by granting unnecessary motion for appointment of class counsel).

Third, Plaintiff posits the parties in the Alabama Action "are pursuing pre-class certification settlement talks."  Mot. at 2, 9.  Here again, however, the advisory committee has made clear that it is routine and proper for settlement to be "discussed before certification… by the lawyer who filed the action."  Fed. R. Civ. P. 23, advisory committee's notes.  Indeed, Plaintiff's own Motion points to the fact that Susman Godfrey has settled numerous class actions—including at the pre-certification stage—as evidence of Susman Godfrey's qualifications.  *See* Mot. at 3-4, 15-17.  That a different case may achieve settlement is simply not, by itself, a basis to appoint interim class counsel and Plaintiff cites no authority to the contrary.

The two cases Plaintiff cites in support of her position are inapposite.  Neither involved the appointment of interim class counsel.  Instead, Plaintiff has reached back sixty-eight-years to 1955 to find *Breswick & Co. v. Briggs*, 135 F. Supp. 397 (S.D.N.Y. 1955).   There, the court granted equitable relief *after* a competing settlement had actually been reached because the settlement agreement had been obtained inequitably.  In particular, all similar actions except one had been consolidated and the defendant deliberately excluded the plaintiffs in the non-consolidated case from their negotiations with all other plaintiffs in the consolidated cases.  *Id.* at 403.  *Breswick & Co.* is also irrelevant because Rule 23 has been amended multiple times since 1955, and the stringent settlement protocols now mandated by Rule 23(e)—including notice, opt-out rights, and court approval—would prevent such a collusive settlement.  In addition, the Class Action Fairness Act of 2005 ("CAFA") generally requires that the U.S. Attorney General and the attorneys general in each of the states in which absent class members may reside receive notice of any class action settlement that has obtained preliminary approval, including all of the relevant orders and agreements.  28 U.S.C. § 1715(b).  Thus, Plaintiff's

speculation that a future settlement of the Alabama action could be inequitable is negated by Rule 23(e) and CAFA and in no way supports Plaintiff's counsel's request for appointment as interim class counsel.

*Rahman v. Gate Gourmet, Inc.*, 2021 WL 5973046 (N.D. Cal. Nov. 22, 2021), is even further off point.  In *Rahman*, two different plaintiffs had brought related wage-and-hour suits against their employer seeking to represent the same class.  The *Rahman* action was stayed pending a potential settlement in the second case, called *Diaz*.  After the parties in *Diaz* reached a settlement, the *Rahman* plaintiff claimed that the settlement entered into by the defendant in *Diaz* was collusive.  He identified specific facts suggesting that was the case, including that the defendant had failed to disclose the existence of *Diaz* as a related case and that the defendant "swiftly stipulated to remand the [*Diaz*] case to state court" once the settlement had been reached in order to circumvent the "the federal first-to-file rule" and avoid federal MDL procedures.  *Id.* at *2-3, 4.  In light of this showing, the court ruled that the *Rahman* case should be unstayed and allowed to proceed.  Thus, as in *Breswick & Co.*, the case involved an actual, non-speculative settlement agreement and specific facts showing inequitable conduct in procuring it.  Plaintiff also selectively quotes *Rahman* for the proposition that "[i]f interim lead counsel is not appointed, Defendants will effectively be able to choose their preferred adversary and pick 'the most ineffectual class lawyers to negotiate a settlement with.'"  Mot. at 9.  In fact, however, *Rahman* involved a much narrower holding that "***the parties' conduct in Diaz*** … indicate[d]" that that is what had happened.  2021 WL 5973046, at *4.  And in any event, *Rahman* did not involve a motion to appoint interim class counsel.  Rather, *Rahman* held that the first-filed class action should be allowed to be "fully litigated" independently of the second case, *id.* at *3, —directly contrary to Plaintiff's proposal here to have the Alabama Action take a backseat to her own.

In sum, Plaintiff cites no authority holding that discovery differences between this case and the Alabama Action, the existence of discovery disputes, or potential

settlement negotiations provide good cause to appoint interim class counsel. Plaintiff's request offers no improvement over the *status quo*; accordingly, she has failed to "demonstrate that appointment of interim counsel 'is necessary to protect the interests of the putative class.'" *Eashoo*, 2015 WL 12696036 at *10 (quoting Fed. R. Civ. P. 23, advisory committee's notes).  As in *Eashoo*, and any other putative class action, "Plaintiff's counsel may perform all pre-certification work without formal appointment.  If the circumstances change such that designation of interim counsel becomes necessary to protect the putative class members' interests, the Court" can "consider a renewed request." *Id.* at *11.  But as the Court previously found, "the requested interim appointment is not necessary at this stage of the litigation."  Order at 3.

## CONCLUSION

Just as was the case when this same request was previously made, Plaintiff's counsel's request to be named interim lead counsel is unwarranted and, at best, premature and unnecessary.  It should, once again, be denied.

CASE NO. 8:21-CV-00338

**OPPOSITION TO MOTION TO APPOINT LEAD CLASS COUNSEL**

1    DATED: June 26, 2023              RESPECTFULLY SUBMITTED,

2

3                                        /s/    *Kathleen N. Massey*

4                                      KATHLEEN N. MASSEY (*pro hac vice*)
                                       Kathleen.massey@dechert.com
5                                      DECHERT LLP
                                       Three Bryant Park
6                                      1095 Avenue of the Americas
7                                      New York, NY 10036
                                       Phone: (212) 698-3500; Fax: (212) 698 3599
8                                      *Attorneys for Defendants*
9
                                       BENJAMIN SADUN (287533)
10                                     benjamin.sadun@dechert.com
11                                     DECHERT LLP
                                       US Bank Tower, 633 West 5th Street,
12                                     Suite 4900
13                                     Los Angeles, CA 90071-2013
                                       Phone: (213) 808-5721; Fax: (213) 808-5760
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION TO APPOINT LEAD CLASS COUNSEL**