DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
HALLEY W. JOSEPHS (338391)
hjosephs@susmangodfrey.com
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

AMY GREGORY (*Pro Hac Vice*)
agregory@susmangodfrey.com
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page*)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>Defendants. | Case No. 8:21-CV-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S RENEWED MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Date: July 17, 2023<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Jury Trial Demanded |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ..................................................................................................... 3

    A. As Ongoing Yet Competing Settlement Discussions Establish, Interim Class Counsel Is Needed to Protect the Interests of the Putative Class ................................................................. 3

        1. Interim Class Counsel Protects Against the Potential for a Reverse Auction Settlement ................................................. 3

        2. Interim Class Counsel Is Appropriate Because of the Competing Class Action Settlement Discussions Occurring in the Alabama Action and There Is No Competing Class Actions "Only Within This District" Requirement ...................................................................................... 6

    B. Defendants' Opposition Is Not in the Best Interests of the Class ................................................................................................... 10

    C. Defendants Do Not Contest that Susman Godfrey Satisfies the Rule 23(g) Factors for Appointing Interim Class Counsel ........... 10

III. CONCLUSION ............................................................................................... 11

# **TABLE OF AUTHORTIES**

**Page(s)**

**Cases**

*Abelson v. Strong*,
   No. 85-CV-0592-S, 1987 WL 15872 (D. Mass. July 30, 1987) ....................... 10

*Breswick & Co. v. Briggs*,
   135 F. Supp. 397 (S.D.N.Y. 1955) .................................................................... 5

*Brown v. Accellion, Inc.*,
   No. 5:21-CV-01155-EJD, 2023 WL 1930348 (N.D. Cal. Feb. 10,
   2023) ............................................................................................................. 1, 6

*Donaldson v. Pharmacia Pension Plan*,
   No. CIV. 06-3-GPM, 2006 WL 1308582 (S.D. Ill. May 10, 2006) .................. 9

*Dudenhoefer v. Fifth Third Bancorp*,
   No. 1:08-CV-538, 2009 WL 10678975 (S.D. Ohio Mar. 25, 2009) ................. 8

*Eashoo v. Iovate Health Scis. U.S.A., Inc.*,
   No. CV1501726BROPJWX, 2015 WL 12696036 (C.D. Cal.
   May 26, 2015) ................................................................................................... 8

*Friedman v. Guthy-Renker LLC*,
   No. 214CV06009ODWAGRX, 2016 WL 2758240 (C.D. Cal.
   May 12, 2016) ............................................................................................. 7, 8

*Imran v. Vital Pharm., Inc.*,
   No. 18-CV-05758-JST, 2019 WL 1509180 (N.D. Cal. Apr. 5,
   2019) .................................................................................................................. 8

*In re Community Bank of Northern Virginia*,
   418 F.3d 277 (3d. Cir. 2005) ............................................................................. 3

*In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*,
   234 F.R.D. 67 (S.D.N.Y. 2006) ........................................................................ 9

*Italian Colors Rest. v. Am. Express Co.*,
   No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ................. 9

*Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*,
   No. 7:21-cv-002200-LSC (N.D. Ala.) ....................................................... *passim*

*McFadden v. Microsoft Corp.*,
   No. C20-0640-RSM-MAT, 2020 WL 5642822 (W.D. Wash.
   Sept. 22, 2020) ................................................................................................ 10

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   523 F.3d 1091 (9th Cir. 2008) .......................................................................... 3

*Nutz for Candy v. Ganz, Inc.*,
  2008 WL 4332532 (N.D. Cal. Sept. 19, 2008) .................................................. 6, 9

*Olosoni v. HRB Tax Group, Inc.*,
  No. 19-CV-03610-SK, 2019 WL 7576680 (N.D. Cal. Nov. 5, 2019), *aff'd sub nom. Snarr v. HRB Tax Group, Inc.*, 839 F. App'x 53 (9th Cir. 2020) ............................................................................................. 7

*Parrish v. Nat'l Football League Players Inc.*,
  No. C 07-00943 WHA, 2007 WL 1624601 (N.D. Cal. June 4, 2007) ................ 9

*Pieterson v. Wells Fargo Bank, N.A.*,
  No. 17-CV-02306-EDL, 2019 WL 1465355 (N.D. Cal. Feb. 8, 2019) .............................................................................................................. 7

*Rahman v. Gate Gourmet, Inc.*,
  No. 3:20-CV-03047-WHO, 2021 WL 5973046 (N.D. Cal. Nov. 22, 2021) .............................................................................................................. 5

*Razo v. AT&T Mobility Services, LLC*,
  No. 20-cv-00172-NONE-HBK, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021) ..................................................................................... 4, 5, 7

*Reynolds v. Beneficial Nat'l Bank*,
  288 F.3d 277 (7th Cir. 2002) ............................................................................. 3

*Salmonson v. Bed Bath & Beyond, Inc.*,
  No. CV 11-2293 SVW (SSX), 2012 WL 12919187 (C.D. Cal. Apr. 27, 2012) ..................................................................................................... 6

*Swanson v. H&R Block, Inc.*,
  475 F. Supp. 3d 967 (W.D. Mo. 2020) .............................................................. 7

*Torliatt v. Ocwen Loan Servicing, LLC*,
  No. 19-cv-04303-WHO, 2020 WL 10964876 (N.D. Cal. Oct. 2, 2020) ....................................................................................................... 5, 7, 8

*Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*,
  337 F.R.D. 405 (S.D. Ohio 2021) ...................................................................... 2

*Wang v. OCZ Tech. Group, Inc.*,
  No. C 11-01415 PSG, 2011 WL 13156817 (N.D. Cal. June 29, 2011) .............................................................................................................. 9

*White v. TransUnion, LLC*
  239 F.R.D. 681, 683 (C.D. Cal. 2006) ........................................................... 7, 8

*Womack v. Nissan N. Am., Inc.*,
  No. 2:06-CV-479-DF, 2007 WL 9724942 (E.D. Tex. Sept. 18, 2007) ........................................................................................................... 7, 8

**Rules**

Fed. R. Civ. P. 23 ......................................................................................................*passim*

**Other Authorities**

1 McLaughlin on Class Actions § 4.38 (19th ed.) ....................................................... 4

## I. INTRODUCTION

The most important new fact that warrants appointment of interim lead counsel, and that distinguishes this case from any case cited by Defendants, is settlement discussions. Settlement discussions are occurring now. In this action, the parties have a mediation with Judge Edward Infante (Ret.) scheduled to occur on July 25, 2023, just 8 days after the hearing on this motion is set to occur. *See* Declaration of Krysta Kauble Pachman of Reply ¶ 3. Settlement discussions are also occurring in *Jane Doe #1 & Jane Doe #2 v. MG Freesites, LTD*, No. 7:21-cv-002200-LSC (N.D. Ala.) (the "Alabama Action"). *See* Dkt. 109-9 (Alabama Action, "Joint Motion for Extension of Class Certification Deadlines" ("The Parties continue to meet and confer to attempt to advance resolution of this case and require additional time to conduct fact discovery.")). When there are competing class actions, in different districts, both engaged in classwide settlement discussions, the need for appointment of interim class counsel is critical to avoid the potential for a "reverse auction." *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2023 WL 1930348, at *3 (N.D. Cal. Feb. 10, 2023) (appointing Susman Godfrey LLP as interim co-lead counsel "to anticipate—and hopefully avoid—any future risks that the current pre-certification settlements may face under the 'heightened fairness inquiry' required of such settlements").

Defendants sidestep this dueling settlement point in their opposition brief entirely, responding only that pre-certification settlement talks are appropriate and normal. That is true, but only half-true. There is obviously nothing inherently wrong, in the abstract, with engaging in pre-certification settlement talks. The problem, however, that appointment of interim class counsel fixes, is when Defendants, like here, are engaging in settlement talks with two different sets of plaintiffs' counsel in different forums, with overlapping classes. When that occurs, Defendants' counsel can pick their preferred adversary for settlement purposes, which, in turn, has

1

negative consequences for the Class. Rule 23(g) protects against that scenario by allowing appointment of interim lead counsel to "determine whether seeking the court's approval of a settlement would be in the best interests of the class as a whole." Fed R. Civ. P. 23(g), advisory committee notes. But pitting, in settlement discussions, overlapping class actions against each other is what Defendants are wrongly seeking to achieve here by opposing the appointment of interim lead counsel, a motion most Defendants normally take no position on.

Indeed, one example of the proverbial "fox guarding the henhouse" is Defendants' argument that, as a matter of law, notwithstanding competing settlement discussions, there must always be a related class action pending in this district for interim lead counsel to be appointed. Not so. Nothing in the federal rules or caselaw states there must be related class actions within the same district to appoint interim class counsel. Courts have acknowledged that related class actions pending in other judicial districts warrant appointment of interim class counsel. That is because "similar litigation and appointment of interim counsel *in other courts* do not moot appointment of interim counsel in this Court—they warrant it." *Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405 (S.D. Ohio 2021) (emphasis added).

Accordingly, the Court should appoint Susman Godfrey LLP ("Susman Godfrey") as Interim Class Counsel, so that the July 25, 2023 mediation with Judge Infante (Ret.), and any settlement discussions occurring thereafter, may proceed in an orderly, productive fashion rather than having them be usurped, undermined, or rendered a nullity by the competing class action settlement discussions happening in the Alabama Action.

## II. ARGUMENT

### A. As Ongoing Yet Competing Settlement Discussions Establish, Interim Class Counsel Is Needed to Protect the Interests of the Putative Class

The key question on a motion to appoint interim class counsel is whether appointment is "necessary to protect the interest of the putative class." Fed. R. Civ. P. 23, advisory committee's notes. Defendants' principal arguments are that appointment of interim lead class counsel is "unnecessary and inappropriate" because there is not a related putative class action pending in this district and the overlapping Alabama Action creates no potential conflicts for the class. Opp. at 3, 6. These arguments ignore key facts demonstrating why appointment of Susman Godfrey as interim class counsel now best serves the Class's interests—namely to (1) protect the Class from Defendants pitting the competing class actions against each other in settlement discussions, and (2) preventing Defendants from having the ability to choose against whom they prefer to negotiate on behalf of the Class.

### 1. Interim Class Counsel Protects Against the Potential for a Reverse Auction Settlement

Appointing interim class counsel now protects against the possibility of a "reverse auction." "A reverse auction is said to occur when 'the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.'" *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002)). Where Defendants are litigating a class action and engaging in settlement discussions with multiple groups of plaintiffs' counsel, there is necessarily a risk of a reverse auction. *See In re Community Bank of Northern Virginia*, 418 F.3d 277, 308 (3d. Cir. 2005) (discussing dangers of a reverse auction where multiple class actions are pending against a single defendant).

That risk has now materialized. Here, the putative Class overlaps with the class in the Alabama Action, which means that any settlement in the Alabama Action will affect this case and creates the potential for a reverse auction to arise. Defendants selectively quote a class action treatise stating that "[a]ppointment of interim lead counsel is not the norm," Opp. at 2, but in the same sentence that treatise explained "*it should be considered in cases where multiple lawyers seek to represent the proposed class* and the court determines that designation of an interim lead counsel *is necessary to protect the interests of the putative class during pre-certification proceedings*, discovery, *including* retaining experts, and *any settlement discussions*." 1 McLaughlin on Class Actions § 4.38 (19th ed.) (emphasis added). While it is routine and proper for settlement to occur before class certification, appointment of interim class counsel during settlement discussions should be considered if multiple lawyers are seeking to represent the Class and negotiating settlements. Given that settlement talks are ongoing in the Alabama Action and in this case, the need for appointment of interim class counsel is imminent and needed.

Multiple courts in the Ninth Circuit have held that appointment of interim class counsel protects against a potential reverse auction even if the settlement occurs in another judicial district. These courts have "declined to limit the reach of Rule 23(g) only to those cases where there is rivalry among competing class counsel (or some other inadequacy related to counsel) *in the case before the district court hearing the Rule 23(g) motion*." *Razo v. AT&T Mobility Services, LLC*, No. 20-cv-00172-NONE-HBK, 2021 WL 4988866, at *1 (E.D. Cal. Oct. 27, 2021) (emphasis in original). In *Razo*, the court granted plaintiff's motion to appoint interim class counsel because of a pending settlement that would affect the plaintiff's class action. *Id.* The court granted the motion, notwithstanding that the settlement in the overlapping class action was pending in California state court. *Id.* Likewise, in *Torliatt*, the court granted plaintiff's motion to appoint interim class counsel, noting that it was

"reasonably likely that interim class counsel [was] necessary to 'protect the interests of the putative [California] class'" because a "large portion of the putative class" would be affected by a competing settlement before a Florida federal court. *Torliatt v. Ocwen Loan Servicing, LLC,* No. 19-cv-04303-WHO, 2020 WL 10964876, at *4 (N.D. Cal. Oct. 2, 2020). *Razo* and *Torliatt* establish that appointment of interim class counsel is an appropriate measure against a reverse action even if the settlement discussions are pending in another judicial district—as in this case.

In response to this concern, Defendants argue it can be appropriate to settle claims pre-certification. But that is not the issue. Of course, pre-certification settlements can, depending on the facts, be in the best interests of a proposed class. The issue here, however, is that Defendants are talking to multiple plaintiffs' groups and/or engaging in parallel settlement discussions without providing each plaintiff's counsel insight into the other settlement discussions, pitting the competing class actions (and the overlapping putative classes) against each other.

Rather than address the possibility of a reverse action and how appointment of interim class counsel would protect the interests of the Class, Defendants attempt to distinguish *Breswick & Co. v. Briggs*, 135 F. Supp. 397 (S.D.N.Y. 1955) and *Rahman v. Gate Gourmet, Inc.*, No. 3:20-CV-03047-WHO, 2021 WL 5973046, at *4 (N.D. Cal. Nov. 22, 2021) on the basis that these cases arose in a procedural posture different from this one. Opp. at 9-10. This argument again misses the mark. Both *Breswick* and *Rahman* are relevant for a simple proposition: pre-certification settlements raise the potential for a reverse auction. *Rahman*, 2021 WL 5973046, at *4 (granting motion to lift a stay because a state court case threatened a pre-certification "reverse auction"); *Breswick*, 135 F. Supp. at 405 (granting motion to stay settlement because it is "highly important that defendants not have the power to choose among the counsel representing the [plaintiffs] the one with whom they will deal"). The key point is that appointing interim class counsel protects the Class *before*

5

a reverse auction arises. *See Salmonson v. Bed Bath & Beyond, Inc.*, No. CV 11-2293 SVW (SSX), 2012 WL 12919187, at *5 (C.D. Cal. Apr. 27, 2012) (rejecting objectors' "reverse auction" theory because "prior to any settlement being reached, the Court appointed Plaintiff's counsel as interim class counsel" and "[u]nder these circumstances, no 'reverse auction' could occur"). Following that logic, Judge Davila explained that one way to address a potential reverse auction problem is to appoint interim class counsel. *Brown*, 2023 WL 1930348, at *3 (choosing interim co-lead counsel that "recogniz[ed] the concerns that such pre-certification and pre-appointment settlements may present").

### 2. Interim Class Counsel Is Appropriate Because of the Competing Class Action Settlement Discussions Occurring in the Alabama Action and There Is No Competing Class Actions "Only Within This District" Requirement

Defendants' arguments that appointment of interim lead class counsel is "unnecessary and inappropriate" are without merit. *First*, Defendants claim appointing interim class counsel would be inefficient because plaintiff's counsel in the Alabama action would file a competing motion. Not only have plaintiff's counsel in the Alabama action never filed any such motion, but Defendants' reliance on *Nutz for Candy v. Ganz, Inc.*, 2008 WL 4332532, *2 (N.D. Cal. Sept. 19, 2008) is misplaced. In that case, the court was concerned about inefficiencies because there was a pending motion before the judicial panel on multidistrict litigation to transfer and consolidate the cases. *Id.* No such motion exists here.

*Second*, Defendants argue that there must be a related class action pending in this district. Opp. at 3-5. This is belied by Rule 23(g) and the advisory committee's notes. Defendants' own case makes clear that there is no bright-line rule "that competing claims in the same district is the only circumstance in which interim class counsel may be appointed." *Womack v. Nissan N. Am., Inc.*, No. 2:06-CV-479-DF,

2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007). And courts in this Circuit have recognized that the risk of settlements in competing actions in different judicial districts warrants appointment of interim class counsel under Rule 23(g). *See Torliatt*, 2020 WL 10964876, at *4 (appointing interim class counsel in N.D. Cal. where there was a competing class action in S.D. Fla.); *Razo*, 2021 WL 4988866, at *1 (appointing interim class counsel in E.D. Cal. where a competing case had been filed in San Bernardino Superior Court); *Olosoni v. HRB Tax Group, Inc.*, No. 19-CV-03610-SK, 2019 WL 7576680, at *6 (N.D. Cal. Nov. 5, 2019), *aff'd sub nom. Snarr v. HRB Tax Group, Inc.*, 839 F. App'x 53 (9th Cir. 2020) ("Given the pendency of a nearly identical suit in another district court, the appointment of interim counsel here is not premature and will further the fair and adequate representation of the putative class by clarifying who is responsible for their interests."); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2019 WL 1465355, at *2 (N.D. Cal. Feb. 8, 2019) (noting the court had appointed interim class counsel on September 26, 2017 in N.D. Cal. when overlapping class actions were pending in N.D. Ga. and N.D. Ill.); *Friedman v. Guthy-Renker LLC*, No. 214CV06009ODWAGRX, 2016 WL 2758240, at *2 (C.D. Cal. May 12, 2016) (appointing interim class counsel in C.D. Cal. where a competing action had been filed in S.D.N.Y.).

Defendants attempt to undermine *Olosoni* on the basis that "the court presiding over" the related case "continued to issue independent orders, essentially treating the appointment as a nullity." Opp. at 6-7. But the cited "independent order" was an order determining whether an *individual* plaintiff was required to arbitrate her claims. *Swanson v. H&R Block, Inc.*, 475 F. Supp. 3d 967, 978 (W.D. Mo. 2020) ("Defendants move to compel arbitration on an individual basis and stay litigation during the arbitration process."). It was not adjudicating any issues on a class-wide basis.

Defendants also rely on *White v. TransUnion, LLC*, but there the court

observed that "cases in which interim counsel is appointed are *typically* those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court." 239 F.R.D. 681, 683 (C.D. Cal. 2006) (emphasis added). The court held pending litigation before a single court is *sufficient* but not a *necessary* condition to appoint interim lead class counsel. Cases following *White* have acknowledged that where there is a risk of a reverse auction, appointment of interim lead counsel is appropriate notwithstanding if cases are pending before different courts. *See Torliatt*, 2020 WL 10964876, at *4; *Razo*, 2021 WL 4988866, at *1; *Friedman*, 2016 WL 2758240, at *2.

The other cases cited by Defendants are inapposite. In each case, the courts declined to appoint interim lead counsel because such a motion was premature and there was no real rivalry or conflict among competing class actions or benefit to the class members from appointment. In *Eashoo v. Iovate Health Scis. U.S.A., Inc.*, No. CV1501726BROPJWX, 2015 WL 12696036, at *10 (C.D. Cal. May 26, 2015), the court decided appointment of interim class counsel was premature where the "putative class action was only recently filed" two months prior and discovery had not commenced in either action. And in *Womack*, 2007 WL 9724942, at *2, the court declined to appoint interim class counsel because plaintiff offered only "a general statement" that it has been performing activities required by Rule 23(g) and failed to explain how appointment would serve the best interests of the class. *See also Imran v. Vital Pharm., Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (finding absence of "significant efficiency gains" in appointing interim class counsel); *Dudenhoefer v. Fifth Third Bancorp*, No. 1:08-CV-538, 2009 WL 10678975, at *3 (S.D. Ohio Mar. 25, 2009) ("Plaintiffs fail to allege any particular need in this case for the appointment of interim co-lead counsel or interim liaison counsel.").[1]

---

[1] Two other cases cited by Defendants are inapposite as they were decided in the

8

Here, by contrast, Plaintiff has explained how Defendants' efforts to keep discovery and settlement discussions on parallel tracks creates information asymmetries, which is detrimental to the members of the proposed Class, and the prospect of a reverse auction is likely because of ongoing settlement discussions in the Alabama Action. *See supra* at 3-6; Dkt. 109-1 at 6-10. Unlike when Plaintiff moved for appointment of interim lead class counsel two years ago, the new settlement discussions and scheduled mediation on July 25, 2023 with Judge Infante (Ret.) are changed circumstances and that warrants the requested relief.

Defendants' other cases are distinguishable because there was no related class action pending in *any jurisdiction*. *See Wang v. OCZ Tech. Group, Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *1 (N.D. Cal. June 29, 2011) (finding motion for appointment of interim lead "premature" where plaintiff "has not pointed to any possibly-related action pending anywhere in the country"); *Parrish v. Nat'l Football League Players Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (stating "this is not a particularly large or complex action" where the putative class consisted of "retired NFL players" without any related cases); *In re Issuer Plaintiff Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 70 (S.D.N.Y. 2006) (observing related action involved only "the *individual* issuer plaintiffs" who were represented by "proposed interim class counsel" (emphasis added)); *Donaldson v. Pharmacia Pension Plan*, No. CIV. 06-3-GPM, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006) (noting litigation involved "a single putative class action before the Court" and no related actions).

---

context of motions to transfer venue. *See Nutz*, 2008 WL 4332532, at *1 (denying without prejudice motion for appointment of interim lead counsel until related actions are "transferred and consolidated"); *Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *1 (N.D. Cal. Nov. 10, 2003) (holding plaintiffs' motion to appoint lead counsel was "premature" given a recent transfer order).

9

### B. Defendants' Opposition Is Not in the Best Interests of the Class

The appointment of interim class counsel should be made based on "counsel's ability to fairly and adequately represent *the interests of the class*." Fed. R. Civ. P. 23(g)(1)(B) (emphasis added).

Here, Defendants' interests are diametrically opposed to the proposed class. *See Abelson v. Strong*, No. 85-CV-0592- S, 1987 WL 15872, at *2 (D. Mass. July 30, 1987) ("There is an irony inherent in defendants' attempts to protect absent class members when their real hope is to deny plaintiffs any recovery."). Defendants' goal is to proceed on with litigation involving substantively similar claims on two fronts, which is inefficient and provides opportunities for Defendants to take advantage of different discovery and settlement negotiations among this case and the Alabama Action. Contrary to Defendants' suggestion that they oppose appointment of interim class counsel because it offers "no improvement over the status quo," Opp. at 11, Defendants oppose this motion because it is clear Susman Godfrey's efforts to push this case *forward*, including through a mediation, would offer an improvement over the status quo for the class and at the expense of Defendants, and that Defendants prefer instead to pick their adversary for settlement negotiations.[2]

### C. Defendants Do Not Contest that Susman Godfrey Satisfies the Rule 23(g) Factors for Appointing Interim Class Counsel

Finally, as explained in Plaintiff's motion (Dkt. 109-1) at 10-20, Rule 23(g)(1)(A) explicitly sets forth the criteria that courts consider when deciding whether to appoint interim class counsel: "(i) the work counsel has done in

---

[2] While the focus of a request to appoint interim class counsel is the interests of the Class, it is noteworthy that Defendants have failed to identify a single reason why they will be prejudiced by the appointment of interim class counsel. *See, e.g.*, *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *3 (W.D. Wash. Sept. 22, 2020) (appointing interim class counsel over defendant's opposition where defendant "does not identify any tangible prejudice it would suffer through the appointment of interim lead and liaison counsel").

identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Defendants do not contend that Susman Godfrey fails to meet even a single one of these elements. Opp. at 5. Nor can they, given Susman Godfrey's demonstrated efforts to investigate and prosecute this case, extensive track record with class actions generally, experience with the law and claims at issue in this matter, the extraordinary resources that Susman Godfrey is willing to deploy on behalf of the proposed class, and this Court's statement that it "has no doubt that Susman Godfrey has the skill, experience, and resources to adequately represent the interests of the class" under Rule 23(g)(1). Dkt. 32 at 3.

## III. CONCLUSION

In light of the July 25, 2023 mediation with Judge Infante (Ret.), the competing settlement discussions in the Alabama Action, and for each of the additional reasons provided for above, Plaintiff respectfully requests that the Court issue an Order appointing Susman Godfrey as interim lead class counsel.

Dated: July 3, 2023

DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
HALLEY JOSEPHS
AMY GREGORY
SUSMAN GODFREY LLP

STEVE COHEN (*Pro Hac Vice*)
SCohen@pollockcohen.com
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361

By /s/ *Krysta Kauble Pachman*
  Krysta Kauble Pachman
  Attorney for Plaintiff