UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES II, LTD, MG CONTENT RT LIMITED, and 9219-1568 QUEBEC, INC. D/B/A MINDGEEK,<br><br>Defendants. | Case No.: SACV 21-00338-CJC (ADSx)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL [Dkt. 109]** |

## I. INTRODUCTION & BACKGROUND

Plaintiff Jane Doe brings this putative class action against Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., MG Freesites II, LTD, MG Content RT Limited,

and 9219-1568 Quebec, Inc. d/b/a Mindgeek, alleging that Defendants violated federal sex trafficking and child pornography laws by knowingly posting, enabling the posting of, and profiting from thousands of pornographic videos featuring persons under the age of 18.  Now before the Court is Plaintiff's renewed motion to appoint Susman Godfrey LLP as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g). (*See* Dkt. 109 [Notice of Renewed Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g)]; Dkt. 109-1 [Memorandum in Support of Plaintiff's Renewed Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g), hereinafter "Mot."].)  For the following reasons, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.[1]

## II.   DISCUSSION

Federal Rule of Civil Procedure 23(g) provides that "[t]he Court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(2)(A).  This rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment).

Appointment of interim class counsel is typically appropriate in cases where "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Id.* (citing *Manual for Complex Litigation (Fourth)* § 21.11 (2004)).  "Generally, district

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing scheduled for July 17, 2023, is hereby vacated and removed from the calendar.

courts have designated interim class counsel where a large number of putative class actions have been consolidated, or where numerous putative class actions are for some other reason before a single court." *Eashoo v. Iovate Health Scis. U.S.A., Inc.*, No. CV 15-01726, 2015 WL 12696036, at *10 (C.D. Cal. May 26, 2015); *see* Fed R. Civ. P. 23 advisory committee's note to 2003 amendment (noting that preparations for class certification can ordinarily be "handled by the lawyer who filed the action" rather than appointed interim counsel).

The Court previously denied Plaintiff's motion, seeing no reason to appoint interim class counsel at that time. (*See* Dkt. 32 [Order Denying Plaintiff's Motion to Appoint Interim Lead Class Counsel].) The Court's reasoning then applies with equal force today. "[N]o other competing or duplicative cases are presently before the Court." *Eashoo*, 2015 WL 12696036, at *10. Although an overlapping case in a similar procedural posture has been filed in the Northern District of Alabama, no overlapping cases have been filed in this district. *See Doe #1 v. MG Freesites, LTD*, No. 21-cv-00220 (N.D. Ala. Feb. 11, 2021); *see also Eashoo*, 2015 WL 12696036, at *10 (concluding that "an overlapping case" filed in another district did not warrant appointment of interim class counsel); *Womack v. Nissan N. Am., Inc.*, No. 06-CV-479, 2007 WL 9724942, at *2 (E.D. Tex. Sept. 18, 2007) (stating that a case filed in another district was "irrelevant for the purpose of deciding [the motion to appoint interim class counsel], since there has been no request for coordination or consolidation of the two cases at this time").

Plaintiff's arguments in support of appointment are unavailing. Plaintiff first says that "the two plaintiff groups do not appear to be receiving equal discovery on their overlapping claims" and that "discovery disputes are developing, and appointing interim lead counsel will maximize efficiencies and minimize consumption of judicial resources to resolve these disputes." (Mot. at 7.) But some degree of different production is inevitable, especially since Plaintiff's counsel and counsel for the putative class in the

Alabama action may not have identical litigation strategies and the circumstances of putative class members may not be identical.  Some redundancy in efforts is also inevitable, but that is not dispositively problematic—otherwise, interim appointment would occur every time a second putative class action is filed in any court.  And the Court cannot conclude without evidence that the putative class is harmed simply because some differences in production or duplication of efforts occur.

Plaintiff next says that the parties in the Alabama case "are pursuing pre-class certification settlement talks," and "[i]f interim lead counsel is not appointed, Defendants will effectively be able to choose their preferred adversary and pick 'the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a settlement . . . .'"  (Mot. at 2, 9 [citation omitted].)  But any settlement in the Alabama action is at this point purely hypothetical.  Further, Plaintiff points to no basis to believe that the putative class's counsel in the Alabama action are ineffective or colluding with Defendants, and the Court will not presume that such is the case.  *Cf. Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008) (reversing a court's order effectively enjoining defendant from settlement negotiations in parallel class actions in other federal and state courts and noting that "[n]o settlement was directly in prospect in this case" and "there were no facts before the district court that supported the notion that some kind of collusion was afoot" or evidence of a "reverse auction" by defendant for "the most ineffectual class lawyers").  In any event, the judge in the Alabama action must review and approve under Rule 23 any settlement before it takes effect, and Plaintiff and putative class members are free to opt out of it.

//
//
//
//
//

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to appoint interim class counsel is **DENIED WITHOUT PREJUDICE**.

DATED:   July 7, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE