1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | CASE NO. 8:21-CV-00338-CJC-ADS |
| Plaintiff, | [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE AUTUMN D. SPAETH] |
| v. | |
| MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK), | Judicial Officer: Cormac J. Carney |
| | **PRE-TRIAL PROTECTIVE ORDER AS TO THE IDENTITY OF PLAINTIFF JANE DOE** |
| Defendants. | |

## NOTE: CHANGES MADE BY THE COURT

1. Plaintiff is a victim of child sex trafficking and child pornography. The Court previously approved Plaintiff's request to proceed under a pseudonym in this litigation. Dkt. 54. Plaintiff seeks a protective order governing the circumstances and terms by which her identity (and the identity of any future named plaintiffs) may be disclosed to and by Defendants to minimize the potential for further harassment from her trafficker and others were her identity disclosed, and to avoid the stigma and embarrassment that would accompany exposure of her identity beyond what is necessary in this litigation. In a related case against MindGeek, this Court recognized that a protective order would be appropriate vehicle "to provide Defendants' counsel with their true identities if necessary in the litigation." *Fleites v. MindGeek S.A.R.L.*, 2021 WL 2766886, at *1 (C.D. Cal. June 28, 2021).

2. Counsel for Plaintiff(s) shall provide to counsel for the Defendants the Plaintiff(s)' name, alias names used at any time (as recalled by Plaintiff(s)), and date of birth ("True Identity") within 7 days of the entry of this Order. As used herein, True Identity is defined as the following:

    A. Name and any alias names used at any time (as recalled by Plaintiff(s));

    B. Date of birth;

Taken together, Plaintiff(s)' full name and date of birth constitute her "True Identity" for purposes of this Order.

3. Within 7 days of the entry of this Order, Counsel for Plaintiff(s) shall also provide to counsel for the Defendants the names of her trafficker(s), including any known aliases used at any time (as recalled by Plaintiff(s)), and the names or known aliases of any known associates of the trafficker, as well as the case name and case number of any known criminal prosecutions of Plaintiff(s)' trafficker(s).

4. The Court has already permitted Plaintiff Jane Doe to proceed pseudonymously in all public Court proceedings. Dkt. 54. The parties reserve the right to reassess Plaintiff's right to proceed pseudonymously at trial.

LITIGATION.18350367.3

5. Subject to paragraph 5, the Parties, as well as their agents, employees, and assigns, and any person or entity who has signed the agreement to be bound by this Protective Order (Exhibit A), shall keep the True Identity of Plaintiff(s) confidential during and after the conclusion of this matter. The Parties may only disclose Plaintiff(s)' True Identity to the following:

    A. The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses[1];

    B. Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

    C. The Court, and court personnel;

    D. Any potential, anticipated, or actual fact witness, and their counsel after signing the agreement to be bound by this Protective Order—except that Plaintiff's True Identity must not be disclosed to the Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in paragraph 6 below;

    E. Any custodian of records, but only to the extent that Plaintiff(s)' True Identity will assist the custodian in obtaining and producing records after signing the agreement to be bound by this Protective Order;

    F. Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff(s)' true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements including law enforcement and law enforcement personnel;

    G. Persons to whom disclosure is compelled by law, including (but not

---

[1] Except to the extent that a Party's employee, agent, or representative is also a known associate of Plaintiff(s)' trafficker(s), in which case Section 5 of this Order will apply.

LITIGATION.18350367.3

limited to) by subpoena, warrant, or court order with 14 days prior notice to all counsel of record for the Plaintiff(s), further before disclosure is made Defendants will advise the requesting party of this Order and request that they sign the agreement to be bound by this Protective Order;

H. Persons to whom disclosure is necessary in order for Defendants to obtain relevant discovery or otherwise prepare a good-faith defense, after signing the agreement to be bound by this Protective Order;

I. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, after signing the agreement to be bound by this Protective Order;

J. Court reporters, recorders, and videographers engaged for depositions, after signing the agreement to be bound by this Protective Order;

K. Any mediator appointed by the Court or jointly selected by the Parties, after signing the agreement to be bound by this Protective Order;

L. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, after signing the agreement to be bound by this Protective Order; and

M. Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. A meet and confer must be held regarding any such disclosure. Consent shall not be unreasonably withheld. If the Parties fail to reach consent on a disclosure that is not expressly authorized under the terms of this Protective Order, the Party seeking disclosure may bring a motion to the Court for an order allowing disclosures pursuant to Local Rule 37.

6. Prior to contacting any of Plaintiff(s)' alleged traffickers (other than as described in Section 6) or known associates of any alleged traffickers, Defendants shall meet-and-confer in good faith with Plaintiff. Consent to the contact shall not be unreasonably withheld. If the Parties fail to come to an agreement, the Party seeking disclosure may bring a motion to the Court for an order allowing contact pursuant to Local Rule 37. Defendants shall submit to the Court, by appropriate application or motion filed in compliance with Local Rules, their intent to contact Plaintiff(s)' alleged trafficker(s) and to reveal Plaintiff(s)' identity to the alleged trafficker(s). Defendants shall describe the information sought, describe why that information is sought from the alleged trafficker(s) as opposed to some other source, and explain the necessity of disclosing Plaintiff(s)' identity. The Court will evaluate the request to ensure that the information sought is relevant to the elements of a claim or defense and proportional to the needs of the case.

7. The provisions of this Order shall apply to any disclosure of Plaintiff(s)' True Identity throughout the course of this Action, regardless of whether such disclosure may occur through written, electronic, or oral means.

8. If Defendants run any trafficker's name or alias through the Defendants' databases including any for registration, memberships, online communications, etc., the results of this search shall be promptly provided to counsel for the Plaintiff(s).

9. The Parties and any non-parties shall redact from all public filings all identifying information of Plaintiff(s), her alleged trafficker(s) and the trafficker(s)' known associates, including: (i) name and aliases; (ii) names of family members; (iii) date of birth; (iv) social security number or other government-issued identification numbers; (iv) addresses; (v) phone numbers; (vi) photographs or other images; (vii) physical descriptors; (viii) medical records; and (ix) social media or other online accounts, including accounts on Pornhub, Redtube, or other sites owned by Defendants. Upon the filing of a redacted document, the filing party must simultaneously file an unredacted copy under seal and provide an unredacted copy to

LITIGATION.18350367.3

the other party. This order shall constitute the specific court order required for filing under seal pursuant to Local Rule 79-5.2.2. In other words, the parties need not file a further administrative motion prior to each filing under seal pursuant to this Protective Order. For avoidance of doubt, redactions should not be applied to the documents exchanged in discovery between the parties on the basis of this Protective Order.

10. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

11. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

12. This pre-trial protective order as to the identity of Jane Doe modifies and supersedes the order entered by the Court on October 25, 2021. *See* Dkt. 81.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  09/15/2023

    /s/ Autumn D. Spaeth
Honorable Autumn D. Spaeth
U.S. Magistrate Judge

LITIGATION.18350367.3

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order on Stipulated Pre-Trial Protective Order as to the Identity of Plaintiff Jane Doe that was issued by the United States District Court for the Central District of California on in the case of *Jane Doe v. MindGeek USA Incorporated et al*, Case No. 8:21-cv-338. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITIGATION.18350367.3