UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD, D/B/A PORNHUB, MG FREESITES II, LTD, MG CONTENT RT LIMITED, and 9219-1568 QUEBEC, INC. D/B/A MINDGEEK,<br><br>Defendants. | Case No.: SACV 21-00338-CJC (ADSx)<br><br>**ORDER DENYING PROPOSED INTERVENOR'S MOTION TO INTERVENE TO STAY OR TRANSFER ACTION PURSUANT TO THE FIRST-TO-FILE RULE [Dkt. 139]** |

## I. INTRODUCTION

On February 19, 2021, Plaintiff Jane Doe brought this putative class action against Defendants Mindgeek USA Incorporated, Mindgeek S.A.R.L., MG Freesites, LTD, d/b/a

Pornhub, MG Freesites II, LTD, MG Content RT Limited, and 9219-1568 Quebec, Inc. d/b/a Mindgeek, alleging that Defendants violated federal sex trafficking and child pornography laws by knowingly posting, enabling the posting of, and profiting from pornographic videos featuring persons under the age of 18. (Dkt. 107 [Third Amended Complaint, hereinafter "TAC"].) Eight days before Plaintiff filed this case, on February 11, 2021, Jane Doe #1 ("Proposed Intervenor") filed a putative class action substantially similar, but not identical, to the present action against MG Freesites LTD d/b/a Pornhub, MG Freesites II LTD, Mindgeek S.A.R.L, Mindgeek USA Incorporated, Mindgeek Content RT Limited, 9219-1568 Quebec Inc. d/b/a Mindgeek, and MG Billing LTD in the United States District Court for the Northern District of Alabama (the "Alabama Action"). (Mot. at 1–2.) At the latest, Proposed Intervenor learned of this case on April 6, 2021, when counsel for both cases discussed their overlapping litigation against Defendants. (Dkt. 147-1 [Declaration of Krysta Kauble Pachman, hereinafter "Pachman Decl."] ¶ 7.) Now, two and a half years after the cases were filed, Proposed Intervenor has filed a Motion to Intervene to Stay or Transfer Action Pursuant to the First-to-File Rule. (Dkt. 139 [Mot.].) For the following reasons, the motion is **DENIED**.[1]

## II. BACKGROUND

Defendants filed a motion to dismiss Plaintiff's Complaint on June 30, 2021, (Dkt. 34), and on July 21, 2021, Plaintiff filed a First Amended Complaint, (Dkt. 42). On August 2, 2021, Defendants filed a motion to dismiss the First Amended Complaint, (Dkt. 45), which, in a 25-page order, the Court denied in substantial part on September 3, 2021, (Dkt. 66). That same day, Proposed Intervenor filed a notice of supplemental authority in the Alabama Action, citing this Court's decision. (Dkt. 147-3 [Pachman

---

[1] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 2, 2023, at 1:30 p.m. is hereby vacated and off calendar.

Decl. Ex. 2].) The Alabama Action court cited this Court's decision in denying a motion to dismiss involving similar issues. *See Doe #1 v. MG Freesites, LTD*, 2022 WL 407147 (N.D. Ala. Feb. 9, 2022).

On September 30, 2021, Defendants filed a motion for reconsideration of the Court's order denying their motion to dismiss, (Dkt. 73), which, in a 24-page order, the Court denied on December 2, 2021, (Dkt. 88). Also on September 30, 2021, Plaintiff filed a Second Amended Complaint. (Dkt. 73.) After significant briefing on the issue, on December 28, 2021, the Court entered a stay of the California action during the pendency of a related criminal action pursuant to 18 U.S.C. § 1595(b)(1), (Dkt. 97), which the Court lifted on March 6, 2023, (Dkt. 99).

In sum, since Plaintiff filed this case, the parties and the Court have expended significant time and resources on the case. (*See* Mot. at 4–6; Dkt 147 [Opp.] at 4–6, 8–10.) Most recently, Plaintiff amended her complaint a third time on May 5, 2023, (*see* TAC), and filed a motion for class certification on August 21, 2023, (Dkt. 124), consistent with the Court's order that "Plaintiff shall have until December 4, 2023 to file and have heard any class certification motion," (Dkt. 99 at 2).

Pursuant to Federal Rule of Civil Procedure 24(b), Proposed Intervenor moves to permissively intervene in this case "for the limited purpose of seeking a stay of [this case] pending resolution of the Alabama Action, or, alternatively, a transfer of [this case] to the Northern District of Alabama pursuant to the First-to-File Rule." (Mot. at 1.) Plaintiff opposes the motion, arguing first that the motion to intervene should be denied as untimely, (Opp. at 7–14), and second, the first-to-file rule does not warrant a stay or transfer of this case, (*id.* at 14–17).

## III. ANALYSIS

"On timely motion," Rule 24(b) allows a nonparty to intervene if the movant "has a claim or defense that shares with the main action a common question of law or fact," so long as the intervention "will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). The movant must therefore "prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

"Permissive intervention is committed to the broad discretion of the district court[.]" *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412. "As with motions for intervention as of right, a finding of untimeliness defeats a motion for permissive intervention. . . . In the context of permissive intervention, however, [courts] analyze the timeliness element more strictly than . . . with intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (internal quotation marks and citations omitted). "If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996).

Plaintiff does not dispute that the first and third Rule 24(b) elements are met but argues that Proposed Intervenor's motion is untimely. (Opp. at 7.) The Court agrees.

"In determining whether a motion for intervention is timely, [courts] consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens*, 131 F.3d at 1302 (internal quotation marks and citation omitted). "In analyzing these factors . . . courts should bear in mind that '[t]he crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'" *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)).

As a threshold matter, Proposed Intervenor argues the proper date for assessing timeliness was "upon learning that the parties stipulated to moving the hearing on class certification[.]" (Mot. at 9; *see also* Reply at 7–9.)  Not so.  Proposed Intervenor should have been aware that the hearing on class certification in this case could occur before the Alabama Action's since at least April 6, 2021, when counsel from both actions discussed pending litigation against Defendants.  Because the actions were filed just days apart, Proposed Intervenor had no reason to think that dispositive motions would be heard first in the Alabama Action.[2]  Indeed, Plaintiff successfully litigated a key motion to dismiss, which concluded in time for the Alabama Action court to cite that order heavily in addressing the same issues.  *See Doe #1*, 2022 WL 407147.  Proposed Intervenor's assertion that "the scheduling in this case always had been behind the Alabama Action" is simply irrelevant.  (*See* Reply at 7.)  The timing of litigation, particularly in cases as complex as this case and the Alabama Action, is always unpredictable.  Once Proposed Intervenor learned of this case, she should have known that class certification, and any issue with "unfavorable or inconsistent class certification determination," (*see id.* at 8), could occur before class certification in the Alabama Action.  *See Smith*, 830 F.3d at 854; *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d

---

[2] Were the Court to reach Proposed Intervenor's arguments under the first-to-file rule, the timing of the filings would weigh against applying the rule.  *See Scholl v. Mnuchin*, 483 F. Supp. 3d 822, 827 (N.D. Cal. 2020) ("For all practical purposes, these two filings are virtually simultaneous such that application of the first-to-file rule is not warranted.")

1113, 1120 (9th Cir. 2002) (explaining that a "party seeking to intervene must act as soon as [s]he knows or *has reason to know* that h[er] interests might be adversely affected by the outcome of the litigation"). "The timeliness inquiry does not allow [Proposed Intervenor] to simply wait until a potential harm 'crystallizes' or becomes 'certain.'" *Evans v. Wal-Mart Stores, Inc.*, 2022 WL 18277053, at *4 (C.D. Cal. Mar. 18, 2022).

With that in mind, the first factor in assessing timeliness, the stage of the proceeding, cuts against Proposed Intervenor. Plaintiff has amended her complaint multiple times and substantially defeated Defendants' motion to dismiss, which raised key legal questions at the core of the case. The parties have undertaken significant discovery, and the Court has addressed related disputes, (*see* Dkt. 148 [Pre-Trial Protective Order as to the Identity of Plaintiff Jane Doe]). Most recently, Plaintiff filed her motion for class certification. (*See* Dkt. 145.) Because the parties have "covered a lot of legal ground together," and the Court "has substantively—and substantially— engaged the issues in this case," this factor weighs heavily against allowing intervention. *See League of United Latin Am. Citizens*, 131 F.3d at 1303 (9th Cir. 1997); *Lee v. Pep Boys-Manny Moe & Jack of California*, 2016 WL 324015, at *5 (N.D. Cal. Jan. 27, 2016).

In analyzing the second factor of the timeliness inquiry, the relevant prejudice "is that which flows from a prospective intervenor's failure to intervene after [she] knew, or reasonably should have known, that [her] interests were not being adequately represented." *Smith*, 830 F.3d at 857; *see also Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) ("the relevant issue is not how much prejudice would result from allowing intervention, but rather how much prejudice would result from the would-be intervenor's failure to request intervention as soon as he knew or should have known of his interest in the case"). "[C]ourts may find prejudice on the basis of non-monetary factors." *Smith*, 830 F.3d at 857. Proposed Intervenor argues "Plaintiff will not be

prejudiced by intervention for a stay since she would be a member of the Alabama Action's proposed class." (Mot. at 9.) The Court disagrees.

Filing and prosecuting this action in this district was no easy task for Plaintiff.[3] In so doing, she has relived horrific experiences—experiences that led to "recurring thoughts of contemplating suicide and feelings of hopelessness." (TAC ¶¶ 141–147.) Events like those Plaintiff describes, and tragically experienced by countless others, threaten survivors' autonomy and human dignity. (*See id.* ¶ 30); Danielle Keats Citron, *Sexual Privacy*, 128 Yale L.J. 1870, 1882–88, 1917–21, 1924–28 (2019) (explaining how nonconsensual pornography harms survivors). But Plaintiff made the difficult decision nevertheless to come forward with her claims to seek justice on behalf of herself and others. By bringing and litigating her case, Plaintiff made that trade-off so she could seek justice when, where, and how she wanted to mitigate the burden, expense, and trauma on her.

For that reason, Proposed Intervenor's argument that a stay or transfer will not prejudice her is unavailing. (*See* Reply at 6–7.) Rather, the Court agrees with Plaintiff that "[t]o wrest this case away from Plaintiff at this stage undermines the substantial re-traumatization Plaintiff experienced to drive the case forward." (*See* Opp. at 12–13; *Doe 1 v. JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *11 (S.D.N.Y. June 12, 2023) (recognizing "burdens of turning over highly sensitive documents and communications in discovery, as well as sitting for depositions and other examinations" on behalf of class). Moreover, were the Court to grant Proposed Intervenor's motion and enter a stay, Plaintiff would be relegated to sitting and waiting for the Alabama Action notwithstanding the personal sacrifices she has already made. The fact that Plaintiff's personal sacrifices may be of use to the Alabama Action does nothing to lessen the

---

[3] It would be remiss not to also acknowledge Plaintiff's counsel's efforts, which have been considerable and largely successful. (*See* Reply at 2, 5, 12, 17; Pachman Decl. ¶¶ 9–16.)

prejudice she would face. And transferring her case would fare no better. Plaintiff's personal sacrifices would be overlooked, and she now would be forced to litigate in Alabama, a forum she did not choose, thousands of miles away. Plaintiff, for understandable reasons, elected to bring her claims in this forum. Forcing Plaintiff now to litigate in Alabama imposes unreasonable burdens and expenses on her.

The third factor, the reason for and length of the delay, also weighs heavily against allowing intervention in this case. Proposed Intervenor's delay of 28 months in bringing her motion is significant. *See Allen v. Hyland's Inc.*, 2012 WL 12887827, at *2 (C.D. Cal. Aug. 28, 2012) (finding five-month delay in bringing motion to intervene was untimely). "Even more damaging to [Proposed Intervenor's] motion than the [28 month] delay itself, however, is [her] failure adequately to explain . . . the reason for [her] delay." *See League of United Latin Am. Citizens*, 131 F.3d at 1304.

Proposed Intervenor's purported justification for sitting by—and benefitting from—Plaintiff's efforts for the past two and a half years is that she allegedly only recently learned that Plaintiff's class certification motion may be heard before Proposed Intervenors, which "raised concerns for Alabama Plaintiff over an unfavorable or inconsistent certification determination in this case." (*See* Reply at 8.) This is simply not credible. The two actions were filed just days apart. Proposed Intervenor must have known, and certainly should have known, that Plaintiff's class certification motion could be heard first.

//
//

## IV. CONCLUSION

The Court **DENIES** Proposed Intervenor's motion to intervene.

DATED: September 28, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE