# EXHIBIT D

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 1

1   IN UNITED STATES DISTRICT COURT
2   FOR THE CENTRAL DISTRICT OF CALIFORNIA
3   SOUTHER DIVISION
    ------------------------------------X
4   JANE DOE, on behalf of herself and
    Other similarly situated,
5
                Plaintiff,
6
                                    Case No.:
7                                   8:21-cv-00338
                                    (CJC)(ADS)
8        -against-
9
    MINDGEEK USA, INCORPORATED, MINDGEEK
10  S.A.R.L, MG FREESITES, LTD (D/B/A
    PORNHUB), MG CONTENT RTLIMITED,
11  AND 9219-1865 QUEBEC, INC. (D/B/A
    MINDGEEK),
12
                Defendants.
13  ------------------------------------X
14          DATE: September 29th, 2023
15          TIME: 9:45 a.m.
16     CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER
17         DEPOSITION of BRIAN N. LEVINE, an
18  Expert on behalf of Plaintiff herein, taken
19  by the Defendant, pursuant to Federal Rules
20  of Civil Procedure, and Notice, held at the
21  Susman Godfrey, LLP, 1301 Avenue of the
22  Americas, 32nd Floor, New York, New York
23  10019, at the above-mentioned date and
24  time, before MARINA DUBSON, a Notary Public
25  of the State of New York.

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 133

1        B. N. Levine
2     A.    I am offering opinions on the
3  scope of my report, and I think the named
4  plaintiff may be part of -- again, I'm not
5  a lawyer, but a class of people that
6  that -- may find that evidence relevant.
7     Q.    But outside of her capacity as
8  a class member, you're not offering any
9  specific opinions about Jane Doe?
10    A.    I am not.
11    Q.    What process did you use to
12 arrive at your opinions in your
13 declaration?
14    A.    I had access to materials that
15 were presented during discovery. I was
16 able to search those materials. I, of
17 course, had access to the internet and you
18 can see in my report there's reference to
19 materials outside of discovery such as news
20 articles.
21    Q.    How did you decide which
22 documents to review?
23    A.    I had access to a piece of
24 software that contained all of the items
25 that were presented during discovery called

Page 134

1          B. N. Levine
2    Everlaw.  And Everlaw provides, in my
3    opinion, a very good way of issuing queries
4    for search terms or -- I mean, it's a very
5    sophisticated software.  I don't think we
6    have time for me to describe exactly
7    everything that it does.
8               But it was very useful, it was
9    very helpful for me to find relevant
10   documents for any interest I had.  And I
11   also have a background that's very relevant
12   to this case.  We've already talked through
13   my report to Congress and my research, and
14   so I think that's one of the things I bring
15   is I think about these things.
16        Q.    Can you spell Everlaw?
17        A.    I think so.  I think it's
18   E-V-E-R-L-A-W.  I think it's also one word.
19        Q.    Did you have access to all of
20   the documents that have been produced by
21   MindGeek in this case?
22        A.    I believe so.
23        Q.    Are there documents that you
24   reviewed that are not referenced in the
25   report or included in your reliance list?

CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER

Page 174

1               B. N. Levine

2   "have to," do you mean ethically or do you

3   mean legally?

4       Q.    Legally.

5       A.    That's a legal question and

6   that's not the scope of my expertise.

7       Q.    So you here today are not able

8   to offer an opinion as to whether certain

9   types of entities are legally required to

10  report to NCMEC?

11      A.    I'm not here today to offer any

12  legal conclusion.

13      Q.    If 18 USC 2258A does not

14  require MindGeek or other extraterritorial

15  ISPs to report apparent CSAM to NCMEC,

16  would that change your opinion any?

17            MS. GREGORY:  Objection to

18      form.

19      A.    You're asking me about a

20  specific legal statute and that's not

21  within my -- I'm not here to offer a legal

22  conclusion.

23      Q.    Well, you say reporting CSAM is

24  a requirement of US federal law?

25      A.    Where do I say that?