DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
HALLEY W. JOSEPHS (338391)
hjosephs@susmangodfrey.com
MADELINE M. YZURDIAGA (344676)
myzurdiaga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

TAMAR E. LUSZTIG (*Pro Hac Vice*)
tlusztig@susmangodfrey.com
AMY GREGORY (*Pro Hac Vice*)
agregory@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page*)
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>                     Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br><br>                     Defendants. | Case No. 8:21-cv-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**<u>CLASS ACTION</u>**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE FORM AND MANNER OF CLASS NOTICE**<br><br><br>Date: January 29, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

     **PLEASE TAKE NOTICE** that on January 29, 2024 at 1:30 p.m., or as soon thereafter as this matter may be heard, Plaintiff Jane Doe, on behalf of herself and all others similarly situated, ("Plaintiff") will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order approving the Plaintiff's proposed form of notice and manner of class notice.

     This Motion will be heard in the Courtroom of the Honorable Cormac J. Carney for the United States District Court in the Central District of California. The Court is located at the Ronald Reagan Federal Building and United States Courthouse, Courtroom 9B, 411 West Fourth Street, Santa Ana, CA 92701-4516.

     This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, and the concurrently filed Declarations of Gina Intrepido-Bowden, with accompanying exhibits, and Melissa Snow.

Dated: December 22, 2023     Respectfully submitted,

DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
TAMAR E. LUSZTIG
ROHIT D. NATH
HALLEY W. JOSEPHS
AMY GREGORY
MADELINE M. YZURDIAGA
SUSMAN GODFREY L.L.P.

STEVE COHEN (*Pro Hac Vice*)
SCohen@pollockcohen.com
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361

By:   */s/ Krysta Kauble Pachman*
      Krysta Kauble Pachman
      Attorneys for Plaintiff

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE FORM AND MANNER OF CLASS NOTICE**

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES............................................. 1

I.      INTRODUCTION .................................................................................. 1

II.     AUTHORITY AND ARGUMENT ....................................................... 3

        A.      Legal Standard ........................................................................ 3

        B.      The form and content of Plaintiff's proposed form of
                notice satisfies Rule 23(c)(2)(B)............................................ 3

        C.      Plaintiff's proposed Notice Plan is reasonable and
                represents the best notice practicable under the
                circumstances........................................................................... 5

        D.      The Court should reject MindGeek's objection to notice
                posting on its affiliated websites. ........................................... 9

        E.      The Court should amend its August 16, 2023 Order to
                allow Plaintiff to use the personal identifying
                information contained in MindGeek's records for class
                notice purposes. ..................................................................... 11

III.    CONCLUSION ................................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Regents of Univ. of Cal.*,
2021 WL 5195639 (C.D. Cal. Oct. 3, 2021) ........................................ 6

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) .................................................... 6, 10

*Bruno v. Quten Rsch. Inst.*,
2012 WL 12886843 (C.D. Cal. July 16, 2012) ................................. 9

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ................................................................... 3

*In re Facebook Internet Tracking Litig.*,
2022 WL 16902426 (N.D. Cal. Nov. 10, 2022)................................. 5

*Gunderson v. Alta Devices, Inc.*,
2021 WL 1998608 (N.D. Cal. May 19, 2021) ................................. 8

*Hilsley v. Ocean Spray Cranberries, Inc.*,
2019 WL 718807 (S.D. Cal. Feb. 5, 2019) .................................. 9, 10

*Jermyn v. Best Buy Stores, L.P.*,
2010 WL 5187746 (S.D.N.Y. Dec. 6, 2010)................................. 10

*Makaeff v. Trump Univ., LLC*,
2015 WL 5638192 (S.D. Cal. Sept. 21, 2015) ............................... 9

*Martin v. Weiner*,
2007 WL 4232791 (W.D.N.Y. Nov. 28, 2007)............................. 10

*Mirfasihi v. Fleet Mortg. Corp.*,
356 F.3d 781 (7th Cir. 2004) ..................................................... 10

*In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*,
314 F.R.D. 580 (N.D. Ill. 2016) ................................................. 10

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) .................................................................. 3

ii

*Roes, 1-2 v. SFBSC Mgmt., LLC,*
    944 F.3d 1035 (9th Cir. 2019) ............................................................ 3

*Romero v. Producers Dairy Foods, Inc.,*
    235 F.R.D. 474 (E.D. Cal. 2006) ....................................................... 5

*Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.,*
    254 F.R.D. 294 (W.D. Tex. 2008) .................................................. 10

*Silber v. Mabon,*
    18 F.3d 1449 (9th Cir. 1994) ............................................................. 6

*Spann v. J.C. Penney Corp.,*
    314 F.R.D. 312 (C.D. Cal. 2016) ...................................................... 6

*Stuart v. State Farm Fire & Cas. Co.,*
    332 F.R.D. 293 (W.D. Ark. 2019) .................................................. 10

**Statutes**

Central District of California, Local Rule, ¶ 7-3 ....................................... 1

Fed. R. Civ. P. 23(c)(2) ....................................................................*passim*

**Other Authorities**

Moore's Federal Practice, *Manual for Complex Litigation* § 21.311
    (4th ed. 2004) .................................................................................. 3

New York Times ........................................................................... 7, 8

William B. Rubenstein, 3 *Newberg on Class Actions* § 8:29 (5th ed.) .................... 6

William R. Rubenstein, 3 *Newberg on Class Actions* § 8:5 (5th ed.) ...................... 3

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE FORM AND MANNER OF CLASS
NOTICE

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Jane Doe ("Plaintiff" or "Jane Doe"), as the class representative of the certified class, submits the following memorandum of points and authorities in support of her motion to approve form and manner of class notice ("Motion").

### I.     INTRODUCTION

In any case certified under Federal Rule of Civil Procedure 23(b)(3), the Court must direct notice to the certified class. On November 17, 2023, the Court granted Plaintiff's motion for class certification and certified under both Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) two classes. ECF No. 209 at 1-2. The Court first certified a national class including "all persons who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years" (the "Class"). ECF No. 107 at 44, ¶ 154. The Court next certified a subclass of "all persons residing in California who were under the age of 18 when they appeared in a video or image that has been uploaded or otherwise made available for viewing on any website owned or operated by Defendants in the last ten years" (the "California Subclass"). *Id.*, ¶ 155. Susman Godfrey LLP was appointed as class counsel ("Class Counsel"). ECF No. 209 at 11-12. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiff now moves the Court for an order approving the form and manner of class notice in this certified class action. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 13, 2023.

Class Members are a uniquely vulnerable group. As such, Class Counsel has made special efforts to ensure that the proposed form and manner of class notice does not further traumatize Class Members. Class Counsel sent a request for proposal to six reputable notice and claims administrators, requesting proposed notice plans and cost estimates. After this intensive bidding process, Class Counsel chose to work with JND Claims Administration LLC ("JND"), an experienced notice and claims

administrator who is cognizant and responsive to the specific needs of the Class. As set forth in more detail in the supporting Declaration of Gina Intrepido-Bowden, Vice President at JND, JND has more than 20 years of experience designing and implementing class action legal notice programs and has been involved in many of the largest and most complex class action notice programs, including all aspects of notice dissemination. Class Counsel has worked closely with JND to develop the proposed notice plan ("Notice Plan"). Class Counsel further reached out to the National Center for Missing & Exploited Children ("NCMEC"), who additionally agreed to disseminate class notice through its channels.

The proposed notice plan, with its four forms of proposed notice, provide all of the information required by Rule 23(c)(2)(B) to the Class, in language that is plain and easy to understand. Gina Intrepido-Bowden submits a declaration in support of the proposed notice plan, attesting to the adequacy and constitutionality of the postcard notice ("Postcard Notice"), email notice ("Email Notice"), third party email notice ("Third Party Email Notice"), long form notice ("Long Form Notice"), digital ads, a digital audio script describing notice, and a press release. Declaration of Gina Intrepido-Bowden ("Gina Intrepido-Bowden Decl."), Exhibits A-G. Moreover, Melissa Snow, Executive Director of Child Sex Trafficking Programs at NCMEC, submits a declaration in further support of the proposed notice plan, declaring that NCMEC is amenable to further disseminating notice through its established channels of communication with survivors of CSAM. Declaration of Melissa Snow in Support of Motion to Approve Form and Manner of Class Notice ("Melissa Snow Decl."). With this motion, Plaintiff provides proposed forms for Postcard Notice, Email Notice, Third Party Email Notice, Long Form Notice, digital ads in both audio and visual form, and a press release. The Notice Plan meets the requirements of Federal Rule of Civil Procedure 23 and constitutional Due Process and should be approved.

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE FORM AND MANNER OF CLASS
NOTICE**

1

2

## II.    AUTHORITY AND ARGUMENT

### A.    Legal Standard

3

4

5

6

7

8

9

10

11

12

13

14

In any class action certified under Rule 23(b)(3), the Court must direct notice of class certification to class members using "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The "best notice that is practicable" standard applies to both the form and manner of notice. *See* William R. Rubenstein, 3 *Newberg on Class Actions* § 8:5 (5th ed.). The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on class members. Fed. R. Civ. P. 23(c)(2)(B).

15

16

17

18

19

20

21

22

23

24

25

26

Further, because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, class notice is also required to comply with constitutional due process. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974). To satisfy constitutional Due Process, "notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019) (quoting *Eisen*, 417 U.S. at 174) (internal quotation marks omitted). More generally, class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]." Moore's Federal Practice, *Manual for Complex Litigation* § 21.311 at 289 (4th ed. 2004).

27

28

### B.    The form and content of Plaintiff's proposed form of notice satisfies Rule 23(c)(2)(B).

3

As outlined in the Gina Intrepido-Bowden Declaration, Class Counsel proposes three forms of notice. First, JND will either electronically mail an Email Notice, which is attached as Exhibit A to the Gina Intrepido-Bowden Declaration, or physically mail a Postcard Notice, which is attached as Exhibit B to the Gina Intrepido-Bowden Declaration, to all Class Members that can be identified through MindGeek's internal records. Gina Intrepido-Bowden Decl. ¶¶ 10-22. JND will additionally disseminate Third Party Email Notice, which is attached as Exhibit E to the Gina Intrepido-Bowden Declaration, to non-Class Members who submitted a child pornography "content removal" request or otherwise notified Defendants about child pornography on their websites and whose contact information is obtained from Defendants' internal documents. *Id.* ¶ 33.

Second, JND will post a more detailed Long Form Notice, which is attached as Exhibit G to the Gina Intrepido-Bowden Declaration, to a case-specific website. *Id.* ¶¶ 38-39.

Third, as outlined in the attached Melissa Snow declaration, Class Counsel will work with NCMEC to provide class notice through NCMEC's three principal channels of communication with child sex trafficking survivors. Melissa Snow Decl., ¶¶ 6-7. NCMEC will provide notice through its national network of direct service providers to survivors of child sex trafficking ("Direct Service Provider Network"), which can be an effective network to help make survivors aware of this case and provide support and assistance as they navigate the ensuing legal process. *Id.* NCMEC will further provide a form of notice to local, state, and federal law enforcement victim advocates, including those in the FBI and DHS, who, in turn, can share notice with survivors they know appeared on MindGeek's websites within their jurisdictions. *Id.* NCMEC will finally provide notice to its national network of individual abuse survivor leader and advocates ("Survivor Network"), who support NCMEC's work and have extensive knowledge and connections among survivors. *Id.*

Plaintiff's proposed Notice Plan meets the enumerated requirements of Rule 23(c)(2)(B). Each form of notice is appropriate because it presents all the information required by Rule 23 "clearly and concisely" in "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). These forms of notice include the class definition, a brief overview of the case, the option for any Class Member to opt-out and the procedure to do so, a statement that the judgment will be binding on Class Members who do not opt-out, and the right of any member who does not opt-out to appear in the case through his or her lawyer. *Id.*; Gina Intrepido-Bowden Decl., Exhibits A-B, E, G. The proposed forms of notice further describe the central elements of Plaintiff's claims in clear and simple language and therefore, contain all of the information necessary to allow Class Members to make informed decisions. Also, should additional information be needed, the proposed Long Form Notice clearly designates and provides contact information for the claims administrator and Class Counsel. Accordingly, the form and content of the proposed Postcard Notice, Email Notice, Third Party Email Notice, and Long Form Notice satisfy Rule 23(c)(2)(B).

## C.   Plaintiff's proposed Notice Plan is reasonable and represents the best notice practicable under the circumstances.

Plaintiff's proposed Notice Plan further comports with Rule 23(c)(2)(B) and constitutional Due Process, as it allows for the best notice practicable under the circumstances. Courts have generally held that direct notice by physical and electronic mail is sufficient to notify identified class members and meet Rule 23. *See, e.g.*, *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492-93 (E.D. Cal. 2006) (citing *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992)) ("First class mail is ordinarily sufficient to notify class members who have been identified."); *In re Facebook Internet Tracking Litig.*, 2022 WL 16902426, at *3-5 (N.D. Cal. Nov. 10, 2022) (approving direct email notice). As such, for those Class Members who can be readily ascertained from MindGeek's internal records or

by third-party information, JND will cause Postcard or Email Notice to be mailed within fourteen (14) days of court approval. Gina Intrepido-Bowden Decl., ¶¶ 10-22.

However, Rule 23 does not require that each individual actually receive notice; rather, it only requires the best notice practicable under the circumstances. *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *see also* Fed. R. Civ. P. 23(c)(2) Advisory Committee's Note to 2018 Amendment (emphasis added) ("Instead of preferring any one means of notice, therefore [Rule 23] relies on courts and counsel to focus on the means *or combination of means* most likely to be effective in the case before the court."). When direct notice to all class members is not possible, other methods of notice can supplement individualized notice. *See* William B. Rubenstein, 3 *Newberg on Class Actions* § 8:29 (5th ed.); *see also Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1129 (9th Cir. 2017) (citing *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015)) (internal quotation marks omitted) (explaining that "when individual notice by mail is not possible, courts may use alternative means such as notice through third parties, paid advertising, and/or posting in places frequented by class members").

Courts within the circuit routinely allow other notice methods, including via publication, that are tailored to the relevant circumstances and designed to reach class members. *See, e.g.*, *A.B. v. Regents of Univ. of Cal.*, 2021 WL 5195639, at *2 (C.D. Cal. Oct. 3, 2021) (approving notice via physical mail, email, digital and social media, and press releases as "the best notice practicable"); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 330-31 (C.D. Cal. 2016) (approving notice via physical mail, email, social and digital media, and press releases as "the best notice practicable").

First, as described in the supporting Declaration of Melissa Snow, NCMEC is amenable to working with Class Counsel to disseminate class notice to survivors through NCEMC's well-established networks providing resources, services, and information to survivors of child sex trafficking and their families. Melissa Snow Decl. ¶¶ 6-7. Those networks include NCMEC's direct service providers network,

law enforcement victim advocates, and NCMEC's survivor network. *Id.* ¶ 6. This proposal to disseminate notice through the national clearinghouse on information and programs related to child sex trafficking issues, *id.* ¶ 5, is highly tailored to the circumstances of this case and designed to reach Class Members who are among the survivors with connections to NCMEC's extensive networks.

Second, as described in the supporting Declaration of Gina Intrepido-Bowden, JND has researched the Class and determined the most appropriate manner of notice. Gina Intrepido-Bowden Decl., ¶ 6. JND has found that direct notice may not effectively reach all Class Members because of the lack of available contact information. *Id.* ¶ 26. Given this lack of contact information, direct notice alone is not feasible. Rather, a robust six-week media effort supplemented with additional efforts is necessary to reach the majority of Class Members.

The proposed publication notice program includes digital ads published on websites, social media platforms, a search engine, and popular newsworthy platforms, supplemental digital outreach to parents of teens, notice posting on Defendants' websites, third party outreach to individuals who reported potential CSAM to MindGeek, a press release to various international news media outlets, and a case-specific website, toll-free telephone number, post office box, and email address. *Id.* ¶¶ 23-42.

Within fourteen (14) days of the order approving the form and manner of notice, JND will publish digital ads through the search engine Google Display Network ("GDN"), social media platforms including Facebook and Instagram, leading audio streaming service provider, Spotify, and popular newsworthy digital platforms such as the New York Times, Reddit, and X. *Id.* ¶ 26, Exhibits C-D. Utilizing the known demographics of the Class, these digital ads will specifically target likely Class Members and are projected to deliver a minimum of 148 million impressions to United States adults aged 18-34 and 42 million impressions to United States teens aged 13-17. *Id.* ¶¶ 27-28. The supplemental digital effort is further

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO APPROVE FORM AND MANNER OF CLASS NOTICE

projected to deliver an additional 3 million impressions. *Id.* ¶ 35. JND will additionally publish digital ads on GDN targeting parents of children 6-17 years of age with an affinity for block software, internet safety products; and/or in-market for mobile phone monitoring for parents, text messaging spy apps, cell phone surveillance, and on Facebook targeting parents of children 9-17 years of age. *Id.* ¶ 34. These efforts will deliver a minimum of 63 million impressions to parents via GDN and Facebook. *Id.* JND will also post notice on Defendant's various websites, including PornHub, YouPorn, RedTube, and others. *Id.* ¶ 36. Given the billions of annual views to just Pornhub and the relative low cost of placing ads, JND predicts this would extend notice exposure significantly. *Id.*

JND will further send Third Party Email Notice to non-Class Members who submitted a child pornography "content removal" request or otherwise notified Defendants about child pornography on their websites, including local, state, and federal law enforcement, and whose contact information is obtained from Defendants' files. *Id.* ¶ 33.

JND will also disseminate a news release via PR Newswire's Premier Global distribution, which includes media outlets throughout the United States, Canada, Latin America, Pan Europe, Pan Asia, Arabic Middle East, Israel, and Africa. The press release will further be translated into English, Arabic, Chinese, Czech, French, German, Hebrew, Indonesian, Japanese, Korean, Malay, Polish, Portuguese, Russian, Slovak, Spanish, Thai, and Vietnamese. *Id.* ¶ 37.

The Long Form Notice will be available on a case-specific website. *Id.* ¶ 38. The website will include answers to frequently asked questions, contact information for the Notice Administrator, notice deadlines, and links to important case documents. *Id.* The website will also include information on how Class Members can opt-out of the Class, if they choose to do so. *Id.* Potential class members will have seventy-two (72) days after the commencement of direct notice and thirty (30) days after the completion of publication notice to opt out. *Id. See Gunderson v. Alta*

*Devices, Inc.*, 2021 WL 1998608, at *7 (N.D. Cal. May 19, 2021) (approving 35-day opt-out period after direct mailing); *Makaeff v. Trump Univ., LLC*, 2015 WL 5638192, at *6-7 (S.D. Cal. Sept. 21, 2015) (setting opt-out deadline 45 days after notice mailing and 35 days after first publication notice); *Bruno v. Quten Rsch. Inst.*, 2012 WL 12886843, at *6 (C.D. Cal. July 16, 2012) (approving 30-day opt-out period after direct mailing and publication notice). The address for the website will be prominently displayed in printed notice documents and accessible through a hyperlink embedded in digital notices. Gina Intrepido-Bowden Decl., ¶ 38. This will be supplemented by a toll-free telephone line, a dedicated email address, and a post office box to ensure that Class Members can learn additional information about this case. *Id.* ¶¶ 40-42.

JND estimates that its publication notice efforts will deliver an estimated reach of over 70% to the target audience (which will supplement Plaintiff's direct notice campaign). *Id.* ¶ 43. Even if there were no direct notice, this is consistent with the reach and frequency recommended by the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, which considers a 70-95% reach among class members to be reasonable. JND also opines that these means of providing notice are the best practicable under the circumstances and that the proposed Notice Plan satisfies the requirements of Rule 23 and constitutional Due Process. *Id.* ¶ 44.

### D.   The Court should reject MindGeek's objection to notice posting on its affiliated websites.

Class Counsel anticipates that MindGeek will object to the placement of online banner notices regarding this case on their various websites. The Court should reject this argument.

Courts, including those within the Ninth Circuit, have repeatedly authorized notice plans that include online banner notices on defendant's websites, even over a defendant's objection. *See, e.g.*, *Hilsley v. Ocean Spray Cranberries, Inc.*, 2019 WL

718807, at *2-4 (S.D. Cal. Feb. 5, 2019); *Stuart v. State Farm Fire & Cas. Co.*, 332
F.R.D. 293, 297-300 (W.D. Ark. 2019); *In re Nat'l Collegiate Athletic Ass'n Student-
Athlete Concussion Injury Litig.*, 314 F.R.D. 580, 602-03 (N.D. Ill. 2016); *Jermyn v.
Best Buy Stores, L.P.*, 2010 WL 5187746, at *8 (S.D.N.Y. Dec. 6, 2010); *Stoffels ex
rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 254 F.R.D. 294, 299-300
(W.D. Tex. 2008); *Martin v. Weiner*, 2007 WL 4232791, at *3 (W.D.N.Y. Nov. 28,
2007). Courts have approved of such measures, in part, because class notice
disseminated via the Internet, including on a defendant's website, is like publishing
in a national newspaper and therefore, comports with Rule 23. *See Jermyn*, 2010 WL
5187746, at *8 ("Disseminating notice using Best Buy's website, which can be
accessed nationwide, is similar to publishing notice in a nationwide newspaper[.]");
*see also Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) ("The
World Wide Web is an increasingly important method of communication, and, of
particular pertinence here, an increasingly important substitute for newspapers.").

Given the facts of this case, posting online banner notices on MindGeek's
website represents a key piece of affecting the best notice practicable under Rule 23.
As demonstrated through Plaintiff's experience, CSAM survivors will likely
continue to look on MindGeek's various websites to ensure their CSAM is no longer
posted. Accordingly, posting online banner notices on MindGeek's website makes it
more likely that Class Members will be properly informed of this case. *See Briseno*,
844 F.3d at 1129 (approving class notice in places frequented by class members as
the best notice practicable under the circumstances); *Hilsley*, 2019 WL 718807, at *3
(allowing online banner notices on defendant's website because some class members
likely "researched the ingredients contained in [defendant] Ocean Spray products on
its website"); *Jermyn*, 2010 WL 5187746, at *8 (allowing online banner notices on
defendant's website because class members likely used defendant's website for its
price match guarantee). The Court should thus approve of this component of
Plaintiff's Notice Plan and further find that Plaintiff's Notice Plan satisfies Rule 23

1  and constitutional Due Process as it represents the best notice practicable under the

2  circumstances.

3      **E.     The Court should amend its August 16, 2023 Order to allow
           Plaintiff to use the personal identifying information contained in
4          MindGeek's records for class notice purposes.**

5          In its August 16, 2023 order, the Court entered a stipulation limiting the use of

6  personal identifying information ("PII") in this case. ECF No. 121 at 1-2.

7  Specifically, the Court stated that "Plaintiff will not use (i) the produced PII or (ii)

8  information derived from the produced PII to contact any individuals, except in the

9  event Plaintiff's motion for class certification under Federal Rule of Civil Procedure

10  23 is granted and then only with an Order from the Court permitting and prescribing

11  the contact allowed." *Id.* Given that the Court has granted Plaintiff's motion for class

12  certification, Plaintiff requests that the Court formally approve Plaintiff's request to

13  use the PII to identify potential Class Members and disseminate class notice.

14                          **III.    CONCLUSION**

15          With the Class now certified under Rule 23(b)(2) and 23(b)(3), the Court must

16  direct notice to the certified Class pursuant to Rule 23(c)(2)(B). For all the foregoing

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

1  reasons, Plaintiffs respectfully request that the Court approve the proposed form of

2  Notice and the proposed manner of dissemination to the Class.

3  Dated: December 22, 2023                Respectfully submitted,

4                                          DAVIDA BROOK
                                           KRYSTA KAUBLE PACHMAN
5                                          TAMAR E. LUSZTIG
                                           ROHIT D. NATH
6                                          HALLEY W. JOSEPHS
                                           AMY GREGORY
7                                          MADELINE M. YZURDIAGA
                                           SUSMAN GODFREY L.L.P.
8
                                           STEVE COHEN (*Pro Hac Vice*)
9                                          SCohen@pollockcohen.com
                                           POLLOCK COHEN LLP
10                                         60 Broad St., 24th Floor
                                           New York, NY 10004
11                                         Phone: (212) 337-5361

12
                                           By:    */s/ Krysta Kauble Pachman*
13                                                 Krysta Kauble Pachman
14                                                 Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28