DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
ROHIT D. NATH (316062)
rnath@susmangodfrey.com
HALLEY W. JOSEPHS (338391)
hjosephs@susmangodfrey.com
MADELINE M. YZURDIAGA (344676)
myzurdiaga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

AMY B. GREGORY (Pro Hac Vice)
agregory@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019-6023
Phone: (212) 336-8330; Fax: (212) 336-8340

(*See additional counsel on signature page*)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br>        Defendants. | Case No. 8:21-cv-00338-CJC-ADS<br><br>*Hon. Autumn D. Spaeth*<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR LETTERS ROGATORY**<br><br>Date: February 7, 2024<br>Time: 10:00am<br>Courtroom: 6B |

# **TABLE OF CONTENTS**

I.      Statement of Issue to be Decided ........................................................... 3

II.     Preliminary Statement ........................................................................... 3

III.    Background............................................................................................ 4

IV.     Legal Standard...................................................................................... 5

V.      The Requested Discovery is Relevant to This Case ....................................... 6

    A.      Need for discovery from ███████ : ....................................... 6

    B.      Need for discovery from ███████ : ....................................... 8

    C.      Need for discovery from ███████ : ....................................... 10

VI.     Conclusion............................................................................................ 12

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                                    **Page(s)**

3

4
*Asis Internet Services. v. Optin Glob., Inc.*,
     No. C-05-05124 JCS, 2007 WL 1880369 (N.D. Cal. June 29, 2007) ................ 5

5

6
*DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*,
     131 F.R.D. 367 (D. Mass. 1990) ........................................................................... 6

7

8
*Doe v. Uber Technologies., Inc.*,
     No. 19-CV-03310-JSC, 2022 WL 562740 (N.D. Cal. Feb. 24,
     2022) .................................................................................................................... 5

9

10
*Evanston Insurance. Co. v. OEA, Inc.*,
     No. CIVS-021505DFLPAN, 2006 WL 1652315 (E.D. Cal. June 13,
     2006) .................................................................................................................... 6

11

12
*Fleites, et al. v. Mindgeek S.à.r.l.., et al.*,
     Case No. 2:21-cv-04920-CBM-AFM (C.D. Cal.) .................................... 8, 9, 12

13

14
*Marroquin-Manriquez v. I.N.S.*,
     699 F.2d 129 (3d Cir. 1983) ................................................................................ 5

15

16
*S.E.C. v. Leslie*,
     No. C 07-03444 JF (PVT), 2009 WL 688836 (N.D. Cal. Mar. 16,
     2009) .................................................................................................................... 6

17

18
*SPS Technologies, LLC v. Briles Aerospace, Inc.*,
     No. CV 18-9536 MWF, 2020 WL 12740646 (C.D. Cal. Apr. 14,
     2020) .................................................................................................................... 5

19

20

21
*United States v. Reagan*,
     453 F.2d 165 (6th Cir. 1971) ............................................................................... 5

22

23
*United States v. Staples*,
     256 F.2d 290 (9th Cir. 1958) ............................................................................... 5

24

**Statutes**

25

26
28 U.S.C. § 1781 ....................................................................................................... 1

27
28 U.S.C. § 1781(b)(2) .......................................................................................... 3, 5

28
Canada Evidence Act .................................................................................................. 6

**Rules**

Fed. R. Civ. P. 26.................................................................................................5

Fed. R. Civ. P. 26(b)(1) ........................................................................................6

Fed. R. Civ. P. 28(b) .........................................................................................3, 5

Fed. R. Civ. P. 28(b)(1)(B) ...................................................................................5

L.R. 7-3 ................................................................................................................1

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on February 7, 2024, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Autumn D. Spaeth, for the United State District Court, Central District of California, Southern Division (the "Requesting Court"), Plaintiff Jane Doe will, by and through her counsel of record, move the Court to issue a letter of request for international judicial assistance from the Québec Superior Court, Canada, pursuant to 28 U.S.C. § 1781, in the form annexed hereto as Exhibit 1, to obtain testimonial evidence from the non-party foreign individuals located in Québec to be used in a civil action proceeding before the Requesting Court, and such other and further relief as the Court deems just and proper.

In accordance with L.R. 7-3, counsel for Plaintiff and Defendants conferred on October 16, 2023 prior to the filing of this motion. Defendants take no position on the request for Letters Rogatory.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authority, the accompanying proposed Letters Rogatory and Letters of Request, the pleadings and papers on file in this action, and on such other evidence as may be submitted to the Court. A proposed order accompanies this application.

Dated: January 12, 2024                 Respectfully submitted,


                                        /s/ *Krysta Kauble Pachman*
                                        DAVIDA BROOK
                                        KRYSTA KAUBLE PACHMAN
                                        ROHIT NATH
                                        HALLEY JOSEPHS
                                        MADELINE M. YZURDIAGA
                                        SUSMAN GODFREY L.L.P.
                                        1900 Avenue of the Stars, Suite 1400
                                        Los Angeles, CA 90067
                                        Phone: (310) 789-3100;
                                        Fax: (310) 789-3150

                                        AMY B. GREGORY
                                        *(admitted pro hac vice)*
                                        SUSMAN GODFREY L.L.P.
                                        1301 Avenue of the Americas, 32nd Fl

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New York, NY 10019
Phone: (212) 336-8330
Fax: (212) 336-8340

STEVE COHEN
*(admitted pro hac vice)*
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361

*Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 28 U.S.C. § 1781(b)(2) and Fed. R. Civ. P. 28(b), Plaintiff respectfully requests that this Court issue the proposed letter of request for international judicial assistance from the Québec Superior Court, Canada, to obtain discovery from the non-party foreign individuals ███████, ███████, and ███████; and for such other and further relief as the Court deems just and proper.

### I.   STATEMENT OF ISSUE TO BE DECIDED

Whether this Court should issue the Letters Rogatory, attached as Exhibit 1, which seeks assistance from the judicial authority of Québec, Canada, to compel ███████, ███████, and ███████ to testify at depositions as specified in Schedules A, B, and C of the accompanying letters rogatory.

### II.   PRELIMINARY STATEMENT

Plaintiff Jane Doe respectfully moves the Court for issuance of Letters Rogatory to the Superior Court of Québec, Canada. Plaintiff seeks testimony from three of Defendants' former executive-level employees who have since left the company, specifically: former ███████████████████, former ███████████████████████, and ███████████. Discovery has shown that all three were closely involved in formulating and executing Defendants' policies and practices to address the presence of child sexual abuse material (CSAM) on its websites during the class period. They were also central players in Defendants' public relations response regarding CSAM on its sites, providing testimony to governmental bodies and crafting and issuing statements to the press.

Plaintiff has attempted to issue subpoenas to these proposed deponents through their respective United States-based attorneys, who represent them in another case currently pending in the Central District of California. Each attorney has indicated that he or she is not authorized to accept service on behalf of his or her Québec-

resident client. Therefore, Plaintiff now asks this court to issue the accompanying Letters Rogatory, so Plaintiff can pursue relevant discovery from each of these men.

## III. **BACKGROUND**

In this case, Plaintiff represents a class of persons who, like herself, were under the age of 18 when they appeared in a video or image uploaded to Defendants' websites. *See, e.g.*, Dkt. 160 at 6. Plaintiff asserts that, since February 2011, child sexual abuse material (CSAM) has been extensively uploaded, viewed, and distributed on Defendants' websites because, despite having actual knowledge of its widespread presence, Defendants failed to institute policies, procedures, and tools to stop it and, in fact, largely encouraged its proliferation.

During the pendency of this lawsuit, three of Defendant's high-ranking executives left their positions within the company.[1] ███████ was ███████ ███, ███████ was ███████, and ███████ was ███████ ███████. Each of these men were employed in these roles during the majority of the time period at issue, and each has personal knowledge directly relating to claims and defenses at issue in this litigation. The testimony Plaintiff seeks from them, as set forth in Exhibit 1, Schedules A, B, and C, are relevant to the case.

Plaintiff has attempted to obtain the requested information by other means, but has been unsuccessful. Because these executives no longer work for Defendants, Plaintiff initially sought their depositions through third-party subpoenas, served on each individual's respective U.S.-based counsel. Plaintiff was then informed by the attorneys that they were not authorized to accept service of the subpoenas on behalf of their Canadian-resident clients, but that each has retained counsel in Canada willing to accept service relating to any letter of request that is issued. Plaintiff now



[1] ███████████████████████████████
████████████████████████████████████
████ek some ████ 2021 or 2022).

asks this court to issue the letters rogatory requesting the assistance of the Superior Court of Québec in obtaining this relevant discovery.

## IV.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 28(b) permits a deposition to be taken in a foreign country under letters rogatory. Fed. R. Civ. P. 28(b)(1)(B). "A letter rogatory is 'a formal request from a court in which an action is pending[ ] to a foreign court to perform some judicial act.'" *SPS Technologies, LLC v. Briles Aerospace, Inc.*, No. CV 18-9536 MWF (ASx), 2020 WL 12740646, at *1 (C.D. Cal. Apr. 14, 2020) (quoting 22 C.F.R. § 92.54 and citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004)).

Federal courts have inherent authority to issue letters rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); 28 U.S.C. § 1781(b)(2). Letters rogatory may include requests for production of documents, *see United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971), and requests to take the testimony of witnesses residing within the jurisdiction of the foreign court, to be transmitted to the requesting court for use in a pending action. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3d Cir. 1983).

The decision to issue letters rogatory is committed to the sound discretion of the court. *Doe v. Uber Technologies., Inc.*, No. 19-CV-03310-JSC, 2022 WL 562740, at *1 (N.D. Cal. Feb. 24, 2022). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Asis Internet Services. v. Optin Glob., Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007). Instead, a court must apply Rule 28(b) "in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.* Thus, courts must read Rule 28(b) in conjunction with Rule 26, which provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

P. 26(b)(1); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990). In general, letters rogatory should be issued "unless good cause is shown otherwise." *Evanston Insurance. Co. v. OEA, Inc.*, No. CIVS-021505DFLPAN, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006); *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009).

The issuance of letters rogatory is the proper procedure to compel the production of documents and testimony from a witness located in Canada for use in an action pending in the United States.[2] The Canada Evidence Act permits Canadian courts to order examination of a witness upon receipt of a request from a court outside of Canada. R.S.C.1985, c. C-5, s. 46(1). The Act also permits testimony to be taken by videoconference. *Id.*, s. 46(2). The Québec Code of Civil Procedure also authorizes discovery by a foreign party through letters rogatory. CQLR c C-25.01, a. 504-505 [C.C.P.].

## V.   THE REQUESTED DISCOVERY IS RELEVANT TO THIS CASE

### A.   Need for discovery from ▮▮▮▮▮▮▮▮▮:

▮▮▮▮▮▮▮▮▮▮▮ was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, between approximately early 2013 and June 2022. His resignation occurred amid ongoing allegations that Defendants were not adequately addressing CSAM on its websites.[3] Despite his resignation from an operational role at the company, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[4]

Plaintiff seeks discovery from ▮▮▮▮▮▮▮ in the form of testimony. The testimony Plaintiff seeks from ▮▮▮▮▮▮▮ is not available from another source.

---

[2] *See* U.S. Dep't of State, Canadian Judicial Assistance Information, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Canada.html.

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Discovery in this case thus far has shown that ███████ was intimately involved in discussions surrounding CSAM on MindGeek's websites and frequently exercised decision-making authority over Defendants' policies, procedures, and public relations response relating to CSAM. *See, e.g.*, Exs. 3-5 (MindGeek_00088749, MindGeek_0088751, & MindGeek_0088756) (emails regarding MindGeek's potential establishment of a reporting relationship with the National Center for Missing and Exploited Children, 2011); Ex. 6 (MindGeek_00000724) (emails regarding search terms that target underage content on Pornhub, 2017); Ex. 7 (MindGeek_00158248) (emails discussing Defendants' approach to addressing videos on their websites that have been flagged as CSAM and/or for other inappropriate content, 2020); Ex. 8 (MindGeek_00158347) (emails discussing Defendants' response to complaints from MasterCard and Visa about videos containing CSAM and other illegal content on Defendants' websites, 2020); Ex. 9 (MindGeek_00158619) (████ included on email thread with ████ and ████ regarding Defendants' efforts to remove CSAM from their sites); Ex. 10 (MindGeek_00158962) (████ discusses public relations response to complaints from Canadian Parliament and U.S. Senate; ████ cc'd, 2020); Ex. 11 (MindGeek_00496572) (████, ████, and others formulating media response to allegations that Defendants failed to remove CSAM from its sites, 2021).

As ████ during the majority of the period at issue in this suit, ████ was in a unique position to develop and set policies and procedures regarding CSAM on Defendants' websites. Discovery has already shown that he was, in fact, involved in such discussions and decisions. Defendants have indicated that their defense will center on the argument that MindGeek's policies and practices surrounding CSAM were sufficient, and that Defendants undertook every reasonable step to curb the dissemination of CSAM on their sites. ████ will be able to offer testimony regarding the tools and practices Defendants considered, were aware of, actually undertook, and failed to implement with respect to the upload, dissemination,

1    retention, and distribution of CSAM on its websites. ████████ testimony

2    regarding these subjects is relevant to Plaintiff's claims and MindGeek's defenses.

3    Plaintiff requests permission to depose ████████ on his knowledge of the topics

4    set forth in Schedule A to Exhibit 1. Plaintiff cannot obtain testimony regarding ██

5    ████████ knowledge and recollection of the topics at issue in this case from another

6    source.

7        Plaintiff has attempted to obtain this information by serving a subpoena on the

8    attorney representing ████████ in another matter currently pending in the U.S.

9    District Court for the Central District of California. ████████████████████

10   ████████, *Fleites, et al. v. Mindgeek S.à.r.l.., et al.*, Case No. 2:21-cv-04920-CBM-

11   AFM (C.D. Cal.). Upon receiving Plaintiff's subpoena, ████████ attorney

12   informed Plaintiff that he is not authorized to accept service in the United States on

13   ████████ behalf, and thus Plaintiff has been unable to obtain the information

14   sought by any other means.

15       **B.    Need for discovery from** ████████**:**

16   ████████ tenure as ████████ coincided with ██

17   ████████. Like ████████, ████████ left his operational position at

18   MindGeek in June 2022, ████████████████████.[5]

19       Plaintiff seeks discovery from ████████ in the form of testimony. The

20   testimony Plaintiff seeks from ████████ is not available from another source. To

21   date, discovery in this case has shown that as ████, ████████ was involved in

22   discussions of Defendant's policies and public relations strategy surrounding CSAM

23   on its websites. *See, e.g.*, Ex. 7 (MindGeek_00158248) (emails discussing

24   Defendants' approach to addressing videos on their websites that have been flagged

25

26   ─────────────
     [5] ████████████████████████████████████████████

27   ████████████████████████████████████████████████

28   ████████████████████████████████████████████████

                                        8

as CSAM or other inappropriate content, 2020); Ex. 8 (MindGeek_00158347) (emails discussing Defendants' response to complaints from MasterCard and Visa about videos containing CSAM and other illegal content on Defendants' websites, 2020); Ex. 9 (MindGeek_00158619) (email thread with ███, ███ and ███ regarding Defendants' efforts to remove CSAM from their sites); Ex. 11 (MindGeek_00496572) (███ and ███ involved in formulating media response to allegations that Defendants failed to remove CSAM from its sites, 2021); Ex. 12 (MindGeek_00158576) (discussion between ███, ███ and other executives about Defendants' response to complaints from the Canadian Centre for Child Protection, 2020); Ex. 13 (MindGeek_00257831) (███, ███ and ███ discuss public relations strategy and tweak language for a press release regarding CSAM on Defendants' websites).

███ testimony is directly relevant to Plaintiff's claims and Defendants' defenses in this case. ███ was frequently involved in internal debates relating to Defendants' policies related to removing or preventing CSAM on its websites. His testimony is relevant to Plaintiff's claims and Defendants' anticipated defenses. Plaintiff therefore requests permission to depose ███ on his knowledge of the topics set forth in Schedule B to Exhibit 1. Plaintiff cannot obtain testimony regarding ███ knowledge and recollection of the topics at issue in this case from another source.

Plaintiff has attempted to obtain this information by requesting that the attorney representing ███ in another matter currently pending before this Court accept service of a subpoena directed to ███. ███ ███, *Fleites, et al.*, supra. Upon receiving Plaintiff's subpoena, the attorney informed Plaintiff that he is not authorized to accept service in the United States on ███ behalf, and thus Plaintiff has been unable to obtain the information sought by any other means.

**C.    Need for discovery from ███████████:**

███████████ worked in an executive role at MindGeek throughout the entire 10-year period relevant to this lawsuit. He was the █████████████████████ ████████████████████████████████ for Defendants until 2021 or 2022.[6] He also frequently served as a public spokesperson, testifying before Canadian Parliament and making statements to the press on behalf of the company.[7]

Like ████████ and ████████████, ████████████ was involved in discussions surrounding Defendants' policies, procedures, and public relations regarding CSAM. *See, e.g.*, Ex. 14 (MindGeek_00144959) (████ notified of "child porn" results on one of Defendants' sites in 2011); Ex. 15 (MindGeek_00149461) (████ involved in consideration of adopting PhotoDNA technology in 2013); Ex. 6 (MindGeek_00158248) (emails discussing Defendants' approach to addressing videos on their websites that have been flagged as CSAM or other inappropriate content, 2020); Ex. 16 (MindGeek_00085908) (████ decides that Defendants will not partner with nonprofit dedicated to removal of CSAM from internet); Ex. 17 (MindGeek_00246759) (████ involved in response to press inquiry about CSAM on Defendants' sites); Ex. 18 (MindGeek_00247117) (another press inquiry).

On top of this, it appears that ██████████ was one of Defendants' primary recipients of "take down" requests—that is, requests to remove videos and/or images directly from underage people whose images were displayed in CSAM on Defendants' sites. Sometimes these requests would also come from the family of the person, or from law enforcement. *See, e.g.*, Ex. 19 (MindGeek_00074700) (law

---

[6] Ex. 2, ████████, Dep. Tr. (7/14/23) 49:25-50:6 (testifying that ████████ left MindGeek ███████ ime in 2021 or 2022).

[7] ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████

enforcement-confirmed take down request for video of 15 year old); Ex. 20 (MindGeek_00075390) (take down request on behalf of 16 year old); Ex. 21 (MindGeek_00075399) (mother requests take down of video depicting 13 year old daughter); Ex. 22 (MindGeek_00075401) (complaint that Defendants have failed to remove underage video despite multiple requests); Ex. 23 (MindGeek_00075685) (take down request from person who was underage and drugged in videos on Defendants' sites); Ex. 24 (MindGeek_00078161) (law enforcement take down request for video depicting 15 year old); Ex. 25 (MindGeek_00078351) (law enforcement take down request for video depicting 13 year old); Ex. 26 (MindGeek_00084392) (take down request from law enforcement, noting that 13-year-old victim had already requested the video be taken down and Defendants did nothing); Ex. 27 (MindGeek_00084434) (complaint from mother of 14 year old, noting multiple unsuccessful attempts to have video of daughter taken down); Ex. 28 (MindGeek_00085954) (take down request from 16 year old, notes that she has already sent "countless" requests).[8]

████████████ involvement in Defendants' public relations strategy, his participatory role in discussions relating to the company's policies regarding CSAM, and his role as a direct recipient of "take down" requests establishes that he has personal knowledge relevant to Plaintiff's claims and Defendants' defenses. Plaintiff requests permission to depose ████████ on his knowledge of the topics set forth in Schedule C to Exhibit 1. Plaintiff cannot obtain testimony regarding ████████ knowledge and recollection of the topics at issue in this case from another source.

Plaintiff has attempted to obtain this information by serving a subpoena on the attorney representing ████████ in another matter currently pending in the U.S. District Court for the Central District of California. ████████████████ ████████, *Fleites, et al.*, supra. Upon receiving Plaintiff's subpoena, the attorney

---

[8] Many of these requests were directed to general email addresses ████████████ MindGeek websites; however, Plaintiff received them as among ████████ custodial documents, indicating that he actually received them.

informed Plaintiff that she is not authorized to accept service in the United States on
██████████ behalf, and thus Plaintiff has been unable to obtain the information
sought by any other means.

## VI.   **CONCLUSION**

For the reasons stated, Plaintiff respectfully requests that the court issue the
letters rogatory requesting judicial assistance from the Superior Court of Québec,
Canada, to compel the production of documents and testimony from ██████████,
██████████, and ██████████.

Dated: January 12, 2024                    Respectfully submitted,


/s/ *Krysta Kauble Pachman*
DAVIDA BROOK
KRYSTA KAUBLE PACHMAN
ROHIT NATH
HALLEY JOSEPHS
MADELINE M. YZURDIAGA
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100;
Fax: (310) 789-3150

AMY B. GREGORY
*(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Fl
New York, NY 10019
Phone: (212) 336-8330
Fax: (212) 336-8340

STEVE COHEN
*(admitted pro hac vice)*
POLLOCK COHEN LLP
60 Broad St., 24th Floor
New York, NY 10004
Phone: (212) 337-5361

*Attorneys for Plaintiff*