DAVIDA BROOK (275370)
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
HALLEY W. JOSEPHS (338391)
hjosephs@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100; Fax: (310) 789-3150

(*See additional counsel on signature page)*

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br>Defendants. | Case No. 8:21-cv-00338-CJC-ADS<br><br>*Hon. Cormac J. Carney*<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES II LTD, AND MG CONTENT RT LIMITED**<br><br>Date: June 3, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>**JURY TRIAL DEMANDED** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## TABLE OF CONTENTS

I. FACTUAL AND PROCEDURAL BACKGROUND .................................. 2

A. Factual Background .................................. 2

B. Procedural Background .................................. 7

II. LEGAL STANDARD .................................. 10

III. ARGUMENT .................................. 10

A. MindGeek S.a.r.l.'s and MindGeek USA's Direct Liability Are Disputed Factual Questions that Preclude Summary Judgment .................................. 10

B. MindGeek Entities Operate as Alter Egos of One Another .................................. 14

C. Plaintiff's TVPRA Claim Applies Extraterritorially or Constitutes a Permissible Domestic Application Against MindGeek S.a.r.l. .................................. 19

D. MindGeek's "Evidence" of Dissolution Does Not Warrant Summary Judgment .................................. 21

E. MindGeek Should be Barred from Filing Two Summary Judgment Motions .................................. 21

IV. CONCLUSION .................................. 22

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AAA Flag & Banner Mfg. Co, Inc. v. Flynn Signs and Graphics, Inc.*, 2010 WL 11463632 (C.D. Cal. Mar. 15, 2010) .......... 22

*Abafita v. Aldukhan*, 2019 WL 6735148 (S.D.N.Y. 2019) .......... 20

*Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184 (5th Cir. 2017) .......... 20

*al v. MindGeek S.a.r.l., et al.*, Case. No. 2:21-cv-04920-CJC-ADS (C.D. Cal. May 23, 2022), Dkt. No 139-3 (Andreou Decl. ) .......... 17

*Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242 (1986) .......... 10

*Aqua Connect v. Code Rebel, LLC*, 2013 WL 3820544 (C.D. Cal. July 23, 2013) .......... 15

*C.T. v. Red Roof Inns*, 2021 WL 2942483 (S.D. Ohio 2021) .......... 20

*Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246 (C.D. Cal. 2011) .......... 23

*Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024) .......... 21

*Doe I v. Apple Inc.*, 2021 WL 5774224 (D.D.C. Nov. 2, 2021), *aff'd*, 96 F.4th 403 (D.C. Cir. 2024) .......... 20, 21

*Doe K.G. v. Pasadena Hosp. Assn., Ltd.*, 2021 WL 6882383 (C.D. Cal. Nov. 3, 2021) .......... 22, 23

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .......... 18

*Dreith v. Nu Image, Inc.*,
648 F.3d 779 (9th Cir. 2011) .......... 12

*Fleites v. MindGeek S.A.R.L.*,
2022 WL 4455558 (C.D. Cal. July 29, 2022) .......... 17

*Hittle v. City of Stockton, California*,
76 F.4th 877 (9th Cir. 2023) .......... 10

*In re Schwarzkopf*,
626 F.3d 1032 (9th Cir. 2010) .......... 15

*Jane Doe #1 et al. v. MG Freesites Ltd. et al.*,
7:21-cv-00220-LSC (N.D. Ala.) .......... 10

*Leek v. Cooper*,
194 Cal. App. 4th 399 (2011) .......... 15

*Nigro v. Sears, Roebuck and Co.*,
784 F.3d 495 (9th Cir. 2015) .......... 12

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,
210 F.3d 1099 (9th Cir. 2000) .......... 10, 11

*P. Hosp. Group Ventures, Inc. v. Zurich Am. Ins. Co.*,
2023 WL 5667873 (C.D. Cal. Aug. 3, 2023) (Carney, J.) .......... 22

*Ratha v. Phatthana Seafood Co.*,
2017 WL 8292922 (C.D. Cal. Dec. 21, 2017) .......... 21

*Ratha v. Phatthana Seafood Co.*,
35 F.4th 1159 (9th Cir.), *cert. denied*, 143 S. Ct. 491 (2022) .......... 2, 4, 20, 21

*Reinsdorf v. Skechers U.S.A., Inc.*,
296 F.R.D. 604 (C.D. Cal. 2013) .......... 12

*Roe v. Howard*,
917 F.3d 229 (4th Cir. 2019) .......... 20

*RRX Indus., Inc. v. Lab-Con, Inc.*,
772 F.2d 543 (9th Cir. 1985) .......... 15

*S.E.C. v. Hickey*,
322 F.3d 1123 (9th Cir. 2003) .......... 16

*Teague v. Biotelemetry, Inc.*,
2018 WL 5310793 (N.D. Cal. Oct. 25, 2018) .................. 15

*U.S. v. Yousef*,
327 F.3d 56 (2d Cir. 2003) .................. 21

*Universal Church, Inc. v. Stand Constr. Co.*,
2015 WL 7753211 (N.D. Cal. Dec. 2, 2015) .................. 15

*Wady v. Provident Life and Accident Ins. Co. of Am.*,
216 F. Supp. 2d 1060 (C.D. Cal. 2002) .................. 18

*Williams v. 1500 S. Cent. LLC*,
2014 U.S. Dist. LEXIS 165621 (C.D. Cal. Nov. 25, 2014) .................. 22

*Willig v. Exiqon, Inc.*,
2012 WL 10375 (C.D. Cal. Jan. 3, 2012) .................. 15, 16, 18, 19

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) .................. 11, 12

*Zoran Corp. v. Chen*,
185 Cal. App. 4th 799 (2010) .................. 15

**Statutes**

18 U.S.C. § 1591 .................. *passim*

18 U.S.C. § 1595 .................. 2, 20, 21

18 U.S.C. § 1596 .................. 20, 21

**Rules**

C.D. Cal. R. 11-6.1 .................. 22

Fed. R. Civ. P. 16 .................. 12

Fed. R. Civ. P. 26 .................. 2, 12

Fed. R. Civ. P. 37 .................. 2, 11, 12

Local Rules 11-6.1 .................. 22

Local Rules 11-6.2 .................. 22

In its first of two motions for summary judgment, MindGeek seeks to narrow the defendants held accountable for its misconduct. Dkt. 282. But discovery has confirmed that MindGeek S.a.r.l., MindGeek USA Incorporated, MG Freesites, Ltd., MG Freesites II, Ltd., MG Content RT Limited, and 9219-1568 Quebec, Inc. (collectively, "Defendants") are all responsible for the harm suffered by Jane Doe and the Class. At worst, the record demonstrates a myriad of triable issues of fact regarding the roles of the Defendants who seek to escape liability.

*First*, MindGeek S.a.r.l. and MindGeek USA Incorporated are ***directly liable*** for all the asserted claims. Perhaps most tellingly, MindGeek S.a.r.l., on behalf of MindGeek USA Incorporated and MG Freesites, Ltd., entered into a deferred prosecution agreement (DPA) with the U.S. Attorney's Office of the Eastern District of New York for unlawful monetary transactions involving the proceeds of sex trafficking based on material uploaded to Pornhub, YouPorn, and RedTube. In connection with the DPA, MindGeek S.a.r.l. "*admit[ted], accept[ted] and acknowledge[d] that [] it [was] responsible under United States law for the acts of its officers, directors, employees and agents with respect to the conduct described in the Information and the Statement of Facts*," and that "the facts described in the Statement of Facts are true and accurate." SAMF 32. MindGeek cannot credibly claim that those same entities are not responsible for the conduct at issue here, and it certainly cannot satisfy the summary judgment standard.

*Second*, there is ample evidence to support a finding of ***alter ego liability*** as to MindGeek S.a.r.l. and MindGeek USA Incorporated. [redacted]

*Third*, MindGeek's "evidence" in support of its motion is a self-serving declaration from [redacted], who was never identified on MindGeek's Rule 26(a) disclosures and whose declaration thus violates Rule 26(a)(1)(A)(i) and should result in exclusion under Rule 37(c). Even if the Court were to consider MindGeek's untimely disclosure, the statements in [redacted] declaration are belied by the record.

*Fourth*, MindGeek has not produced documentation supporting [redacted] assertions that MG Freesites II Ltd and MG Content RT Limited, MindGeek are dissolved.

*Fourth*, MindGeek is wrong as a matter of law in seeking to dismiss Plaintiffs' Section 1595 (TVPRA) claim against defendant MindGeek S.a.r.l., claiming that the MindGeek parent entity is beyond the reach of Section 1595. Plaintiff's TVPRA claim applies extraterritorially against MindGeek S.a.r.l. because it is present in the United States. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1164-65 (9th Cir.), *cert. denied*, 143 S. Ct. 491 (2022).

*Finally,* MindGeek should be barred from filing multiple summary judgment motions (including one that is more than 20% over the word limit) without leave of Court, a practice that is heavily disfavored as an end-run around the Local Rule word limits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

MindGeek S.a.r.l. is organized under Luxembourg law but operates out of Montreal with offices in the United States. SAMF 4. [redacted][1] SAMF 6. MindGeek USA Incorporated is a corporation organized and existing under Delaware law with a principal place of business in California. SAMF 1-2.

[1] When pitching the acquisition of MindGeek S.a.r.l. to investors, MindGeek defined MindGeek S.a.r.l. as "MindGeek" or "the Company." SAMF 88.

MindGeek S.a.r.l. is the parent corporation for the other Defendants: MindGeek USA Incorporated, MG Freesites, MG Freesites II, MindGeek RT Content Limited, and 9219-1568 Quebec Inc. SAMF 3, 5. As described in more detail below, there is extensive evidence of Defendants' cohesive and interdependent operations during the class period.

**<u>Defendants' common board membership and executive leadership</u>.** MindGeek S.a.r.l. shared common board members and executive leadership with other Defendants. SAMF 7-18. [redacted].[2] SAMF 7-9. [redacted] SAMF 10-12. [redacted], SAMF 13, who served [redacted] of all MindGeek entities [redacted] SAMF 14, 23, 28. [redacted], in turn, also served on the [redacted] SAMF 15.

Antoon, along with MindGeek's other executive leadership, attended MindGeek S.a.r.l. Executive Committee meetings, [redacted]. SAMF 16. For example, in February 2020, [redacted] SAMF 17. In September 2020, [redacted]. SAMF 18.

**<u>Defendants' common stock ownership</u>.** MindGeek S.a.r.l., the parent company, held [redacted]ed,

---

[2] [redacted] headed the "E[redacted] Division" of MindGeek, overseeing the content mo[redacted]ation team while [redacted] oversaw finance and accounting. SAMF 110.

[redacted]ed. SAMF 19. MindGeek S.a.r.l. [redacted]. *Id.* MindGeek S.a.r.l. also owns [redacted] SAMF 20.

**<u>MindGeek S.a.r.l.'s control over subsidiary Defendants</u>**. MindGeek S.a.r.l. controlled its subsidiaries, [redacted]." SAMF 21. In a [redacted] MindGeek S.a.r.l. demonstrated its control over the actions of subsidiary defendants' employees, [redacted] SAMF 22.

MindGeek S.a.r.l. also controlled the [redacted]. SAMF 23. When [redacted] evaluated the opportunity to acquire MindGeek S.a.r.l.'s business, [redacted][3] SAMF 24. ECP documented in [redacted] SAMF 25.

**<u>MindGeek S.a.r.l.'s public admissions of control over business operations</u>**. MindGeek S.a.r.l.'s DPA arose from a criminal investigation by the U.S. Attorney's

---

[3] [redacted]. SAMF 28.

Office for the Eastern District of New York into MindGeek S.a.r.l., MindGeek USA Incorporated, and MG Freesites Ltd for knowingly receiving payments on their pornography websites (including Pornhub.com) derived from sex trafficking. SAMF 29. MindGeek S.a.r.l.'s board approved the DPA and Andreou signed the DPA on behalf of not only S.a.r.l. but Defendants MindGeek USA Incorporated and MG Freesites Ltd. SAMF 30. The DPA included the filing of an Information charging these entities with violating 18 U.S.C. § 1591. SAMF 31. In the DPA, MindGeek S.a.r.l. "*admits, accepts and acknowledges that [] it is responsible under United States law for the acts of its officers, directors, employees and agents with respect to the conduct described in the Information and the Statement of Facts*," and that "the facts described in the Statement of Facts are true and accurate." SAMF 32-33. The DPA's Statement of Facts includes the admission that MindGeek S.a.r.l., MindGeek USA Incorporated, and MG Freesites Ltd. are part of a group of entities "the business of which included the maintenance and operation of websites that enabled third parties to post and distribute adult videos" and that they "owned and operated numerous pornographic websites and brands including Pornhub.com." SAMF 34. MindGeek S.a.r.l. also admits that "[a]lthough its corporate headquarters was in Luxembourg, MindGeek also had offices with employees in Montreal, Canada, and, among other places, Los Angeles, California." SAMF 35.

**<u>Defendants commingled assets and held themselves out as liable for each other's debts</u>.** In addition to MindGeek S.a.r.l.'s common ownership and control of the other Defendants, Defendants co-mingled assets and held out entities as liable for the debts of the one other. SAMF 36-42. For instance, [redacted] SAMF 36-37. [redacted] SAMF 38. [redacted]

[redacted]. SAMF 39. [redacted][5] SAMF 40. Further, in the DPA, MindGeek S.a.r.l. bound itself, MindGeek USA Incorporated, and MG Freesites Ltd to pay a nearly $1 million criminal fine and an $870,000 criminal forfeiture to the United States Treasury, for unlawful monetary transactions related to sex trafficking on their tube websites—all in addition to monetary payments to certain sex trafficking victims. SAMF 42.

**Defendants operated as one cohesive business and disregarded corporate formalities.** The MindGeek entities operated as one business and disregarded corporate formalities.[6] SAMF 44-50. [redacted] SAMF 44. [redacted]. SAMF 45. [redacted]. SAMF 46. [redacted]

[5] [redacted]. *See,* [redacted]

[redacted] SAMF 47. MindGeek S.a.r.l. reported [redacted]. SAMF 48. MindGeek S.a.r.l. also acknowledged that [redacted] SAMF 50.

Other MindGeek business practices confirm Defendants operated under common control and disregarded corporate formalities. SAMF 51-55. [redacted]. *See, e.g.*, SAMF 51. [redacted]. SAMF 22, 53. And in connection with [redacted] SAMF 52. [redacted] SAMF 53-55.

**MindGeek's unfulfilled plan to dissolve Defendants MG Freeseites II Ltd and MG Content RT Ltd.** Per a December 31, 2018 resolution, [redacted]. SAMF 56. However, as of the [redacted]." SAMF 57. MindGeek never produced evidence that those two entities were actually dissolved.

**B. Procedural Background**

Plaintiff's Third Amended Complaint alleged that "all the MindGeek entities operate as a single business enterprise, commingling their funds and other assets to shelter and avoid liabilities and to hide the identity of their owners, and jointly and severally liable in this action as alter egos of one another." SAMF 58–59. Defendants denied the alter ego allegation in their answer. SAMF 60. MindGeek further asserted affirmative defenses related to alter ego liability. SAMF 61. In its "Thirteenth Defense,' MindGeek asserted that "MindGeek USA Inc., MindGeek S.a.r.l., or 9219-1568 Quebec Inc., [do not] operate, manage, maintain, supervise or control the day-to-day operations of any website on which images of Plaintiff may have appeared, and therefore, are not liable for the Plaintiff's alleged damages." SAMF 62. In its "Fourteenth Defense," MindGeek asserted that "MG Freesites II Ltd and MG Content RT Ltd ha[d] been dissolved and their entire businesses were transferred to MG Freesites Ltd." and "[t]herefore, . . . are not liable for the Plaintiff's alleged damages."[8] SAMF 63.

MindGeek served its initial disclosures on July 22, 2021, [redacted] as likely to have discoverable information to support its claims or defenses. *See* SAMF 66-67. The initial disclosures did not identify [redacted]. SAMF 67. MindGeek never supplemented its initial disclosures. SAMF 68.

Fact discovery closed on March 1, 2024. SAMF 71. Before the close of discovery, the parties exchanged hundreds of thousands of pages of documents and took [redacted] fact witness depositions. SAMF 69. Plaintiff took the deposition of [redacted] SAMF 70. The Court granted a limited extension of the fact discovery deadline to allow Plaintiff to take certain "out of time" depositions where Defendants had failed to provide dates, and for Defendants to produce certain

[8] MindGeek asserted these defenses in its Answer to the original complaint, SAMF 64, and to the First Amended Complaint, SAMF 65.

documents. SAMF 71–73. This included a 30(b)(6) witness on Plaintiff's Topic 28, which was the factual basis of MindGeek's defenses. SAMF 74.

MindGeek produced [redacted] on Topic 28 on April 11, 2024. SAMF 75. When asked by Class Counsel "what facts support MindGeek's thirteenth defense", Ms. [redacted] responded that she "believe[d] this [defense] is related to the entities that are named in the suit. The particular entity listed here does not operate, maintain, or supervise the day-to-day operations of the website; therefore, it can't be held liable for the Plaintiff's damages." SAMF 76. When asked for "any facts supporting the fourteenth defense that aren't clear from lines 10 through 12 [of the Answer]," she stated "[t]here's nothing that [she] can – nothing that [she] believe[d] that [she] need[ed] to add to that at this time." SAMF 77.

On April 16, 2024—well after the close of fact discovery and three days before the filing deadline for summary judgment motions—MindGeek's counsel emailed Class Counsel three documents (with redactions) purporting to "show[] that the entities were dissolved." SAMF 82. Class Counsel asked that same day whether MindGeek had produced the documents before the close of discovery. SAMF 83. With no response, Class Counsel declined to agree to dismiss these entities. SAMF 84. MindGeek then confirmed that none of these documents were produced in discovery. SAMF 85.

MindGeek did not submit the documents with its current Motion. Dkt. 282. Rather, MindGeek relied only on the declaration of [redacted] ("[redacted] Declaration"). Dkt. 282-2. Tellingly, [redacted] cites no documents and relies only on his "personal knowledge" of the entities' dissolution. *Id.* ¶ 1.

Class Counsel took the 30(b)(6) deposition of [redacted], designated with one day's notice by MindGeek on the topic of "[redacted]" on March 27, 2024. SAMF 79. Plaintiff's deposition of [redacted] did not concern issues relevant in this motion because he had not been identified as having such information. *Id.*

On March 26, 2024, counsel in [redacted] matter took the fact deposition of [redacted].[9] SAMF 78. This deposition was only produced to Class Counsel in this matter after Plaintiff moved to compel. Dkt. 264 at 4; SAMF 80.[10]

## II. LEGAL STANDARD

On summary judgment, a court must view "the evidence in the light most favorable to the non-moving party." *Hittle v. City of Stockton, California*, 76 F.4th 877, 880 (9th Cir. 2023) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Summary judgment must be denied if the non-moving party raises "genuine" disputes concerning material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When movant does not have the ultimate burden of persuasion at trial, it still has both the initial burden of production and ultimate burden of persuasion on a summary judgment motion. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The movant can meet its initial burden of production by either: (1) presenting evidence to negate an essential element of the nonmoving party's case; or (2) demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything. *Id.* at 1102 (citation omitted).

## III. ARGUMENT

### A. MindGeek S.a.r.l.'s and MindGeek USA's Direct Liability Are Disputed Factual Questions

[9] References to [redacted] deposition that are marked "NDAL" (meaning the Northern District of Alab[redacted]er) in this brief are to the Alabama deposition taken nearly two months after discovery in this case closed.

[10] This matter and the Alabama matter are not coordinated. SAMF 81.

MindGeek argues that Mindgeek S.a.r.l. and MindGeek USA should be dismissed because there is "no evidence" that they had "any connection" to the allegations in this lawsuit because "these two companies are not involved in operating Pornhub.com, Redtube.com, or Youporn.com." Br. 5–6. These arguments are premised on an improper declaration and ignore the myriad factual disputes about the role of these two entities in operating and managing MindGeek's tube sites.

The purportedly "undisputed facts" in MindGeek's motion primarily come from one source: a declaration from [redacted] submitted with the motion. MindGeek, however, never identified Andreou in its disclosures. SAMF 66-68. Under Rule 37(c)(1), MindGeek's failure to timely disclose [redacted] means that MindGeek is not allowed to use this witness to supply evidence on a motion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The failure to disclose Andreou was neither justified nor harmless. Fed. R. Civ. P. 37(c)(1). MindGeek had nearly *three years* to identify and develop evidence and witnesses related to these defenses. [redacted] plainly had discoverable information that MindGeek is using to support its defenses that certain defendants should not be held liable for the child pornography and sex trafficking claims in this case. MindGeek cannot claim ignorance of his existence; [redacted] SAMF 8, 12, 99. Instead, MindGeek waited until six weeks after discovery to identify [redacted], and only when it affirmatively sought summary judgment. SAMF 68, Dkt. 282-2.

The Court should therefore strike the [redacted] declaration under Rule 37 and bar MindGeek from relying on it. MindGeek's failure to comply with the disclosure rules has unfairly prejudiced Plaintiff by preventing the development of evidence related to Andreou's knowledge of the factual bases for MindGeek's defenses. This is exactly what the disclosure and discovery rules are designed to prevent. *See Yeti*, 259 F.3d at 1106 (Rule 37 "gives teeth" to Rule 26 disclosure requirements). For similar reasons, the Court should also exclude the evidence as violating the Court's

scheduling order under Rule 16(f)(1)(C) and under the Court's "inherent power" to remedy discovery misconduct. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011).

Regardless, the [redacted] Declaration is insufficient to establish that undisputed evidence requires summary judgment. The declaration addresses an irrelevant set of "factors" regarding MindGeek entities' "interactions" with Plaintiff that have no basis in the law, lacks detailed facts, and cites no supporting evidence. *See Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015) (holding that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient" on summary judgment) (cleaned up); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 619 (C.D. Cal. 2013) (Rule 26 "prevents a party from obstructing production of the very documents that it would use to support its case and then unveiling those documents . . . in response to a dispositive motion" (cleaned up)). To the extent the Andreou Declaration contains "evidence," it is hotly disputed and in tension with the record.

*First*, MindGeek S.a.r.l. admitted in the DPA that it, MindGeek USA Incorporated, and MG Freesites Ltd. are part of a group of entities "the business of which included the maintenance and operation of websites that enabled third parties to post and distribute adult videos" and that this group "owned and operated numerous pornographic websites and brands including Pornhub.com." SAMF 32-34. MindGeek S.a.r.l. further "admit[ted], accept[ed], and acknowledge[d] that it is responsible for the acts of its officers, directors, employees, and agents" in profiting from sex trafficking in violation of 18 U.S.C. § 1591. SAMF 31-32. [redacted] was the [redacted] on behalf of MindGeek S.a.r.l., [redacted] SAMF 30. A reasonable jury could find these admissions establish MindGeek S.a.r.l. and MindGeek USA had a connection to the allegations in this lawsuit and the operation of MindGeek's tube

sites and are therefore directly liable for Plaintiff's and the classes' claims. This is reason alone to deny summary judgment on direct liability.

*Second*, MindGeek S.a.r.l. and MindGeek USA are involved in operating Pornhub, RedTube and YouPorn. [redacted] SAMF 87. [redacted] SAMF 89-90.

*Third*, evidence shows that MindGeek S.a.r.l. and MindGeek USA have responsibility for reviewing content uploaded to MindGeek's websites. [redacted] SAMF 91. [redacted] SAMF 92-93. [redacted] SAMF 47.

*Fourth*, MindGeek's claim that Plaintiff has not "interacted" with MindGeek S.a.r.l. and MindGeek USA is nonsensical. Br. 3. [redacted] SAMF 89-90. When MindGeek signed the DPA with the U.S. Attorney's office regarding sex trafficking allegations, it was signed by MindGeek S.a.r.l. SAMF 29-34. The deferred prosecution agreement pertained not just to MindGeek S.a.r.l.'s misconduct, but that of MindGeek USA, Inc. MG Freesites Ltd. SAMF 29-34.

*Finally*, evidence shows that MindGeek S.a.r.l. and Mindgeek USA benefitted from Plaintiff's videos. [redacted] SAMF 94. [redacted] SAMF 95. [redacted] SAMF 96. The DPA confirmed that MindGeek S.a.r.l. "knowingly and intentionally" engaged in "monetary transactions" involving the proceeds of sex trafficking under 18 U.S.C. § 1591 when it received payments through financial institutions. SAMF 31. [redacted] SAMF 36-42. [redacted] SAMF 92.

**B. <u>MindGeek Entities Operate as Alter Egos of One Another</u>**

Whether MindGeek S.a.r.l. and MindGeek USA Incorporated entities are responsible in the alternative as alter egos of the remaining Defendants is another disputed factual question precluding summary judgment.

Under California law, two entities are alter egos of one another when there is: (1) "such a unity of interest and ownership that the individuality or separateness, of the said person and corporation has ceased"; and (2) an "adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365 n.9 (1977)). Factors that courts consider in assessing "unity of interest and ownership" include "inadequate capitalization, disregard of corporate formalities . . ., identical directors and officers, commingling of funds and other assets, . . . the holding out by one entity that it is liable for the debts of the other, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other." *Willig v. Exiqon, Inc.*, 2012 WL 10375, at *9 (C.D. Cal. Jan. 3, 2012) (citation omitted); *see also Zoran Corp. v. Chen*, 185 Cal. App. 4th 799, 811–

12 (2010) (noting the "manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another" as relevant factors to the alter ego analysis). "A finding of bad faith . . . is not prerequisite to the application of the alter ego doctrine under California law." *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 546 (9th Cir. 1985) (citation omitted).

"Whether a party is liable under an alter ego theory is a question of fact." *Leek v. Cooper*, 194 Cal. App. 4th 399, 411 (2011). Courts in this District routinely deny motions for summary judgment on alter ego claims. *See, e.g.*, *Teague v. Biotelemetry, Inc.*, 2018 WL 5310793, at *8 (N.D. Cal. Oct. 25, 2018) (evidence of "significant amount of business overlap among the three entities" and coordination in firing plaintiff); *Universal Church, Inc. v. Stand Constr. Co.*, 2015 WL 7753211, at *4-7w (N.D. Cal. Dec. 2, 2015) (evidence of, *inter alia*, common stock ownership, control over day-to-day operations and financial matters, retention of profits from other entity's work, undocumented, interest-free loans); *Aqua Connect v. Code Rebel, LLC*, 2013 WL 3820544, at *7-8 (C.D. Cal. July 23, 2013) (evidence of intermingling of funds and undercapitalization); *Willig*, 2012 WL 10375, at *10-12 (evidence of consolidated financial statements, overlap in employees working for two entities, organizational charts showing "one corporate structure," and presentations describing the companies' plan to "leverage the synergies between the different business and create one company").

First, there is ample evidence of a unity of interest and ownership between the MindGeek entities such that separate identities do not exist.

**Unity of Interest and Ownership.** MindGeek S.a.r.l. and MindGeek USA Incorporated evince a "unity of interest and ownership" with defendants MG Freesites, Ltd., MG Freesites II, Ltd., MG Content RT Limited, and 9219-1568 Quebec, Inc., such that the corporate formalities between MindGeek S.a.r.l. and its subsidiaries (who are also defendants in the case) should be ignored. [redacted]

[redacted] SAMF 19; *see S.E.C. v. Hickey*, 322 F.3d 1123, 1129 (9th Cir. 2003). [redacted] SAMF 21. MindGeek S.a.r.l. signed the DPA on behalf of not only itself but Defendants MG Freesites Ltd and MindGeek USA Incorporated, committing those three entities to pay nearly $2 million in criminal fines and forfeitures in addition to compensation to sex trafficking victims. SAMF 29-34, 42. In the DPA and incorporated Information and Statement of Facts, MindGeek S.a.r.l. and MindGeek USA Incorporated admit that they are responsible for the operation of MindGeek's tube websites. SAMF 29-34, 42.

There is also ample evidence documenting MindGeek S.a.r.l.'s oversight of MindGeek's website operations. [redacted] SAMF 89. [redacted]. SAMF 17-18, 87, 89-92, 97. For example, [redacted]. SAMF 97. [redacted] SAMF 25. [redacted]

[redacted]. SAMF 22.

**Overlapping directors and officers.** For most of the class period, the MindGeek entities [redacted]. SAMF 14-15. And there was substantial overlap in Defendants' boards of directors, with directors of MindGeek S.a.r.l. serving on boards of the other Defendants. SAMF 7-12*;see also Serena Fleites* et *al v. MindGeek S.a.r.l., et al.*, Case. No. 2:21-cv-04920-CJC-ADS (C.D. Cal. May 23, 2022), Dkt. 139-3 (Andreou Decl. ¶¶ 15, 19, 22, 26, 30, 35). As this Court previously recognized, the "substantial overlap in the directors of [MindGeek S.a.r.l., MG Freesites, . . . MindGeek USA, and 9219-1568]" weighs in favor of an alter ego finding. *Fleites v. MindGeek S.A.R.L.*, 2022 WL 4455558, at *2, *2 n.4 (C.D. Cal. July 29, 2022).

**Comingled funds and disregarded corporate formalities.** MindGeek entities, including MindGeek S.a.r.l., [redacted] SAMF 36; *Doe v. Unocal Corp.*, 248 F.3d 915, 927-28 (9th Cir. 2001) ("Evidence that a parent provides interest free loans without observing corporate formalities by documenting those loans with promissory notes supports a finding that the parent is the subsidiary's alter ego."). The "holding out by one entity that it is liable for the debts of the other" demonstrates a lack of corporate formalities. *Wady v. Provident Life and Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002). Here, [redacted], SAMF 38, and [redacted], SAMF 39. Further, [redacted] SAMF 40-41. Additionally, [redacted] SAMF 44; *Willig v.*

*Exiqon, Inc.*, 2012 WL 10375, at *10 (C.D. Cal. Jan. 3, 2012) (consolidating financial record keeping weighed towards finding of unity of interest and ownership).

**Manipulation of Assets and Liabilities Between Entities So As to Concentrate the Assets in One and Liabilities in Another.** MindGeek concentrated assets in certain entities and liabilities in others. [redacted]. *See* SAMF 44, 102. [redacted] SAMF 103. [redacted]. SAMF 104. But [redacted] *Id.* Further, [redacted] SAMF 105. [redacted] SAMF 106.

Second, in addition to these factual disputes, inequity and unfairness would necessarily result if the Court does not treat MindGeek S.a.r.l. and MindGeek USA Incorporated as alter egos of the remaining Defendants. As described above, [redacted] SAMF 52, 102-106, 112-114. [redacted]

[redacted] SAMF 111. MindGeek argues that "9219-1568 Quebec Inc. and MG Freesites Ltd. are adequately capitalized" and therefore, can be trusted to cover any debts. Br. 8. But MindGeek's only support is [redacted] say so. Dkt. 282-1 at Fact 22, 27. MindGeek appears to concede that the entities are not sufficiently capitalized to withstand the significant judgment owed to the Class, highlighting the inequitable result if the Court were to rule in MindGeek's favor. Br. 8. Nor can [redacted] unsupported claim (backed by no financial documents) that the entities are "adequately capitalized" for purposes of their "day-to-day operations" suffice given the evidence demonstrating MindGeek's efforts to hide corporate assets. *See supra*, SMAF 100-106.

### C. Plaintiff's TVPRA Claim Applies Extraterritorially or Constitutes a Permissible Domestic Application Against MindGeek S.a.r.l.

MindGeek's position that Section 1595 does not apply extraterritorially—and therefore Plaintiff cannot bring that claim against MindGeek S.a.r.l.—is inconsistent with the statutory language and structure of the TVPRA.[11] 18 U.S.C. § 1596 (stating that 18 U.S.C. § 1591 applies extraterritorially "if the alleged offender is a United States citizen, a lawful permanent resident, or is present in the United States"); 18 U.S.C. § 1595 (authorizing civil remedies for § 1591 violations). It is also belied by MindGeek S.a.r.l.'s entry into a DPA for a Section 1591 violation. SAMF 31.

While the Ninth Circuit has not decided the issue,[12] several courts of appeals have confirmed that Section 1595 applies extraterritorially, either on its own or through the provisions of Section 1596. *See Roe v. Howard*, 917 F.3d 229, 241 (4th Cir. 2019) ("[Section] 1595 of the TVPA evinces a 'clear indication of extraterritorial effect' in a case of a [Section] 1591 violation."); *Adhikari v. Kellogg Brown & Root,*

---

[11] MindGeek does not dispute that the Section 1595 claim is properly brought against the other Defendants. Br. 9-11.

[12] As MindGeek recognizes, Br. 10, the Ninth Circuit left open the question of extraterritorial application of Section 1595. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1164 (9th Cir.), *cert. denied*, 143 S. Ct. 491 (2022).

*Inc.*, 845 F.3d 184, 204 (5th Cir. 2017) ("[B]y conferring 'extra-territorial jurisdiction over any offense . . ., [Section] 1596 permits private parties to pursue a civil remedy . . . for extraterritorial violations"). MindGeek's reliance on an out-of-circuit district court decision to the contrary is unpersuasive. Br. 10 (citing *Doe I v. Apple Inc.*, 2021 WL 5774224 (D.D.C. Nov. 2, 2021), *aff'd*, 96 F.4th 403 (D.C. Cir. 2024)). First, *Apple* is an outlier, at odds with both appellate courts to decide the issue, and a number of other district courts. *See, e.g.*, *C.T. v. Red Roof Inns*, 2021 WL 2942483, at *8 (S.D. Ohio 2021); *Abafita v. Aldukhan*, 2019 WL 6735148, at *5 (S.D.N.Y. 2019). Second, the district court dismissed *Apple* at the pleading stage on other grounds that "assume[d]" extraterritoriality and only analyzed extraterritoriality in the alternative. *Apple Inc.*, 2021 WL 5774224, at *14. On appeal, the D.C. Circuit did not reach the district court's alternative ruling. *Doe 1 v. Apple Inc.*, 96 F.4th 403, 414 n.4 (D.C. Cir. 2024).

MindGeek argues in the alternative that even if Section 1595 applies extraterritorially, Section 1596's "present in the United States" language requires MindGeek S.a.r.l.'s "physical presence." Br. 10. The Ninth Circuit has declined to decide whether Section 1596 requires "physical presence," indicating that "any address, employees, *or* physical presence" may suffice. *Ratha*, 35 F.4th at 1169-70 (emphasis added).[13] Under any standard, this case satisfies the requirements for extraterritorial application against MindGeek S.a.r.l. because that entity has confirmed, including in the DPA, that it has offices in the United States and is "responsible under United States law . . . with respect to the conduct described in the Information and the Statement of Facts," which includes a violation of Section 1591. SAMF 32-33. Even if that were not the case, Plaintiff has raised a triable issue of fact regarding MindGeek S.a.r.l.'s alter ego liability. *Supra* at Sec. IV.B. If Plaintiff proves

[13] This Court need not decide whether Section 1596 requires physical presence because MindGeek S.a.r.l's own documents and public admissions establish it. For that reason, Defendants' citations to *U.S. v. Yousef* and *Ratha v. Phatthana Seafood Co.*), which imposed a physical presence requirement, are unavailing. Br. 10.

alter ego liability at trial, she will be able to hold MindGeek S.a.r.l. liable under Section 1595 for the actions of its subsidiary Defendants, none of which MindGeek claims are beyond the reach of Section 1595.[14]

### D. MindGeek's "Evidence" of Dissolution Does Not Warrant Summary Judgment

Nor can MindGeek's "evidence" of dissolution of MG Freesites Ltd. and MG Content RT Limited provide a basis for granting summary judgment. *See supra* Sec. III.A. MindGeek has not proven that the entities have been dissolved, failing to produce basic documentation that would necessarily underlie the claims in. [redacted] declaration. The Court cannot grant summary judgment based on [redacted] say-so.

### E. MindGeek Should be Barred from Filing Two Summary Judgment Motions

Defendants filed not one, but two, summary judgment motions for a combined 11,636 words (one of the briefs alone was 8,177 words). *Compare* Dkt. 282 *with* Dkt. 283; C.D. Cal. R. 11-6.1 (7,000 word limit). MindGeek's second summary judgment motion should be stricken as a disfavored motion that encourages piecemeal resolution of claims and flouts the Local Rule word limits.

Successive summary judgment motions are "generally disfavored" absent an expanded factual record, change in controlling law, or need to correct a clear error. *AAA Flag & Banner Mfg. Co, Inc. v. Flynn Signs and Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010). Allowing one summary judgment motion encourages the efficient resolution of the issues, while multiple motions encourage "piecemeal" adjudication of a party's arguments. *Doe K.G. v. Pasadena Hosp. Assn., Ltd.*, 2021 WL 6882383, at *1 (C.D. Cal. Nov. 3, 2021) (citation omitted).

[14] MindGeek S.a.r.l., through MindGeek USA, has an "address" and "employees," and interacted with customers in the United States. SAMF 2-3, 6, 98.

MindGeek did not even take a successive approach to summary judgment at different stages. Instead, it simultaneously filed two piecemeal summary judgment motions, one of which is itself overlength and neither of which contains the required certificate of compliance with the Local Rule on word limits.[15] This is an "end-run around the page limitations set by the Local Rules." *Pasadena Hosp. Ass'n*, 2021 WL 6882383, at *1 (barring a second summary judgment motion as an "end-run around the page limitations set by the Local Rules"). MindGeek's second (and overlength) summary judgment motion should be stricken.

## IV. CONCLUSION

The Court should deny Defendants' first motion for summary judgment, strike the Andreou Declaration, and strike Defendants' second motion.

Dated: May 8, 2024

Respectfully submitted,

By: */s/ Krysta Kauble Pachman*
Krysta Kauble Pachman

DAVIDA BROOK
dbrook@susmangodfrey.com
KRYSTA KAUBLE PACHMAN
kpachman@susmangodfrey.com
HALLEY W. JOSEPHS
hjosephs@susmangodfrey.com
ROHIT D. NATH
rnath@susmangodfrey.com
NICHOLAS N. SPEAR
nspear@susmangodfrey.com
EMILY K. CRONIN
ecronin@susmangodfrey.com
MADELINE M. YZURDIAGA
myzurdiaga@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100

[15] *See P. Hosp. Group Ventures, Inc. v. Zurich Am. Ins. Co.*, 2023 WL 5667873, at *1 (C.D. Cal. Aug. 3, 2023) (Carney, J.) (striking a brief for, in part, failing to comply with Local Rules 11-6.1 and 11-6.2.

CHRISTINA M. DIECKMANN
(*Pro Hac Vice*)
cdiekmann@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 1001-8602
Phone: (212) 336-8330

STEVE COHEN (*Pro Hac Vice*)
SCohen@pollockcohen.com
POLLOCK COHEN LLP
111 Broadway, Suite 1804
New York, NY 10006
Phone: (212) 337-5361

Attorneys for Plaintiff and the Class

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Plaintiff and the Class, certifies that this brief contains 6,968 words, which complies with the word limit of L.R. 11-6.1.

By: */s/ Krysta Kauble Pachman*
Krysta Kauble Pachman
Attorneys for Plaintiff and the Class