**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
Michael E. Williams (Bar No. 181299)
michaelwilliams@quinnemanuel.com
Diane Cafferata (Bar No. 190081)
dianecafferata@quinnemanuel.com
Dylan C. Bonfigli (Bar No. 317185)
dylanbonfigli@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L, MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC (D/B/A MINDGEEK),<br><br>Defendants. | Case No. 8:21-cv-00338-CJC-ADS<br><br>**DISCOVERY MATTER**<br><br>**Discovery document: referred to Magistrate Judge Autumn Spaeth**<br><br>**DECLARATION OF MICHAEL E. WILLIAMS IN SUPPORT OF PLAINTIFF'S CIVIL LOCAL RULE 79-5.2.2 APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (ECF NO. 315)** |

# DECLARATION OF MICHAEL E. WILLIAMS

I, Michael E. Williams, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, and a partner at the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants MindGeek USA Incorporated, MindGeek S.a r.l., MG Freesites Ltd, MG Freesites II Ltd, MG Content RT Limited, and 9219-1568 Quebec, Inc. (collectively "MindGeek") in this matter. I have personal knowledge of the matters set forth in this declaration, and if called upon as a witness I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's Application for Leave To File Documents Under Seal pursuant to Local Rule 79-5.2.2 (ECF No. 315), the Stipulated Protective Order entered by this Court on November 2, 2021 ("Protective Order") (ECF No. 85), and the September 15, 2023 Court's Pre-Trial Protective Order as to the Identity of Plaintiff Jane Doe ("Identity Protective Order") (ECF No. 148).

## I. The Standard for Sealing Records

3. The federal common law right to access public records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *Id.*

4. The Ninth Circuit has adopted the Restatement's definition of trade secrets, which includes "any … compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over [other] competitors who do not know or use [the information]." Restatement of Torts § 757, cmt. b; *see also In re Elec. Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b and ordering document reflecting such trade secrets be filed under seal); *Velasco v. Chrysler* Grp. LLC, 2017 WL 445241,

at *2 (C.D. Cal. Jan. 30, 2017) (district courts in the Ninth Circuit have sealed records containing information about proprietary business operations, and internal policies and strategies).

5. Further, California district courts routinely seal documents containing personal identifying information ("PII"), such as names and contact information. *True Health Chiropractic Inc. v. McKesson Corp.*, 2022 WL 6584485, at *2 (N.D. Cal. Sept. 23, 2022) (contact information of class members satisfied "compelling reason"); *see also Bennett v. N. Am. Bancard, LLC*, 2022 WL 17972168, at *2 (S.D. Cal. Feb. 15, 2022) (non-parties' PII "has been held sealable by the Ninth Circuit under the 'compelling reasons' standard"). The PII at issue here is also protected by the Protective Order and Identity Protective Order.

6. The standard for sealing documents and materials connected to dispositive motions is the "'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). While there is a "strong presumption in favor of access to court records," the public's right of access "can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. Compelling reasons exist where "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179; *see also In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing"); *Sentynl Therapeutics, Inc. v. U.S. Specialty Ins. Co.*, 2021 WL 794271, at *3 (S.D. Cal. Mar. 1, 2021) (finding that "protect[ing] [employees] from potential harassment … forms a compelling reason warranting sealing of the non-parties' personal identifying information"); *Sheppard v. Mandalay Bay, LLC*, 2018 WL 7500285, at *1 (D. Nev. Nov. 28, 2018) (recognizing "security and safety concerns as compelling reasons to seal documents").

7. Finally, courts customarily permit litigants to seal documents where redaction is impractical or impracticable. *Conservation L. Found., Inc. v. Shell Oil Co.*, 2023 WL 5567614, at *7 (D. Conn. May 16, 2023) (court ordered documents sealed in their entirety "because it appears that it would be impossible to redact" the protected information); *P&L Dev. LLC v. Bionpharma Inc.*, 2019 WL 2079830, at *8 (M.D.N.C. May 10, 2019) (court sealed exhibits in their entirety where redaction was "not practical" and would have left "nothing of value for the public"); *In re Associated Press*, No. 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (finding impossible to redact "while preserving anything meaningful to be released" and citing authority recognizing such unintelligible documents are more likely to mislead than to inform the public).

## II. Plaintiff's Oppositions' Supporting Documents Should Be Sealed in Their Entirety Or Redacted Appropriately

8. Certain of Plaintiff's Oppositions' supporting documents contain sensitive PII about Defendants' users and employees, such as names, titles, and usernames, protected under the Protective Order and California privacy laws. This Court has sealed similar information in this case. *See* Amended Order Granting Application for Leave to File Under Seal (ECF No. 137) (granting Defendants' request to redact names of employees and former employees from exhibits and the body of motion). Further, the Oppositions and their exhibits contain non-public information, including proprietary information and trade secrets related to the operation of Defendants' websites, and information relating to potentially illegal and noncompliant content, which should not be made public in the interest of public safety.

9. Because Exhibits C, G-KK, MM-OO, QQ-ZZZ, BBBB-CCCC, and HHHH to the Declaration of Emily K. Cronin (ECF No. 321) (1) contain protected PII and (2) implicate Defendants' sensitive and confidential internal business practices, Defendants seek sealing with respect to those exhibits.

10. Similarly, because Exhibits 1-66, 69-80, 83, 87, 90, 92-93, 95-97, and 99-107 attached to the Declaration of Madeline Yzurdiaga in support of Plaintiff's Opposition (ECF No. 318-1) (1) contain protected PII and (2) implicate Defendants' sensitive and confidential internal business practices, Defendants seek sealing with respect to those exhibits.

11. Defendants' request to seal is narrowly tailored. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the confidential information described above with the exception of Defendants' Statement of Genuine Disputes of Material Fact in Opposition to Plaintiff's Motion for Partial Summary Judgment. Additionally, a less restrictive alternative to sealing is not practical here given the large number of exhibits filed by Plaintiff in support of her Oppositions and the substantial amount of protected information contained therein.

### III. Conclusion

12. In sum, Defendants request that the documents identified above be sealed in their entirety or, in the alternative, redacted to the extent necessary as set forth in table below:

| **DOCUMENT** |
|---|
| Exhibit C to the Declaration of Emily K. Cronin |
| Exhibits G through KK to the Declaration of Emily K. Cronin |
| Exhibits MM through OO to the Declaration of Emily K. Cronin |
| Exhibits QQ through ZZZ to the Declaration of Emily K. Cronin |
| Exhibits BBBB and CCCC to the Declaration of Emily K. Cronin |
| Exhibit HHHH to the Declaration of Emily K. Cronin |
| Exhibits 1-66 to the Declaration of Madeline Yzurdiaga |
| Exhibits 69-80 to the Declaration of Madeline Yzurdiaga |
| Exhibit 83 to the Declaration of Madeline Yzurdiaga |
| Exhibit 87 to the Declaration of Madeline Yzurdiaga |
| Exhibit 90 to the Declaration of Madeline Yzurdiaga |
| Exhibits 92 and 93 to the Declaration of Madeline Yzurdiaga |
| Exhibits 95-97 to the Declaration of Madeline Yzurdiaga |

Exhibits 99-107 to the Declaration of Madeline Yzurdiaga

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of May 2024.

*/s/ Michael E. Williams*
Michael E. Williams