Seth R. Goldman (*Admitted Pro Hac Vice*)
sgoldman@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
919 Third Avenue
New York, NY 10022
Telephone: (212) 692-6845
Facsimile: (212) 983-3115

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
Esteban Morales Fabila (SBN 273948)
emorales@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendants

*[Additional Defendants' Counsel
continued on next page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MINDGEEK USA INCORPORATED, et al.,<br><br>Defendants. | Case No. 8:21-cv-00338-WLH-ADS<br><br>**RESPONSE TO PLAINTIFF'S RESPONSE TO MINDGEEK'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Complaint Filed:   Feb. 19, 2021<br>Trial Date:   None Set |

1  Kevin M. McGinty (*Admitted Pro Hac Vice*)
   kmcginty@mintz.com
2  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
   One Financial Center
3  Boston, MA 02111
   Telephone: (617) 542-6000
4  Facsimile:  (617) 542-2241

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      As set forth in Defendants MindGeek USA Incorporated, MindGeek S.à r.l.,

2  MG Freesites Ltd, MG Freesites II Ltd , MG Content RT Ltd, and 9219-1568 Quebec

3  Inc. ("Defendants") Motion for Summary Judgment (ECF No. 283), the undisputed

4  evidence before this Court comes nowhere close to proving the material contribution

5  to illegal content necessary to strip MindGeek of its immunity under Section 230.

6  Last month, a federal judge sitting in South Carolina—analyzing a substantially

7  similar evidentiary record—confirmed as much. *Does v. Murphy*, No. 7:20-cv-

8  00947-DCC & No. 7:21-cv-03193-DCC, 2025 WL 2533961 (D.S.C. Sept. 3, 2025).

9  Contrary to Plaintiff's cherry-picked assertions (ECF No. 410), *Murphy* supports

10  Defendants' Motion in at least five ways.[1]

11      *First*, *Murphy* correctly held that the creation of tags and categories to help

12  users find content—even potentially illicit content—"comes nowhere near the

13  material contribution" required to rescind MindGeek's Section 230 immunity. 2025

14  WL 2533961, at *18. "Providing 'neutral tools' to aid in the display of and search

15  for content does not amount to 'development' or 'creation' of new content." *Id.* That

16  is true even assuming the tags and categories "invited, and even encouraged, users to

17  post nonconsensual videos like the ones of Plaintiffs." *Id.* So even accepting as true

18  Plaintiff's fact-barren accusation (which Defendants deny) that MindGeek intended

19  to "encourage[] users and models to upload, tag, title, and categorize 'teen' and

20  'young' content" (Pl.'s Opp'n at 9, ECF No. 321-21), MindGeek is still entitled to

21  Section 230 immunity because it did not materially contribute to what made the videos

22  illegal.

23      *Second*, and in the same vein, the *Murphy* Court confirmed that interactive

24  computer service providers do not lose Section 230 immunity by using tools designed

25

26

27     [1] Plaintiff also claims *Murphy* "has nothing to do with MindGeek's procedural motion for summary judgment," (at 2:4–5), yet *Murphy* notably found there was no personal jurisdiction over MindGeek S.à r.l., and that the plaintiffs there had

28  abandoned the same veil-piercing theory Plaintiff pursues here, 2025 WL 2533961, at *5 & n.13.

RESPONSE TO PLAINTIFF'S RESPONSE TO
MINDGEEK'S NOTICE OF SUPPLEMENTAL AUTHORITY

1  to increase viewership and user engagement, including tags, categories, and

2  algorithms.  2025 WL 2533961, at *20–22.  To hold otherwise "would effectively

3  short circuit the broad immunity created under the rule and chill speech on the internet

4  in exactly the way that Congress intended to avoid by passing Section 230."  *Id.* at

5  *20.  Plaintiff's averments of similar activities designed to drive up viewership here—

6  even indulging those unsupported conclusions as true—do not aid her efforts to pierce

7  MindGeek's Section 230 immunity.  (*See* ECF No. 331-21 at 8:13–28.)

8       *Third*, Plaintiff's reliance on the notion that "the tags and categories MindGeek

9  added [in *Murphy*] did *not* indicate illegal or nonconsensual conduct" (at 2:17–18)

10  does not help her either.  In truth, that section of *Murphy* addressed whether the

11  categories "selected by MindGeek" for the videos at issue—not which tags were

12  merely available for uploaders to add—indicated illegal or nonconsensual conduct.

13  2025 WL 2533961, at *18.  Yet, just as in *Murphy*, there is no evidence here that

14  MindGeek added any purportedly illicit tags (including "teen") to any of Plaintiff's

15  videos, (*see* ECF No. 343-1 at 6:10-12), contrary to what she now insinuates (at 2:18-

16  19).[2]  And even more to the dispositive point, the *Murphy* Court concluded that even

17  if MindGeek had applied all of the tags itself to the videos at issue—which included

18  tags that were "illicit"—doing so would be irrelevant for Section 230 purposes

19  because (again) adding or changing tags does not "materially contribute to what made

20  these Videos illegal in the first place."  2025 WL 2533961, at *19.

21       *Fourth*, *Murphy* correctly found the creation of thumbnails also "falls squarely

22  within the editorial function as publisher."  *Id.* at *17.  And while the Court briefly

23  sought to characterize the creation of thumbnails containing CSAM as "highly

24  distinguishable," that ostensible distinction does not withstand scrutiny.  According

25  to the Court, MindGeek did not create "new illegal content" in *Murphy* because the

26

27  [2] There is also nothing illicit about the category "teen"; Plaintiff's oft-repeated
characterizations of "teen" as necessarily referring to "illegal *teen* child pornography"

28  (at 2:18–21) cannot change the fact that eigh*teen*- and nine*teen*-year-olds are still
"teens" but do not fall within the scope of § 2252A or § 1591's under-18 proviso.

1  creation of thumbnails of voyeuristic pornography is not illegal unless the creator

2  knew the pornography was nonconsensual.  That stood in contrast, the Court believed,

3  to CSAM, which is "*always* illegal."  *See id.*  But that is not true.  Just as the

4  "creat[ion] of a digital electronic file" of a person is illegal under South Carolina law

5  only if the person *knows* the image is created without the subject's knowledge and

6  consent, *see* S.C. Code § 16-17-470(B)[3], the possession or creation of child

7  pornography violates federal law only if a person *knows* the performer depicted is a

8  minor, *United States v. X-Citement Video*, 513 U.S. 64, 73 (1994) (calling this "the

9  crucial element separating legal innocence from wrongful conduct" under § 2252);

10  *United States v. Romm*, 455 F.3d 990, 1003 (9th Cir. 2006) (applying *X-Citement*

11  *Video*'s knowledge requirement to § 2252A offenses).  Accordingly, just as

12  MindGeek was entitled to Section 230 immunity in *Murphy* even if it created

13  thumbnails of what turned out to be illicit content, MindGeek is entitled to Section

14  230 immunity here, too.

15      *Fifth*, the FOSTA exception does not apply here for the same reason it did not

16  apply in *Murphy*: Plaintiff cannot show a "common undertaking or enterprise" with

17  her trafficker.  2025 WL 2533961, at *25.  To prove liability under § 1591, Plaintiff

18  must adduce evidence of a common undertaking with the person who solicited her to

19  commit sex acts as a minor.  *See Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740,

20  784 (C.D. Cal. 2024) (finding participation based on allegations that each defendant

21  was involved in the active recruitment of new agents for the venture, including the

22  trafficked plaintiffs).  Yet she has not done so here.  (*See* MindGeek Mot. at 11:2–8,

23  ECF No. 288-1; MindGeek Reply at 2:3–5, ECF No. 343-1.)  Plaintiff's claimed

24  distinction—that fraud or coercion is not necessary for children to be sex trafficked

25  under § 1591 (at 3:19–26)—does not explain how her theory somehow furnishes the

26

27

28

---

[3] *See Murphy*, 2025 WL 2533961, at *11 (citing S.C. Code § 16-17-470).

RESPONSE TO PLAINTIFF'S RESPONSE TO
MINDGEEK'S NOTICE OF SUPPLEMENTAL AUTHORITY

1   missing link *Murphy* identified: an enterprise directly between Defendants and the

2   individuals that trafficked (*i.e.*, solicited) Plaintiff.

3

4   Dated:  November 5, 2025           Respectfully submitted,

5                                     MINTZ LEVIN COHN FERRIS

6                                     GLOVSKY AND POPEO, P.C.

7                                     */s/  Arameh Z. O'Boyle*

8                                     Seth R. Goldman
                                      Arameh Z. O'Boyle
                                    Esteban Morales
                                    Kevin McGinty

9

10                                   Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28