**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br>Plaintiff,<br>v.<br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br>Defendants. | Case No. 8:21-cv-00338-WLH-ADS<br>*Hon. Wesley L. Hsu*<br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, Plaintiff Jane Doe ("Plaintiff"), on behalf of herself and the Class as defined below, Defendants MindGeek USA Incorporated, MindGeek S.à r.l., MG Freesites Ltd, MG Freesites II Ltd, 9219-1568 Quebec Inc., MG Content RT Ltd, MG CY Holdings Ltd, and MG Billing Limited ("Defendants"),[1] and the plaintiff in *Jane Doe #1 v. MG Freesites, Ltd, D/B/A "Pornhub", et al.*, Case No. 7:21-cv-00220-RDP (N.D. Ala.) (the "Alabama Action") (collectively, the "Parties"), have entered into a settlement agreement dated July 17, 2026 ("Settlement Agreement" or "Agreement"), which sets forth the terms and conditions for a proposed settlement of this Action and the Alabama Action (collectively, the "Actions");[2]

WHEREAS, Plaintiffs in the above-captioned Action and the Alabama Action ("Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the settlement of these Actions;

WHEREAS, this motion is uncontested by Defendants; and

WHEREAS, the Court is familiar with and has reviewed the record; the Settlement Agreement; the proposed form of class notice; Plaintiffs' Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"); the Memorandum of Points and Authorities in support thereof; and the supporting Declarations and exhibits thereto;

**NOW THEREFORE, it is hereby ORDERED that:**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1596 and has personal jurisdiction over the Parties and the Class Members for purposes of these Actions and the contemplated settlement. Venue is proper in this District under 28 U.S.C. § 1391.

---

[1] Defendants listed herein include all Defendants in the Alabama Action and California Action. Although the MindGeek Defendants changed their name to "Aylo" in 2023, for ease of reference this Order will continue to refer to all Defendants by the names in effect when this Action was instituted.

[2] All capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement, which is provided as Exhibit B to the Declaration of Krysta Kauble Pachman in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2). The Court preliminarily finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class Members based on the relevant factors under Rule 23(e)(2), subject to the right of any Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendants, and ordering the release of the Released Claims against the Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3. The Court finds that Plaintiffs and Class Counsel have adequately represented and will continue to adequately represent the Class.

4. The Court appoints Alabama Class Counsel and California Class Counsel as Class Counsel.

5. The Court further finds that the Settlement Agreement is the product of arm's-length negotiations by the Parties with the assistance of The Honorable R. David Proctor of the United States District Court for the Northern District of Alabama and Randi Ellis as mediator.

6. The Court preliminarily finds that the relief provided—including (i) a non-reversionary common Settlement Fund of $120,000,000, plus all interest earned thereon, and (ii) the injunctive relief set forth in the Settlement Agreement and in Appendix A—is adequate considering the costs, risks, and delay of trial and appeal, the alleged harm to Class Members, and the risks associated with continued litigation, trial, and/or appeal. The Court preliminarily finds that the Parties had adequate information, including as to Defendants' financial condition during mediation, to assess the risks associated with collectability of any potential judgment. The Court

preliminarily finds that the Settlement Agreement treats the Class Members equitably relative to each other, and that the proposed plan of allocation of Settlement Funds to Eligible Class Members who timely submit valid claims ("Qualified Claimants") is reasonable and equitable.

7. The Court finds under Rule 23(e) that it will likely be able to certify the following settlement Class for purposes of judgment on the proposed Settlement: all persons who were under the age of eighteen when they appeared in a video or image that has been made available for viewing on any website owned or operated by the Defendants anytime from February 12, 2011 through December 6, 2024. The settlement Class does not include individuals who have already timely exercised their right to be excluded from the class(es) as certified in the Alabama Action or California Action.

8. The Court hereby appoints Gentle Turner & Benson, LLC ("Gentle") as Settlement Administrator and directs Gentle to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein, including but not limited to the use of a third-party vendor to assist in effectuating class notice and the creation and maintenance of a Qualified Settlement Fund. Funds required to pay the Settlement Administrator and all Settlement Administration Expenses may be paid from the Settlement Fund as they become due as set forth in the Agreement.

9. Pursuant to Rules 23(e)(1) and 23(c)(2)(B), the Court directs that notice be provided to Class Members in substantially the form as the proposed Notice attached as Exhibit C of the Declaration of Edgar C. Gentle, III (the "Gentle Declaration"), and through the notice program described in Section 5 of the Agreement and Paragraphs 7-12 of the Gentle Declaration. The Court finds that the manner of distribution of the Notice constitutes the best practicable notice under the circumstances as well as valid, due, and sufficient notice to the Class and complies

fully with the requirements of Rule 23 and the due process requirements of the United States Constitution.

10. Upon entry of this Preliminary Approval Order, the Parties shall begin implementation of the notice program as outlined in Section 5 of the Settlement Agreement and Paragraphs 7-12 of the Gentle Declaration.

11. Within 5 business days after entry of this Preliminary Approval Order, Class Counsel will deliver the Notice List to the Settlement Administrator. The Parties agree and understand that if more time is needed to prepare the Notice List, they will agree on another date for delivering the Notice List to the Settlement Administrator, unless otherwise ordered by the Court. Defendants agree to provide all other data in Defendants' possession that is reasonably necessary for Class Counsel to effectuate the distribution of Class Notice and payments to Class Members.

12. No later than 14 calendar days after entry of this Preliminary Approval Order, a copy of the Notice shall also be posted on the Internet at the Settlement Website. Any Court-approved changes to the Agreement, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be deemed due and sufficient notice to Class Members in compliance with Due Process and Rule 23.

13. **Email and Mail Notice:** Subject to the requirements of any orders entered by the Court, no later than 14 calendar days after entry of this Preliminary Approval Order, the Settlement Administrator shall commence notice by mailing a Class Notice by first-class mail to the mailing addresses on the Notice List, if any, and email a Class Notice to the email addresses on the Notice List. Considering the sensitivity of the subject matter involved in this case, and at the direction of the Settlement Administrator, if an email address is available for a given recipient, Class Notice will not also be mailed to the same person. The Settlement Administrator will run an update of the last known mailing addresses through the National Change of

Address database before initially mailing the Class Notice. If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Settlement Administrator will endeavor to re-mail the Class Notice to every person in the Notice List for which it obtains an updated address. The Parties agree and understand that if more time is needed to prepare the Notice List and mail Class Notice, they will agree on another date for delivering the Class Notice, unless otherwise ordered by the Court. The mailing or emailing of a Class Notice to any person or entity that is not in the Class shall not render such person or entity a part of the Class or otherwise entitle such person to participate in this Settlement.

14. **Digital Notice:** Subject to the requirements of any orders entered by the Court, no later than 14 calendar days after entry of this Preliminary Approval Order, the Settlement Administrator shall commence media outreach and digital efforts and publish a press release to selected newswires as described in this Action at Dkt. 259 and the Alabama Action at Dkt. 179 (but only to the extent approved by the Court in the Alabama Action in Dkt. 199).

15. **Banner Notice on Defendants' Websites:** Subject to the requirements of any orders entered by the Court, no later than 14 calendar days after entry of this Preliminary Approval Order, Defendants will post the banner notice on Defendants' websites as described in the Alabama Action at Dkt. 208 and the exhibits thereto. Posting of banner notices will terminate on the day after the deadline to submit claims.

16. **NCMEC Notice:** Subject to the requirements of any orders entered by the Court, no later than 5 business days after entry of this Preliminary Approval Order, Class Counsel will provide the Class Notice to the National Center for Missing & Exploited Children ("NCMEC") as well as the Canadian Centre for Child

Protection ("C3P") to disseminate to NCMEC's direct service providers network, law enforcement victim advocates, and survivor network, and any other networks or contacts NCMEC and/or C3P deem appropriate.

**17. CAFA Notice:** Pursuant to 28 U.S.C. § 1715, not later than ten (10) calendar days after this Agreement is filed with the Court, Defendants, through the Settlement Administrator, shall cause notice of the proposed Settlement and all materials required by 28 U.S.C. § 1715 to be served upon the appropriate Federal official and the appropriate State official of each State in which a Class Member resides, and any other government official required under Section 1715. The Settlement Administrator shall provide all Counsel with confirmation of service promptly after service is completed and shall serve any supplemental CAFA notice reasonably required by law or order of the Court.

18. Class Members may object to this Settlement by filing a written objection with the Court and sending a complete copy to the Settlement Administrator by mail or email no later than forty-five (45) days after the Notice Date (the "Objection Deadline"). Any Class Member who intends to object to this Settlement must present the objection in writing, which must be personally signed by the objector and must include: (1) the Class Member's full name telephone number, current address, and email address, if any; (2) a URL or video/image title, or some other form of identification to indicate that the Class Member is a member of the Class (i.e., a copy of a content removal request relating to content depicting the Class Member, or any other communication to Defendants or a third-party regarding such content appearing on Defendants' Websites); (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of all documents or writings that the Class Member desires the Court to consider, although **absolutely NO video or images** should be attached (Class Members who allege to have videos or images should contact the Settlement Administrator for further instruction); (5) the name and contact information of any

and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (6) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek pro hac vice admission in accordance with the Local Rules); and (7) the signature of the Class Member and/or his/her counsel (if represented by separate counsel for purposes of the objection). All written objections must be filed with the Court no later than the Objection Deadline with a complete copy sent to the Settlement Administrator by mail or email also by the Objection Deadline. To the extent that the objection contains or attaches confidential documents or personally identifying information, the objector may seek leave from the Court to file those documents under seal and/or with any personal information redacted or using a pseudonym in the publicly filed version of the objection, subject to the Court's discretion. Unless otherwise ordered by the Court, any Class Member who fails to timely file a written objection with the Court in accordance with the terms of this Paragraph shall not be permitted to object to this Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Settlement or Final Judgment by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Actions or any other action or proceeding. The Class Notice shall advise Class Members of their right to object and the manner required to do so.

19. Any Eligible Class Member who objects to the Settlement and submits a timely claim form and thus becomes a Qualified Claimant shall nevertheless be entitled to all benefits of the Settlement if it is approved and becomes final.

20. The Court hereby finds that the proposed form and content of the Settlement notice is the best notice practicable, is reasonable, due, adequate, and sufficient notice, and is reasonably calculated, under the circumstances, to apprise the Class Members of their rights, including their right to object to the Settlement or

submit claims, as set forth in the notice, and will give the Class Members sufficient information to enable them to make informed decisions about the proposed Settlement and its terms.

21. The Court hereby finds that the notices of the pendency of the class actions, which were distributed in 2024, were the best notices practicable, were reasonable, adequate, and sufficient notice, and were reasonably calculated, under the circumstances, to apprise the Class Members of their rights, including their right to opt out of the Class at that juncture, as set forth in the notices, and fully satisfied the requirements of due process and all other applicable provisions of law.

22. The Court approves the form and content of the proposed Claim Form attached as Exhibit E to the Gentle Declaration, approves the plan of allocation set forth in Exhibit D to the Gentle Declaration, and directs Class Counsel and the Settlement Administrator to implement the claims process as specified therein.

23. The Court will hold a Final Approval Hearing at least 96 days from entry of this Preliminary Approval Order in the United States District Court for the Central District of California. The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Action with prejudice and releasing the Released Parties of all Released Claims as set forth in the Settlement Agreement; (iii) determine whether the proposed Settlement class should be certified for settlement purposes; (iv) rule on Class Counsel's motion for attorneys' fees, costs, and service awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

24. No later than fourteen (14) days before the objection deadline, Plaintiffs and Class Counsel shall file their motion for attorneys' fees, costs, and service

awards. This document shall be posted on the Settlement Website within one (1) business day of filing.

25. No later than twenty-one (21) days before the Final Approval Hearing, Plaintiffs and Class Counsel shall file their motion for final approval of the Settlement Agreement and any responses to any Class Member objections.

26. The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing. In the event the Court changes the date, time, and/or the format of the Final Approval Hearing, the Parties shall ensure that the updated information is posted on the Settlement Website.

27. Only Class Members who have submitted timely and valid objections, in accordance with the requirements of this Preliminary Approval Order, may be heard at the Final Approval Hearing.

28. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be a nullity, and none of its terms shall be effective or enforceable, and the Settlement Fund, including any accrued interest, less any taxes, notice related expenses, and reasonable administrative costs paid and/or incurred, shall be returned to the persons or entities paying the same within thirty (30) business days of termination. Additionally, the Parties shall revert to their litigation positions in both this Action and the Alabama Action immediately prior to the execution of the Term Sheet on June 17, 2026, and the fact and terms of the Settlement shall not be admissible in any trial or other proceeding, shall not be deemed an admission of liability or wrongdoing by any party, and shall not be used against any party for any purpose.

29. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the

Agreement or Settlement is or may be used as an any concession or admission of liability, wrongdoing, fault, violation of law, or actionable conduct, including but not limited to any concession or admission concerning Defendants' entitlement to the immunities set forth in 47 U.S.C. § 230, whether Defendants' alleged conduct constitutes "participation in" sex trafficking or renders them "perpetrators of" a sex trafficking venture under 18 U.S.C. § 1595 as a matter of law, or whether this Court has personal jurisdiction over any of the Defendants for purposes of any other proceeding.

30. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed, or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Plaintiffs or the Class lacked merit in any proceeding.

31. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

32. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Settlement payment obligations set forth in the Settlement Agreement and the Release provided for in the Settlement Agreement.

33. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

34. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Class Members. In the event the Court extends any such deadlines, the Parties shall ensure that the updated information is posted on the Settlement Website.

35. The Court hereby adopts the following schedule for events and Court submissions which must be completed prior to the Final Approval Hearing:

| EVENT | DEADLINE |
|---|---|
| CAFA Notice Pursuant to 28 U.S.C. § 1715(b) | Within 10 days of filing Motion for Preliminary Approval |
| Establishment of Settlement Website | Within 14 days of entry of Preliminary Approval Order |
| Notice Date | Within 14 days of entry of Preliminary Approval Order |
| Motion for Attorneys' Fees, Costs, Expenses, and Service Awards | No later than 14 days before the Objection Deadline |
| Objection Deadline | 45 days of Notice Date |
| Claims Submission Deadline | 120 days after Notice Date |
| Final Approval Motion and Response to Any Objections | 21 days before Final Approval Hearing |
| Deadline to Submit Notices of Appearance at the Final Approval Hearing | 18 days before Final Approval Hearing |
| Final Approval Hearing | At least 96 days of entry of Preliminary Approval Order |

**IT IS SO ORDERED.**

Dated:

____________________________________

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE