# APPENDIX 1

Pursuant to Sections L(2)-(4) of the Court's Amended Standing Order for Newly Assigned Civil Cases, *see* Dkt. 427, Plaintiffs submit the following additional details regarding Settlement administration and notice:

**A. Settlement Administrator's Procedures for Securely Handling Class Member Data**

The proposed Settlement Administrator—Gentle Turner & Benson, LLC ("Gentle")—has extensive experience administering over $6 billion in settlements over the past 25 years, including in cases involving sensitive claimant information and subject matter. Gentle Decl. at 1; *Id.* Ex. A.

The Declaration of Edgar C. Gentle, III, details the robust layers of protection in place to safeguard sensitive and confidential claimant information. Gentle Decl. ¶ 14. Specifically:

- Gentle will only collect information from claimants that is necessary to administer the Settlement;
- Gentle will limit access so that employees can view only the information needed for their specific duties in administering the Settlement;
- Gentle employs multi-factor authentication for administrator and employee access to systems containing claimant information;
- Gentle employees are screened and required to sign the Protective Orders from both the California Action and the Alabama Action;
- Gentle uses encrypted portals or secure file transfer rather than ordinary email to transmit sensitive documents;
- Gentle requires subcontractors and cloud providers to meet comparable security standards through written agreements;
- Gentle only retains claimant information for as long as necessary for legal, tax, and contractual obligations, then securely destroys it;

- Gentle maintains procedures for detecting, investigating, containing, and notifying affected parties of data breaches where required by law, and regularly conducts vulnerability scans, penetration testing, and employee cybersecurity training; and
- Gentle maintains insurance coverage for data breaches.

*Id.* ¶ 14. In addition, Gentle employs full-time IT staff to protect the confidential Settlement database. *Id.* ¶ 6.

**B. Fraud Prevention in Settlement Fund**

The Claim Form was designed by Class Counsel in consultation with Gentle and NCMEC to ensure that claimants are required to submit enough information for Gentle to determine whether they are Qualified Claimants who are eligible to recover from the Settlement Fund. *Id.* ¶¶ 12, 16; *Id.* Ex. E (Claim Form).

Gentle also uses the following fraud detection practices (as well as others that remain confidential to prevent persons from attempting to circumvent these measures):

- Confirming claimant names, addresses, date of birth, Social Security or tax identification numbers, and other identifying information;
- Using software to detect when multiple claims are submitted by the same individual or from the same address, telephone number, email, IP address, or bank account, or in short intervals, and detecting suspicious email addresses, origination sites, payment request methods, and other badges of possible fraud;
- Reviewing Claim Forms and supporting documents for signs of alteration, inconsistencies, or forgery;
- Comparing information submitted in Claim Forms with Defendants' records, records provided by Class Counsel, or other objective data as applicable;

- Analyzing unusual Claim Form submission patterns, such as large numbers of claims originating from the same location, identical supporting documents, or unusually high claimed losses;
- Investigating claims identified by automated systems before making eligibility decisions;
- Contacting claimants whose submissions are incomplete or raise questions, and giving them an opportunity to provide further documentation; and
- Performing random or targeted audits of approved claims to ensure compliance with the Settlement's eligibility requirements.

*Id.* ¶ 15. In addition, all Claim Forms will be signed by the Class Member or Class Member's representative under penalty of perjury. *Id.* ¶ 16.

The Settlement Agreement gives the Settlement Administrator sufficient authority and time to implement such procedures. The Settlement Agreement establishes that the Settlement Administrator will distribute Settlement Payments from the Settlement Fund in accordance with the terms of the plan of allocation. SA § 2.8. In turn, the plan of allocation gives the Settlement Administrator the authority to contact claimants for more information if the Settlement Administrator has concerns as to the accuracy or validity of any information included in the Claim Form or supporting documentation. The Settlement Administrator's determinations regarding eligibility are final after giving the claimant one opportunity to appeal. *See* Gentle Decl. Ex. D (proposed Plan of Allocation). The timing set forth in the plan of allocation was approved by the Settlement Administrator and gives the Settlement Administrator sufficient time to assess claims and implement the fraud prevention measures outlined above. *Id.* ¶ 16.

**C. Settlement Administrator's Acceptance of Responsibility & Maintenance of Insurance**

Gentle accepts responsibilities expected in administering the Settlement and maintains errors and omissions insurance and data breach insurance to help mitigate Settlement administration risks. *Id.* ¶ 6.

**D. Anticipated Settlement Administration Costs**

Settlement Administration Expenses will be paid directly from the Settlement Fund. SA § 1.55. As defined in the Settlement Agreement, Settlement Administration Expenses means all Class Notice and administrative fees, costs, and expenses incurred in administering the Settlement, including those fees incurred by the Settlement Administrator, as well as all fees, costs, and expenses incurred in issuing Class Notice and notice following class certification in each Action. *Id.* As detailed in the Gentle Declaration ¶ 5, the Settlement Administration Expenses are estimated to be between 4-5% of the Settlement Fund, depending on the number of Qualified Claimants who are deemed eligible to receive payments under the Settlement. *See also* Gentle Decl. Ex. B (detailed budget). This estimate encompasses both prospective settlement notice costs and already-incurred class certification notice expenses. *Id.* Ex. B. On the low end, if 3,000 Class Members submit claims, and 2,000 are deemed Qualified Claimants, Gentle estimates that Settlement Administration Expenses will total $4.7 million, which is 3.8% of the Settlement Fund. Gentle Decl. ¶ 5. On the high end, if 6,000 Class Members submit claims, and 4,000 are deemed Qualified Claimants, Gentle estimates that Settlement Administration Expenses will total $6.1 million, which is 4.9% of the Settlement Fund. *Id*. In Gentle's experience, this estimate is reasonable in relation to the value of the Settlement. *Id.*

**E. Notice Distribution Plan**

The proposed notice plan includes all the combined methods of notice that were already approved by this Court and the Alabama Court for disseminating class certification notice, and involves: (1) email and/or mail notice to all mailing and email addresses on the Notice List; (2) media outreach, press releases, and digital

notice to selected newswires; (3) banner notice on Defendants' websites; (4) notice disseminated by NCMEC to its direct service providers, survivors, and law enforcement victim advocates network; (5) notice via a Settlement website; and (6) notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. SA § 5; Gentle Decl. ¶¶ 7-12; Coffren Decl. ¶¶ 9-10. The proposed notice plan aligns with the notice plans previously developed and effectively implemented by two different experienced settlement administrators—JND Legal Administration LLC ("JND") in this Action and Epiq Class Action and Claims Solutions, Inc. ("Epiq") in the Alabama Action—for notice following class certification in both Actions, Dkts. 225, 259; 7:21-cv-00220, Dkt. 199, and is in Class Counsel's and the Settlement Administrator's view the best notice practicable under the circumstances and consistent with Federal Rule of Civil Procedure 23. Gentle Decl. ¶ 11.

Although Gentle will serve as Settlement Administrator, Epiq will handle notice dissemination after the Preliminary Approval Date, as Epiq previously performed that function for class certification in the Alabama Action and is already well-equipped to do so quickly and in substantially the same manner. *Id.* ¶¶ 7, 9, 11.

The Settlement Administrator will also establish and update the Class Website within 14 days after the Preliminary Approval Date which will include key information and documents including the Settlement Notice, pleadings and important case documents including the Settlement Agreement, the Preliminary Approval Order, the Order Setting Final Approval Hearing, and the Claim Forms, as well as answers to frequently asked questions and contact information for Class Counsel and the Settlement Administrator. *Id.* ¶ 12; SA § 5.5. Class Members will also be able to submit Claim Forms electronically via the Settlement Website. Gentle Decl. ¶ 12.

Qualified Claimants will be able to receive distributions via physical checks, ACH direct deposits, Venmo, and Zelle, Gentle Decl. ¶ 17, and the Claim Forms will be available in multiple languages, including at least English and Spanish, *id.* ¶ 12; *id.* Ex. E (Claim Form).