UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JANE DOE on behalf of herself and all others similarly situated,<br>Plaintiff,<br>v.<br>MINDGEEK USA INCORPORATED, MINDGEEK S.A.R.L., MG FREESITES, LTD (D/B/A PORNHUB), MG FREESITES II, LTD, MG CONTENT RT LIMITED, AND 9219-1568 QUEBEC, INC. (D/B/A MINDGEEK),<br>Defendants. | Case No. 8:21-cv-00338-WLH-ADS<br>*Hon. Wesley L. Hsu*<br>**CLASS ACTION**<br>**DECLARATION OF RANDI S. ELLIS IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

# DECLARATION OF RANDI S. ELLIS

I, Randi S. Ellis, declare as follows:

1. I am over eighteen years of age and have personal knowledge of the facts set forth in this declaration and could and would testify competently to them. I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

2. I am filing this declaration in my capacity as mediator in the above-captioned action (the "California Action") as well as in *Jane Doe #1 v. MG Freesites, Ltd, D/B/A "Pornhub", et al.*, Case No. 7:21-cv-00220-RDP (N.D. Ala.) (the "Alabama Action") (collectively, the "Actions").

3. I currently serve as a mediator and settlement consulting attorney with Randi S. Ellis, LLC. I am an attorney admitted to the bars of Louisiana and Texas who specializes in assisting parties in resolving complex civil disputes.

4. I have been appointed by federal and state courts as a Special Master, Settlement Master, Mediator, or Neutral to facilitate settlements and then oversee settlements through the distribution of proceeds until final dismissal. When the courts are not involved in the selection, I have been selected by agreement of all participants.

5. Early in my career, I clerked for the Honorable Christine Noland of the U.S. District Court for the Middle District of Louisiana and for the Honorable William Morvant of the Nineteenth Judicial District Court of Louisiana. I also served as an attorney for the Louisiana Legislature Civil Law Committee. I worked in private practice for over 12 years before opening my own firm in 2016.

6. I earned my Bachelor's Degree in Arts & Sciences in 1994 and obtained my law degree from Louisiana State University in 1997. I also attended the Harvard Law School Program on Negotiation.

7. I have successfully mediated numerous complex cases, attached hereto in my curriculum vitae.

8. The mediation process in connection with the California Action and the Alabama Action was hard fought on all sides. The Settlement is the product of protracted arm's-length negotiations among Plaintiffs and Defendants (collectively, the "Parties").

9. I was initially selected by the parties in the Alabama Action in the Fall of 2022 for an in-person mediation that took place on September 20, 2022, and those discussions with the Alabama parties continued until December of 2022. I resumed mediation discussions with the Alabama parties in May of 2023 and held a mediation by Zoom on May 17, 2023.

10. The parties in the California Action joined the mediation discussions at the end of 2024. I held multiple telephonic and videoconference sessions in the last few months of 2024 with the Parties in both the California and Alabama Actions. The Parties exchanged offers in December 2024.

11. I oversaw in-person mediation sessions between the Parties on July 8-9, 2025, and August 27, 2025. The Honorable R. David Proctor of the United States District Court for the Northern District of Alabama and I oversaw in-person mediation sessions between the Parties on April 20-21, 2026, and May 11, 2026, as well as several other sessions that were held by videoconferences, teleconferences, emails, and written submissions by the Parties.

12. Between July 2025 and May 2026, at the direction of Judge Proctor, I continued to facilitate the communication and analysis of information provided by Defendants to allow the Plaintiffs to evaluate their settlement options. This included information concerning Defendants' financial condition and information relevant to potential injunctive relief. I also facilitated communications concerning non-financial settlement terms that were being negotiated during that interval.

13. After the most recent in-person mediation session on May 11, 2026, the Parties continued to negotiate with my assistance until the Term Sheet was signed by

all Parties on June 17, 2026. The Parties prepared and negotiated a Stipulation of Settlement formalizing the Term Sheet, which was executed on July 17, 2026.

14. During and before the mediation sessions, I reviewed pleadings and exhibits filed in the California and Alabama cases, discovery from the California and Alabama cases, case law pertaining to these cases, financial and economic information submitted in connection with the mediation, and numerous other materials provided by the Parties.

15. While I am bound by confidentiality regarding the content of the Parties' discussions and negotiations, I can say that the arguments and positions asserted by Plaintiffs and Defendants during each mediation session were the product of detailed analysis and hard work, that they involved consideration of complex issues, and that, while professional, these discussions were highly adversarial. Nothing in this declaration is intended to waive any applicable mediation privilege or confidentiality protections.

16. Under my supervision, the Parties spent a significant amount of time negotiating the form and timing of any settlement, including both the monetary terms and the injunctive relief that was eventually agreed upon in the form of Appendix A to the Stipulation of Settlement. The Parties also engaged in vigorous, heavily disputed negotiations over the scope of any release. These discussions were highly contested, with each side vigorously advocating for its respective position.

17. As a culmination of these negotiations, the Parties were able to reach a non-reversionary monetary settlement of $120,000,000 paid into a settlement fund in installment payments. Defendants further agreed to extensive injunctive relief as set forth in Appendix A.

18. With the understanding that every aspect of the final approval of this Settlement is committed to the sound discretion of the trial court, after presiding over the mediation process concerning these Actions, it is my professional opinion that the Settlement is fair and reasonable and is the product of vigorous and independent

advocacy and of arm's-length negotiations conducted in good faith by the Parties. It is my professional opinion that this Settlement represents an excellent result for the Class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 13, 2026, in Houston, Texas.

Randi S. Ellis
Randi S. Ellis

**Randi S. Ellis**
**Randi S. Ellis, LLC**
**5757 Indian Circle**
**Houston, Texas 77057**
***randi@randiellis.com*** **(225) 803-1413**

Randi holds both a bachelor's degree in arts and sciences (1994) and a law degree (1997) from Louisiana State University. She completed the Harvard Law School Program on Negotiation. Before going into private practice, Randi clerked for the Honorable Christine Noland of the U.S. District Court for the Middle District of Louisiana and for the Honorable William Morvant of the Nineteenth Judicial District Court of Louisiana. She also served as an attorney for the Louisiana Legislature Civil Law Committee. Randi worked in private practice for over 12 years before opening her own firm in 2016.

**Arbiter, Future Claims Representative, Mediation, Special Master and Trustee**

- Appointed by many Courts and selected by the parties to serve as Special Master, Settlement Master, Arbitrator, Neutral, Facilitator, Guardian ad Litem, and Mediator in Multidistrict Litigation, federal, and state cases throughout the United States

- Appointed Future Claims Representative for *In re: LTL Management LLC*, Case Nos.: 21-30589 and 23-12825, *In re: Red River Talc LLC*, Case No. 24-90505, and *In re: Kidde-Fenwal, Inc.*, Case No. 23-10638

- Appointed Trustee for the trusts created for the MDL Contingency Fee Fund and Common Benefit Fund for *In re: National Prescription Opiate Litigation, MDL No. 3004* (N.D. Oh. J.P.M.L)

- Served as Special Master in matters involving:

    - Allocating settlement funds to class and mass action claimants (including development and implementation of methodology)
    - Report and Recommendations to the Court on various assignments
    - Final and non-appealable rulings on matters agreed to by the parties
    - Case management from the beginning of the matter through the end or single issue for resolution
    - Pretrial discovery, including resolution of privilege issues
    - Reviewing reasonableness of attorneys' fees and expenses (including resolution of Common Benefit Fund issues)
    - Pharmaceutical drugs and devices, personal injury, physical, mental, or sexual abuse, and property damage class and mass actions

- Appointed to serve as attorney chair for medical malpractice cases by plaintiffs and defendants (presided over more than 250 cases)

**Professional Licenses**

Admitted to Bar: Louisiana, 1997; Texas, 2021

Harvard Law School Program on Negotiation

## Randi S. Ellis's Future Claims Representative, Special Master, Mediation, and Settlement Allocation Assignments

**Future Claims Representative**

- *In re: Red River Talc LLC*, Case No. 24-90505, United States Bankruptcy Court, Southern District of Texas, Houston Division, Court-Appointed to serve as Future Talc Claims Representative to represent the interests of, appear and act on behalf of, and be a fiduciary to Future Talc Claimants to protect their rights and interests

- *In re: Kidde-Fenwal, Inc.*, Case No. 23-10638, United States Bankruptcy Court, District of Delaware, Court-Appointed and agreed to by all parties to serve as Future Talc Claims Representative to represent the interests of, appear and act on behalf of, and be a fiduciary to future tort claimants

- *In re: LTL Management LLC*, Case Nos.: 21-30589 and 23-12825, United States Bankruptcy Court, District of New Jersey. Court-Appointed and agreed to by all parties to serve as Future Talc Claims Representative to represent the interests of, appear and act on behalf of, and be a fiduciary to Future Talc Claimants to protect their rights and interests

**Multidistrict Litigation**

- *In re: Recalled Abbott Infant Formula Products Liability Litigation,* MDL no. 3037 (N.D. Ill. J.P.M.L.) Court-Appointed Settlement Master for mediation and allocation concerning products liability claims alleging injuries related to ingestion of contaminated infant formula

- *In re: Acetaminophen - ASD-ADHD Products Liability Litigation*, MDL no. 3043 (S.D. NY) Court-Appointed Special Master to oversee census data and collection of claims information concerning products liability claims alleging ASD and ADHD as to children born after mother ingested acetaminophen during pregnancy

- *In re: Paraquat Products Liability Litigation*, MDL No. 3004 (S.D. Ill J.P.M.L.) Court-Appointed Special Master to establish discovery protocols and schedule, maintain a database for claims in the MDL and state courts, propose methodology for selection of trial cases, and establish a framework for submission of common benefit time and expenses pertaining to litigation concerning injuries caused by exposure to the herbicide paraquat

- *In re: 3M Combat Arms Earplug Products Liability Litigation*, MDL no. 2885 (N.D. Fl. J.P.M.L.) Court-Appointed Special Master for mediating settlement concerning the use of Combat Arms Version 2 earplugs

- *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Oh. J.P.M.L.) Court-Appointed arbiter to a Fee Panel to oversee a process for allocation and distribution of the MDL Contingency Fee Fund and the Common Benefit Fund consistent with the terms of the Settlement Agreements between certain parties for fees and expenses incurred in furtherance of the opioid litigation, and serve as Trustee to the Trust created for this Fund

- *In re: Roundup Products Liability Litigation*, MDL No. 2741 (N.D. Ca. J.P.M.L.) Special Master selected by the parties for allocation concerning products liability claims alleging Non-Hodgkin Lymphoma after exposure to glyphosate-based herbicides

- *In re: Testosterone Replacement Therapy Litigation*, MDL No. 2545 (N.D. Ill. J.P.M.L.) Court-Appointed Settlement Master for mediation and allocation concerning products liability claims alleging arterial cardiovascular injuries or injuries related to blood clots in the veins as a result of taking prescription testosterone replacement therapy drugs

- *In re: Cook Medical, Inc., IVC Filters Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2570 (S.D. Id. J.P.M.L.) Special Master selected by the parties for allocation concerning products liability claims alleging injuries after IVC filter was placed in the inferior vena cava to catch blood clots

- I*n re: Sorin 3T Heater-Cooler System Products Liability Litigation*, MDL 2816 (M.D. Pa. J.P.M.L.) Court-Appointed Settlement Master for allocation of personal injury claims alleging serious infections and deaths following invasive surgeries

- *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* MDL No. 2385 (S.D. Ill. J.P.M.L.) Court-Appointed Special Master for mediation and allocation; allocated $650 million settlement fund to claimants alleging injuries related to anticoagulant pharmaceutical use; mediated and allocated MDL Common Benefit Fees and Expenses; Mediator and allocated state court settlements for CT and CA

- *In re: Coloplast Corp. Pelvic Support Systems Products Liability Litigation (Vaginal Mesh)*, MDL No. 2387 (S.D. W.Va. J.P.M.L.) Mediator concerning products liability claims arising out of vaginal mesh use; Court-Appointed Special Master to allocate aggregate settlement funds for claims against American Medical Services, Boston Scientific, CR Bard, Covidien, Ethicon, and Mentor

- *In re: DePuy Orthopaedics Inc. ASR Hip Implant Products Liability Litigation*, MDL 2197 (N.D. Oh. J.P.M.L.) Special Master selected by the parties for allocation concerning products liability claims alleging injuries after being implanted with ASR hip device

- *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La. J.P.M.L.) Court-Appointed Mediator for personal injury claims; appointed Court-Designated Neutral for resolution of various matters; developed

methodology for allocating $2.3 billion settlement fund to thousands of Gulf of Mexico seafood harvesters who alleged economic damage as a result of the BP oil rig disaster

- *In re: Yasmin and Yaz (Drosporenone) Marketing, Sales Practices and Products Litigation*, MDL No. 2100 (S.D. Ill. J.P.M.L.) Court-Appointed Mediator and Special Master concerning products liability claims arising out of contraceptive use

- *In re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. La. J.P.M.L.) Court-Appointed Mediator; secured commitments from more than 600 defendants to global settlement; assisted Special Master with allocation responsibilities for $1.1 billion in settlement for case in which homeowners alleged defendants were responsible for installation of defective drywall

- *In re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 1873 (E.D. La. J.P.M.L.) Deputy Special Master in federal Multidistrict Litigation case to allocate multiple settlement funds to several thousand claimants who alleged chemical exposure while occupying temporary housing after Hurricane Katrina

- *In re Denture Products Liability Litigation*, MDL No. 2051 (S.D. Fla. J.P.M.L.) selected by group of settling products liability plaintiffs to allocate aggregate settlement fund

**Other Federal Court Litigation**

- *In re: Aearo Technologies LLC, et al.*, Case No. 22-02890 (S.D. In.) Court-Appointed Mediator for the Chapter 11 proceedings related to use of Combat Arms Version 2 earplugs and use of 3M respirators

- *In re: Essure Birth Control Devise Products Liability Litigation*, E.D. Pa. and Ca. state court, Special Master selected by the parties for allocation concerning side effects of coils causing women to experience complications after implantation the birth control device

- *Mass Depakote Litigation*, 12-cv-52, etc. (S.D. Ill.) Court-Appointed Mediator and Special Master for settlement and allocation of claims alleging birth defects arising out of pharmaceutical use

- *Hale, et al. v. State Farm Mutual Automobile Insurance Company, et al*., 3:12-cv-660 (S.D. Ill.) Court-Appointed Mediator in class action alleging violations of the Racketeer Influenced Corrupt Organizations Act (“RICO”) and deprivation of an impartial forum

- *Suchanek, et al. v. Strum Foods, Inc. et al*., 3:11-cv-565 (S.D. Ill.) Court-Appointed Mediator to resolve and allocate attorney fee dispute in class action settlement alleging

consumer fraud and unjust enrichment

- *Medtronic Infuse Litigation* (multiple jurisdictions) Mediator for products liability claims arising out of bone graft product use; as well as Court-Appointed Special Master for allocation of aggregate settlement fund

- *McClurg et al v. Mallinckrodt, Inc. et al.*, 4:12-cv-00361 (E.D. Mo.) Court-Appointed Mediator and Special Master for settlement and allocation for consolidated actions seeking damages for injuries allegedly sustained as a result of multiple decades of exposure to hazardous, toxic, and radioactive substances

- *In re: Just For Men® Mass Tort Litigation*, 3:16-cv-00638 (S.D. Ill.) Court-Appointed Mediator Facilitator and Special Master for settlement and allocation for mass action involving claimants alleging adverse reactions and personal injuries suffered from product use

- *St. Jude Medical Spinal Cord Stimulator Products* (multiple jurisdictions) Mediator and Allocation Neutral for claims arising out of the use of spinal cord stimulator systems

- *In re: Swift Energy Company, et al.,* 13-05552 (E.D. La.) Mediator and Settlement Administrator for claims alleging property damage from oil release to oyster leases

- *Avandia Deceptive Marketing Litigation* (multiple jurisdictions) Mediator for products liability claims by certain attorneys general arising out of allegations of deceptive marketing of diabetes pharmaceutical

- *Ian Pollard, et al. v. Remington Arms Co., et al*., 4:13-00086 (W.D. Mo.) Mediator for products liability claims arising out of gun use

- *Jeff Simmons, et al. v. Sabine River Authority of Louisiana, et al*., 2:11-cv-00588 (W.D. La.) Special Master for allocation of class settlement funds to claimants who alleged that they had suffered flood damages due to the opening of a nearby dam

- *John Burford, et al. v. Cargill, Inc*., 05-0283 (W.D. La.) assisted Special Master to disburse nationwide class settlement funds to thousands of farmers in 47 states who used allegedly defective dairy feed product

**State Court Litigation**

- *Risperdal and Invega Product Liability Cases* (Pa. and Ca.) Mediator and Special Master for settlement and allocation of actions pending in state courts alleging personal injury arising out of pharmaceutical use

- *Paul Thompson, et al. v. Williams Companies, Inc*. and *Bailey, et al v. Williams Olefins, LLC, et al*., 72,701 (La. 18th J.D.C.) Mediator and Court Appointed Special Master for settlement and allocations for claims arising out of personal injuries from plant explosion

- *Noretta Thomas, et al. v. A. Wilbert & Sons, L.L.C., et al*., 55,127 (La. 18th J.D.C.) Special Master for allocation of class settlement funds to several thousands of residents of and visitors to trailer park in settlement with trailer park owner for ground water contamination claims; Court-Appointed Special Master to allocate attorneys' fees; Court-Appointed Special Master to allocate class settlement funds to several thousand landowners in settlement with chemical plant owner for chemical pollution claims

- *Toussaint Battley, Sr., et al. v. Pointe Coupee Parish Police Jury, et al.,* 41,792 (La. 18th J.D.C.) Special Master for allocation of class settlement funds to property owners damaged by flood

- *Carey C. Abbott, et al v. Waste Management, Inc., et al.,* 87,182 (La. 21st J.D.C.) Special Master for allocation of settlement funds to residents affected by environmental contamination

- *Mark S. Creech, et al. v. Acadian Ambulance Service, Inc.*, 61,236 (La. 18th J.D.C.) Court-Appointed Special Master for allocation of settlement funds to insurance policyholders in class action requesting payment reimbursement

- *Keisha Desselle, et al. v. Acadian Ambulance Service, Inc.*, 2010-5885 (La. 12th J.D.C.) Court-Appointed Special Master for allocation of settlement funds to insurance policyholders in class action requesting payment reimbursement

- *Rita H. Holzenthal, et al. v. Sewerage & Water Board of New Orleans*, 2001-16969 (La. C.D.C.) assisted Special Master to allocate settlement to persons allegedly affected by New Orleans Sewerage and Water Board project

- *Kristen M. Rhodes v. BG Estate Servs., Inc*., et al., 2001-18355 (La. C.D.C.) assisted Special Master to allocate class settlement funds to persons allegedly affected by mold exposure

- *Arthur Schexnayder, Jr., et al. v. Entergy Louisiana, Inc., et al*., 28,907 (La. 23rd J.D.C.) assisted Special Master to allocate of class settlement funds to property owners in more than 20 parishes against utility company for alleged trespass claims

- *Ivan Guidry, et al. v. City of Denham Springs*, 28,907 (La. 21st J.D.C.) assisted Court-Appointed Arbitrator to allocate settlement funds among claimants who were allegedly affected by wastewater contamination

- *In re Honeywell, July 20, 2003, Chlorine Release*, 511,626 (La. 19th J.D.C.) assisted Special Master to allocate class settlement funds to several thousand persons allegedly affected by two separate releases from chemical plant; assisted Special Master to allocate attorneys' fees

**Mass Litigation for Abuse and Harm**

- *Jane Doe#1 & Jane Doe #2 v. MG Freesites, Ltd., et al.* Case No.: 7:21-cv-00220 (N.D.A.L.) Mediator for class action arising out of claims related to child pornography
.
- *Uvalde* served as Special Master for allocations related to Robb Elementary School mass shooting wherein 19 children and 2 teachers suffered death, and many others suffered significant personal bodily injuries, physical impairment, and great physical and mental harm

- *Kurn Hattin Homes for Children* served as Special Master for settlement allocations for claims related to allegation of physical, emotional, and sexual abuse

- *Jane Doe No. 1, et al. v. The Johns Hopkins Health System Corporation, d/b/a The Johns Hopkins Hospital, et al.*, 24-C-13-00141 (Md. Baltimore City Cir. Ct.) Mediator for claims arising out of physician misconduct

Additional case information and references are available.